**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT, | § § § § | |
| Plaintiff | § | Case No. 6:20-cv-00927-ADA |
| v. | § § | |
| NEC CORPORATION, | § § | |
| Defendant | § § | |

**NEC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO
EFFECT ALTERNATIVE SERVICE ON DEFENDANT**

Defendant NEC Corporation ("NEC") hereby files this opposition to Plaintiff's Motion

for Leave to Effect Alternative Service on Defendant ("Motion").  ECF No. 8.[1]  In its Motion,

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff" or

"WSOU") requests leave to serve the summons and complaint on NEC "through its U.S.

Counsel" from another unrelated case "and/or on its U.S. subsidiary."  *Id.* at 1.  In doing so,

Plaintiff seeks leave for service by alternative means under Fed. R. Civ. P. 4(f)(3).  *Id.*  However,

Plaintiff filed its Motion before seeking waiver of service of process from NEC under Fed. R.

Civ. P. 4(d), and before the parties had conferred about these issues.[2]

Plaintiff's Motion should be denied as moot because NEC has executed a waiver of

service of process under Fed. R. Civ. P. 4(d).  (*See* Ex. 1, filed at ECF No. 10.)  Accordingly,

---

[1] NEC is specially appearing for purposes of filing this opposition, without prejudice to any of the defenses it might raise in response to Plaintiff's complaint.

[2] Plaintiff also filed its Motion seeking service by alternative means without first attempting service on NEC through already existing avenues under Fed. R. Civ. P. 4(f)(1), such as through the Hague Convention.

there is no need for the Court to authorize any alternative means for service.  Further, Plaintiff agrees that its Motion is now moot and should be withdrawn, including having filed a second pending motion seeking to withdraw its Motion.  ECF No. 9.

Upon learning that Plaintiff had filed its Motion, NEC's outside counsel reached out to Plaintiff's outside counsel to discuss that Motion and service of process.  (*See generally* Ex. 2 (correspondence between counsel).)  NEC's counsel stated that NEC was willing to waive service.  (*See id.* at 5–6.)  Plaintiff's counsel responded, agreeing that if NEC waives service of process, then Plaintiff's Motion would be moot and would be withdrawn:

> Thanks for reaching out.  We would agree to withdraw our motions for alternative service upon receiving the signed waivers from NEC in these 5 actions -- we agree that the motions would become mooted.

(*See id.* at 5)  NEC has now executed the waiver and provided it to Plaintiff's counsel, fulfilling the condition mooting Plaintiff's Motion.  (*See id.* at 1; *see also* Ex. 1, filed at ECF No. 10.) NEC therefore respectfully requests that the Court deny Plaintiff's Motion.[3]

---

[3] NEC also disputes the substance of Plaintiff's Motion and its arguments about why alternative service should be permitted.  Nonetheless, in light of the parties' agreement that Plaintiff's Motion is now moot and Plaintiff's motion to withdraw its Motion, ECF No. 9, NEC does not address the substance of Plaintiff's Motion in this Opposition.

DATED:  December 10, 2020

Respectfully submitted,

/s/ Hilda C. Galvan
Hilda C. Galvan
Lead Attorney
Texas State Bar No. 00787512
Email:  hcgalvan@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, TX  75201-1515
Telephone:  (214) 220-3939
Facsimile:   (214) 969-5100

Attorneys for specially appearing Defendant,

NEC CORPORATION

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic services on December 10, 2020.  Local Rule CV-5(b)(1).

*/s/ Hilda C. Galvan*