## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-cv-00923-ADA** |
| **DEVELOPMENT,** | § | **CIVIL ACTION 6:20-cv-00924-ADA** |
| *Plaintiff,* | § | **CIVIL ACTION 6:20-cv-00925-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00926-ADA** |
| **v.** | § | **CIVIL ACTION 6:20-cv-00927-ADA** |
| | § | |
| **NEC CORPORATION,** | § | **PATENT CASE** |
| *Defendant.* | § | |
| | § | **JURY TRIAL DEMANDED** |

## <u>AGREED PROTECTIVE ORDER</u>

WHEREAS, Plaintiff WSOU Investments LLC d/b/a Brazos Licensing and Development and Defendant NEC Corporation, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information, or information implicating privacy considerations in the Action[1];

WHEREAS, there is a possibility that documents relevant to this proceeding may contain sensitive personal information that is protected under federal, state or foreign data protection laws or regulations, or other privacy obligations;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

---

[1] "Action" means Case Nos. 6:20-cv-00923 through 6:20-cv-00927.

1.   Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts and natively produced documents) for which such protection is sought.   For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is designated as containing Protected Material.  For natively produced Protected Material, the appropriate designation shall be placed in the filename of each such natively produced document.

2.   Any document produced before issuance of this Order, including under the Court's Order Governing Proceedings, with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or the like) shall receive the same treatment as if designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," respectively, under this Order, unless and until such document is re-designated to have a different classification under this Order.

3.      With respect to documents, information, or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[2] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.      A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") may be made at any time.  Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment.   Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and

---

[2] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," both individually and collectively.

providing replacement Protected Material that is properly designated.  The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 14 herein:

(a)    Outside counsel of record in this Action for the Parties, and outside counsel retained for the purpose of this litigation.

(b)    Outside counsel's paralegals, attorneys, and staff, working at the direction of such outside counsel that are assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)    No more than two (2) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and who have read and agree to be bound by this Order.

(d)    Up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, provided that before access is given, the designated representative has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party. Either Party may in good faith request the other Party's consent to designate one  or  more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)    Outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment, at least seven (7) days before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in

writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties shall promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within seven (7) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure.  The objecting Party shall have the burden of proving the need for a protective order.  No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g)     Mock jurors[3] who have signed the Undertaking attached as Exhibit A agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.

(h)     The Court and its personnel.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material should be protected from public disclosure because such information contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.   Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies,

---

[3] The Party seeking to disclose Protected Material to mock jurors shall provide the names and addresses of those mock jurors to the Court *in camera* in order to avoid potential conflicts with the juror panel.

duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.   Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code (*i.e.*, a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator) and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"[4]), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE."

9.    For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-h); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material to in-house counsel designated pursuant to paragraph 5(c) who exercise no

---

[4]  For avoidance of doubt, "Source Code Material" and Protected Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" do not include (1) file names and function names associated with the source code made available for inspection; or (2) variable names associated with the source code made available for inspection.  The two foregoing categories of information shall be designated as "HIGHLY CONFIDENTIAL – CONTAINS SOURCE CODE FILE NAMES, FUNCTION NAMES, AND/OR VARIABLE NAMES."

competitive decision-making authority on behalf of the client and reasonably require access to such information.

10.     For Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided using up to three secure review computers provided by the producing Party, where the Source Code production applicable to each of the above-captioned cases is accessible from each of the three review computers.  If a Party's Source Code is provided on the review computers, each review computer shall be a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) equipped with two display screens or monitors of a size of at least nineteen (19) inches, a full-size keyboard, and a mouse.  Each review computer may, at the election of the receiving Party, (i) be connected to a printer, and/or (ii) have the capability of printing Source Code to PDF format to be saved on the review computer, so that any such printouts or PDF files can be retrieved by the producing Party at a time to be identified by the receiving Party, and then Bates stamped by the producing Party and timely produced to the receiving Party, in accordance with paragraph 10(h) below. Each review computer shall, at the receiving Party's request, include reasonable analysis tools for the type of Source Code Material provided thereon.  The receiving Party shall be responsible for providing tools or licenses to tools that it wished to use so that the producing Party may install such tools on the review computers.  Additionally, except as provided in paragraph 10(k) below, the review computers may only be located at the Silicon Valley offices of the producing Party's outside counsel or as otherwise agreed.  Should the need arise due to a public health emergency, state, local, or national social distancing restrictions or travel restrictions, which hinder the source code review, the Parties shall meet and confer in good faith to discuss the feasibility of making the source code machines available in a location that would allow source code review to occur.  The Producing Party will make the aforementioned source code machines available at a law firm office within a reasonable distance of the opposing party's expert or law firm.  If a law firm office is not available within a reasonable distance of the opposing party's expert or law firm, the Producing Party will make its source code machine available at the nearest agreed-upon facility to opposing party's expert or law firm, at the Receiving Party's expense.

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the review computers to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the review computers outside of normal business hours.   Requests for access shall be made three (3) business-days' notice for the initial inspection of the Source Code Materials.  Any single inspection may span multiple days based on the same notice.  The Parties

shall cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the review computers in order to access the produced Source Code Material on the review computers.  All persons viewing the Source Code Material review computers shall sign on each day they view the Source Code Material review computers a log that will include the names of persons who enter the room to view the Source Code Material review computers and when they enter and depart.

(d)    The producing Party will produce Source Code Material in computer searchable format on the review computers as described above, and shall install on the review computers reasonable analysis tools appropriate for the type of Source Code Material.  Specific tools may include but are not limited to the following:  SciTools Understand, SlickEdit, Eclipse, UltraEdit, Android Studio, Microsoft Visual Studio, Notepad++, Beyond Compare, and a standard PDF application.  The producing Party shall have the burden to move the Court and show that a tool provided by the receiving Party is not a reasonable analysis tool appropriate for the type of Source Code Material.  The reviewing Party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code Material.  The producing Party shall not install any keystroke or other monitoring software on any review computer.  The producing Party may visually monitor, through a glass window from outside of the review room in way that does not interfere with the review and does not reveal work product of the receiving party, the activities of the reviewing Party's representatives during any Source Code Material review, but only to ensure that no unauthorized electronic records of the Source Code Material are being created or transmitted in any way.  The producing Party may not videotape the activities of the reviewing Party's representatives during any Source Code Material review.

(e)    Access to Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[5] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a

---

[5] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's staff and other support personnel, working at the direction of such outside consultant or expert, and as such, the disclosure to a consultant or expert's staff and other support persons shall count as a disclosure to a single consultant or expert.  Each such staff member or support personnel working at the direction of and directly reporting to such outside consultant or expert who will access Source Code Material must complete the Undertaking attached as Exhibit A and comply with the disclosures required by paragraph 5(e) above.  For clarity, such outside consultant or expert's secretarial and administrative staff members and support personnel are excepted.

Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above.  No electronic devices, recordable media or recordable devices shall be permitted in the secure room, including without limitation computers, peripheral equipment, laptops, CDs, DVDs, floppy drives, zip drives, drives of any kind, cellular telephones, personal digital assistants, Blackberries, cameras, voice recorders, Dictaphones, or telephone jacks.  Nor shall any non-electronic devices capable of similar functionality be permitted in the secure room.  The reviewing Party shall be provided with a secure location near the Source Code Material review room to store their cellular telephones etc. and to make phone calls.  During review of HIGHLY CONFIDENTIAL – SOURCE CODE, the receiving Party (including its outside counsel, consultants and experts) shall be entitled to take notes relating to the HIGHLY CONFIDENTIAL – SOURCE CODE but may not copy more than ten (10) consecutive lines of the HIGHLY CONFIDENTIAL – SOURCE CODE into the notes.  No copies of all or any portion of the HIGHLY CONFIDENTIAL – SOURCE CODE may leave the room in which the HIGHLY CONFIDENTIAL – SOURCE CODE is inspected except as otherwise provided herein.  Further, no other written or electronic record of the HIGHLY CONFIDENTIAL – SOURCE CODE is permitted except as otherwise provided herein.   A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

(f)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE.

(g)     Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

(h)     The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material.  In that regard, the receiving Party may request to print limited portions of Source Code Material when (1) reasonably necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report), (2) necessary for depositions, or (3) otherwise necessary for the preparation of its case.  The receiving Party shall maintain a log of all such files that are printed or photocopied.  Upon printing any such portions of Source Code Material, the printed pages shall be collected by the producing Party.  The producing Party shall Bates number, copy, and label "HIGHLY CONFIDENTIAL – SOURCE CODE" any pages printed by the receiving Party.

As soon as possible, but no later than three (3) business days, the producing Party shall send either (i) send one copy set of such pages to the receiving Party, for next business day deliver or (ii) before the end of the next business day, inform the receiving Party in writing that it objects that the printed portions are excessive and/or not done for a permitted purpose.  The Parties shall meet and confer within two (2) business day of any such objection.  If after meeting and conferring the Producing Party and the receiving Party cannot resolve the objection, the objections may be submitted to the Court for resolution within three (3) business days of the meet and confer.  The producing Party shall have the burden to move the Court and show that the printed portions are excessive and/or not done for a permitted purpose.  Contested source code printouts need not be produced to the receiving Party until the matter is resolved by agreement or Court order, provided however that the producing Party's failure to submit its objections to the Court for resolution within the time prescribed above shall be deemed a waiver of those objections, and the requested printouts must be provided within four (4) business days of the meet and confer.  Otherwise, the producing Party shall provide copies of all printouts within three (3) business days of printing.  The receiving Party's outside counsel of record may make no more than ten (10) additional paper copies of any portions of the Source Code Material received from a producing Party, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the receiving Party shall maintain a log of all such files that are printed or photocopied.

(i)     Except as otherwise provided herein, absent express written permission from the producing Party, the receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code Material from any paper copy of the Source Code Material for use in any manner (including by way of example only, the receiving Party many not scan the Source Code Material to a PDF or photograph the code) except in preparation for or in connection with: (i) filing (under seal) and service of papers, motions, and pleadings; (ii) expert reports; and (iii) a hearing or trial in the Action.  Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such.

(j)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.  The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceeding(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition).

(k)     A producing Party's Source Code Material may only be transported by the

receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.  Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraphs 10(i-j) above and is at all times subject to the transport restrictions set forth herein.  For those purposes only, the Source Code Materials may be stored on a review computer.  The producing Party shall, on request, make one of the review computers containing the Source Code Material, or a secure laptop computer containing the Source Code Material, available at depositions of witnesses who would otherwise be permitted access to the review computers.  The receiving Party shall make such requests ten (10) calendar days before the deposition.  A producing Party shall make reasonable efforts to comply with such a request made less than ten (10) calendar days before a deposition, provided the request is made in good faith and could not reasonably under the circumstances have been made sooner.

11.    Anyone who accesses, reviews, or otherwise learns, in whole or in part, the other Party's technical information (excluding financial data or non-technical business information) designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE under this Order (collectively "HIGHLY SENSITIVE MATERIAL"), shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one (1) year after its conclusion, including any appeals or two (2) years after such person last reviewed the HIGHLY SENSITIVE MATERIAL, whichever is earlier.  These prohibitions shall not preclude Plaintiff's litigation counsel from participating in any *inter partes* review, CBM, or post-grant review proceedings, provided there is no attempt to amend any claims in the proceedings by any counsel for patent owner during the course of the proceedings.  For the avoidance of doubt, these prohibitions shall not preclude Defendant's litigation counsel

from participating in any *inter partes* review, CBM, or post-grant review proceedings.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patents-in-suit.

12. Each Party may designate for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, any information that it reasonably believes to be subject to federal, state or foreign data protection laws or regulations or other privacy obligations ("Personal Data").  Personal Data constitutes sensitive materials requiring special protection.  Examples of such data protection laws or regulations or privacy obligations include, without limitation, The Gramm-Leach-Biley Act, 15 U.S.C. § 6801 et seq. (financial information); The Health Insurance Portability and Accountability Act ("HIP AA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information); Regulation (EU) 2016/679 of the European Parliament and of the Council of 27 April 2016 on the Protection of Natural Persons with Regard to the Processing of Personal Data and on the Free Movement of Such Data, also known as the General Data Protection Regulation ("GDPR").

13. Personal Data shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "PERSONAL DATA."  Such materials shall also be marked "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."  Notwithstanding the provisions of this Order, Parties may redact from any document any Personal Data.  The parties agree that productions of Personal Data may

require additional safeguards pursuant to federal, state or foreign data protection laws or regulations or other privacy obligations and will meet and confer to implement these safeguards if and when needed.

14.   Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.   Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or any other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material.   The recipient(s) shall immediately gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.  After notice is provided, no use shall be made of such material during deposition or at trial, or for any other purpose or in any other manner, nor shall such material be shown to anyone except as necessary to facilitate the return or destruction of such documents or information.  If any such inadvertently produced material has been used in any other document generated in connection with the Action, including deposition

transcripts, exhibits, and court filings, to the extent reasonably possible, the material shall be expunged or destroyed.  The producing Party shall include the documents in a privilege log identifying such inadvertently produced or disclosed documents.  The receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed privileged documents or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log) in any way in connection with any such motion.  Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information.  To the extent that a receiving Party receives information or items from a producing Party that the receiving Party believes may have been inadvertently disclosed, the receiving Party shall inform the producing Party and suspend review of such information or items for five (5) business days subject to the producing Party's response.

15.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

16.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is:  (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the

designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.   DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

18.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.   The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the

caption and conspicuously on each page of the filing.    Exhibits to a filing shall conform to the labeling requirements set forth in this Order.    If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.    The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.  Any party planning to disclose and/or rely upon DESIGNATED MATERIAL in any court proceeding must provide notice to the producing Party prior to disclosing such materials to allow the producing Party an opportunity to request that the Court seal the courtroom and/or to seek other appropriate relief from the Court to prevent the public disclosure of DESIGNATED MATERIAL.  Alternatively, if such notice has not and cannot reasonably be provided, the party planning to disclose and/or rely upon DESIGNATED MATERIAL in such a proceeding must request that the Court seal the courtroom.

20.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.    If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.    Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.    Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.    In making such

application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Exhibit A.

22.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information, or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

24.     Even after final disposition of this litigation, the confidentiality obligations imposed by this

Order shall remain in effect until the designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Within thirty (30) days of final disposition of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed.   The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.  Nothing in this order requires a Party to destroy any information it is required by law to retain.  The Parties shall not be required to delete information that may reside on electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible.  However, the Parties and their counsel shall not retrieve, access, nor use any DESIGNATED MATERIAL from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the matter.

25.    The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.   The entry of this Order and/or the production of documents, information, and

material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26.   Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.   Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27.   Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information, and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

28.   If any person subpoenas or orders production of any DESIGNATED MATERIAL that a Party has obtained under the terms of this Order, such Party shall promptly notify the producing Party of the pendency of the subpoena or order and shall not produce the information until the producing Party has had reasonable time, and in no event less than ten (10) business days, to object or take other appropriate steps to protect the information, except that nothing in this paragraph precludes the receiving Party from complying with any court order or from otherwise complying with its obligations under the subpoena or order.

29.   Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial

privilege.

30.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-cv-00923-ADA** |
| **DEVELOPMENT,** | § | **CIVIL ACTION 6:20-cv-00924-ADA** |
| *Plaintiff,* | § | **CIVIL ACTION 6:20-cv-00925-ADA** |
| | § | **CIVIL ACTION 6:20-cv-00926-ADA** |
| **v.** | § | **CIVIL ACTION 6:20-cv-00927-ADA** |
| | § | |
| **NEC CORPORATION,** | § | **PATENT CASE** |
| *Defendant.* | § | |
| | § | **JURY TRIAL DEMANDED** |

**EXHIBIT A
UNDERTAKING REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.   My address is _____.

   My current employer is _____.

   My current occupation is _____.

2.   I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.   I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4.   Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed, or destroy the same if alternatively instructed to do so by the outside counsel.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____