# EXHIBIT B

# Yothers, Stuart W.

| | |
|---|---|
| **From:** | Jeffrey Gunnell <Jeffrey_Gunnell@txwd.uscourts.gov> |
| **Sent:** | Thursday, September 2, 2021 9:57 AM |
| **To:** | Yothers, Stuart W.; WSOU v. NEC; NEC-WSOU-Team; mark waltfairpllc.com |
| **Subject:** | Re: WSOU v. NEC - Case Nos. 6:20-cv-00923 - 00927 - Markman Briefing Guidance |

**\*\* External mail \*\***

Stuart,

My apologies for the confusion and thank you for reaching out for clarification. The Court will allow 16 terms. Again, my apologies for the typo.

Please reach out with any questions,



**Jeffrey R. Gunnell**
Law Clerk to the Honorable Alan D Albright
United States District Court, Western District of Texas
Direct: 254-750-1520

Get Outlook for iOS

**From:** Yothers, Stuart W. <syothers@jonesday.com>
**Sent:** Thursday, September 2, 2021 8:42:47 AM
**To:** Jeffrey Gunnell <Jeffrey_Gunnell@txwd.uscourts.gov>; WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** RE: WSOU v. NEC - Case Nos. 6:20-cv-00923 - 00927 - Markman Briefing Guidance

**CAUTION - EXTERNAL:**

Dear Mr. Gunnell,

Thank you for your email. As your email refers to both 16 terms and 18 terms, could you please clarify for us if the Court is permitting briefing on 16 terms or 18 terms?

Thanks and best regards,
Stuart

Stuart W. Yothers (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY  10281-1047
Office +1.212.326.3893

1

**From:** Jeffrey Gunnell <Jeffrey_Gunnell@txwd.uscourts.gov>
**Sent:** Wednesday, September 1, 2021 4:04 PM
**To:** WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>; mark waltfairpllc.com <mark@waltfairpllc.com>
**Subject:** Re: WSOU v. NEC - Case Nos. 6:20-cv-00923 - 00927 - Markman Briefing Guidance

** External mail **

Good afternoon Counsel,

By way of introduction, my name is Jeffrey Gunnell and I am one of Judge Albright's new clerks that will be handling your case moving forward. I look forward to working with each of you. The Court has reviewed your issue and orders as follows:

In this situation, the Court will allow 16 terms, allot 45 pages for the Opening/Responsive briefing, and permit 25 pages for Reply/Sur-Reply. While the Court understands Defendant's concerns regarding the desired 35 means plus function terms, 18 terms is well beyond the presumed limits for more than 5 patents. Each discrete means plus function term will count as one term. The Court does not group means plus function terms. While Plaintiff is asserting a large number of means plus function claims, in the Court's experience, many of those claims are dependent claims.

Regarding the deadline, the parties are to meet and confer for a briefing schedule, with an understanding that the Court will not move the Joint Claim Construction Statement deadline on November 10, 2021.

Please reach out with any questions,



**Jeffrey R. Gunnell**
Law Clerk to the Honorable Alan D Albright
United States District Court, Western District of Texas
Direct: 254-750-1520
Jeffrey_Gunnell@txwd.uscourts.gov

---

**From:** Yothers, Stuart W. <syothers@jonesday.com>
**Sent:** Wednesday, September 1, 2021 10:02 AM
**To:** mark waltfairpllc.com <mark@waltfairpllc.com>; TXWDml_LawClerks_WA_JudgeAlbright <TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov>
**Cc:** WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>
**Subject:** RE: WSOU v. NEC - Case Nos. 6:21-cv-00923 - 00927 - Markman Briefing Guidance

**CAUTION - EXTERNAL:**

Dear Law Clerks:

2

In view of this Friday's briefing deadline, and to ensure that the parties submit briefs in accordance with the Court's wishes, the parties jointly request an additional week for NEC to serve its opening claim construction brief so that the briefing limits can be resolved ahead of time.  In addition, to streamline the disputed issues for the Court, NEC has agreed that the disputed terms can be addressed in a single brief if appropriate pages are added to address the means-plus-function issues.  Accordingly, the remaining disputed claim construction briefing issues are as follows:

- **Length of briefing:**
    - WSOU's position:  Opening/Responsive – 40 pages; Reply/Sur-Reply – 20 pages
    - NEC's position:  Opening/Responsive – 60 pages; Reply/Sur-Reply – 30 pages
- **Number of claim terms that may by briefed:**
    - WSOU's position:  No more than 15 claims terms, and not the 47 terms NEC seeks to construe.
    - NEC's position:  8 terms that the parties agree are not means-plus-function terms; and 35 means-plus-function-related disputes (discussed in more detail below).

Counsel for the parties are available for a teleconference to discuss these issues at the Court's convenience, if the Court would find doing so helpful in clarifying the issues and more expeditiously resolving the question of briefing and term limits, as well as the time for filing briefs.

Respectfully submitted,
Stuart Yothers
Counsel for NEC Corporation

Stuart W. Yothers (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY  10281-1047
Office +1.212.326.3893

---

**From:** mark waltfairpllc.com <mark@waltfairpllc.com>
**Sent:** Thursday, August 26, 2021 12:47 PM
**To:** TXWDml_LawClerks_WA_JudgeAlbright <TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov>
**Cc:** WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>
**Subject:** WSOU v. NEC - Case Nos. 6:21-cv-00923 - 00927 - Markman Briefing Guidance

**\*\* External mail \*\***

Dear Law Clerks:

I write on behalf of Plaintiff WSOU Investments, LLC and Defendant NEC Corporation to request guidance from the Court regarding the number of claim terms to be construed, as well as appropriate brief limits, to which the parties have been unable to agree.  The parties' positions on the issues are set forth below:

**WSOU's Position:**

WSOU requests that the five cases be consolidated for the purposes of the *Markman* briefing, as this Court has ordered in multiple cases involving WSOU. *See, e.g., WSOU v. Google*, 6:20-cv-00571-585; *WSOU v. Dell*, 6:20-cv-473 – 482. WSOU initially proposed a single brief of 35 pages and 12 terms. NEC rejected the offer insisting on a one brief of 60 pages with no defined limit on terms. Seeking to avoid Court involvement, WSOU again offer a compromise position of 40 pages and 15 terms. NEC rejected this compromise. Such a proposal is consistent with the OGP, and provides NEC additional pages and terms that are within reasonable limits. As the Court is well aware, a five patent case has a

presumed limit of 10 terms and 30 pages, and the cases WSOU filed against NEC should be treated no differently. Currently, NEC has identified over 50 claim terms for construction, well above the limits established by the OGP (even if the Court were to permit five separate briefs of eight terms each). Moreover, NEC's argument that the 32 alleged Means-Plus-Function terms it identified can be "grouped" down to 11 groups is untenable, as NEC intends to argue that each of these terms lack sufficient structure and are therefore indefinite, despite the fact the terms use different words/phrases and are located in different claims. This attempt to "group" is nothing more than a grasp for more claim terms to brief, and should be rejected. WSOU respectfully requests the Court order NEC to reduce its terms and for the Court to adopt WSOU's briefing proposal.

**NEC's Position:**

NEC of course recognizes the need for reasonable limits on the number of claim terms for construction and related briefing, and the Court's authority to set these limits.  NEC respectfully submits that its proposal meets this requirement, as explained below, which will most fairly and clearly present the issues that must be decided by the Court.  On the other hand, WSOU's across-the-board 15 claim term limit seeks to rigidly apply procedural limits on the number of disputed claim terms and briefing pages, improperly transforming those limits into substantive leverage that prevents NEC from presenting certain disputes—and, in effect, preventing NEC from disputing WSOU's claim construction positions.  To explain, WSOU has filed five cases, each having five different patents and unrelated technologies.  For four of those cases, NEC has proposed to construe claim terms as follows:

- Case No. 6:20-cv-923 asserting U.S. Patent No. 7,577,103 ("the '103 patent"): **No terms for construction.**
- Case No. 6:20-cv-924 asserting U.S. Patent No. 7,885,398 ("the '398 patent"): **Only 3 terms for construction.**
- Case No. 6:20-cv-925 asserting U.S. Patent No. 8,041,017 ("the '017 patent"): **Only 5 terms for construction, all of which include "means" and must therefore be construed** as a matter of law under 35 U.S.C. § 112, ¶6.  Last night, WSOU conceded that these 5 terms are subject to § 112, ¶6.  We continue to confer with WSOU on whether we can reach agreed constructions for those terms in light of this concession.
- Case No. 6:20-cv-927 asserting U.S. Patent No. 9,065,918 ("the '918 patent"): **Only one term for construction.**

As a result, for four of the five cases filed by WSOU, NEC proposes construing **only 4 non-means plus function terms**, as well as 5 additional terms that are subject to § 112, ¶6, for a total of 9 terms.  NEC respectfully submits that this is plainly reasonable.  NEC has not identified an excessive number of terms in any of these four cases.  WSOU does not specifically address the number of claim terms on a case-by-case, patent-by-patent basis, or otherwise dispute that the above is reasonable.  Further, NEC submits that the easiest way to present the claim construction issues for these four cases and their 4 patents is in a single brief, with opening and response briefs of 30 pages, and reply and sur-reply briefs of 15 pages.  These are the default limits under the OGP for briefs addressing 3 or more patents.

The remaining, outlier case is Case No. 6:20-cv-926 asserting U.S. Patent No. 8,103,213 ("the '213 patent").  In this case, WSOU tactically chose to assert patent claims having 13 terms beginning with "means for …," and which WSOU does not dispute are subject to 35 U.S.C. § 112, ¶6.  Determination of the corresponding structure and function for these terms is a question of law for resolution by this Court during claim construction.  *Kemco Sales, Inc. v. Control Papers Co.*, 208 F.3d 1352, 1360 (Fed. Cir. 2000).  Further, each of these terms has 20 other counterpart terms from other claims that WSOU has also asserted.  These 20 other terms begin with either "computer program code being configured to …" or "the processor being configured to …," followed by reciting the same or similar functions as the 13 "means for …" terms that must be construed.  This Court has previously held that at least claims directed to "computer program code configured to" are governed by 35 U.S.C. § 112, ¶6, *Dyfan, LLC v. Target Corp.*, 2020 WL 8617821, at *5–7 (W.D. Tex. Nov. 25, 2020) (Albright, J.), which is NEC's position here.  WSOU disagrees, but nonetheless, all of these terms must be construed as well in the event that they are subject to § 112, ¶6, as NEC asserts.  *Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n*, 161 F.3d 696, 702 (Fed. Cir. 1998).  Because of the overlap in claimed functions, these additional "computer program code being configured to" and "the processor being configured to" terms do not create 20 additional issues for construction.  Instead, these 20 additional terms present very similar construction issues as the "means for" terms that the Court must already address, as WSOU concedes, with the only additional issue being the threshold question of whether these terms are also subject to 35 U.S.C. § 112, ¶6 as NEC asserts, but WSOU disputes.  The Court's also

addressing that threshold issue will not significantly multiply the issues for resolution by the Court.  Indeed, all of these terms can be analyzed efficiently in 11 groups (not as 32 unique terms), and NEC's brief will address these similar limitations together in these 11 groups—not as 32 individual terms.  **Regarding non-§ 112, ¶6 terms, NEC seeks to construe only 5 additional terms in the '213 patent**, which again is reasonable.  NEC should not be penalized by being forced to drop claim terms reasonably in dispute for claim construction due to WSOU's tactical choice to assert a large number of claims with terms subject to § 112, ¶6.  Of course, NEC would welcome WSOU dropping these § 112, ¶6 claims, which would substantially reduce the disputed claim construction issues that must be presented to the Court, but to date WSOU unfortunately has declined to do so.  Because the '213 patent issues are unique, particularly given the large number of § 112, ¶6 terms including their "computer program code being configured to" and "the processor being configured to" terms, NEC has proposed submitting a separate claim construction brief on only the '213 patent.  Given the number of '213 patent terms, NEC respectfully requests 30 pages for opening/response briefs and 15 pages for reply/sur-reply briefs for the '213 patent, and submits there is good cause for this small increase given the claims that WSOU has chosen to assert.  If, instead, the Court would like a single brief covering all five asserted patents, including the '213 patent, then NEC respectfully proposes one 60 page opening/responsive brief, and one 30 page reply/sur-reply per party.  Finally, NEC notes that it asserts a large number of both the § 112, ¶6 terms and non-§ 112, ¶6 terms are indefinite.  A finding of indefiniteness as to a subset of these terms may obviate the need for the Court to then address all of these terms.  Nonetheless, NEC must present its construction positions on all of these terms to the Court given the legal requirements of § 112, ¶6.


Sincerely,

Mark Siegmund
Counsel for WSOU Investments, LLC

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.