# EXHIBIT D

**Yothers, Stuart W.**

| | |
|---|---|
| **From:** | mark waltfairpllc.com <mark@waltfairpllc.com> |
| **Sent:** | Monday, September 20, 2021 12:21 PM |
| **To:** | Yothers, Stuart W. |
| **Cc:** | Buxton, Christopher A.; Hershy Stern; Kalish, Yury; Heather Kim; Jack Shaw; WSOU v. NEC; NEC-WSOU-Team; Joshua A. Whitehill |
| **Subject:** | RE: WSOU v NEC: Exchange of claim constructions |
| **Attachments:** | Re: WSOU v. NEC - Case Nos. 6:20-cv-00923 - 00927 - Markman Briefing Guidance |

** External mail **

Stuart,

Here is the email we propose we send to the Court. Please fill in your position as soon as possible.

Sincerely,

Mark

**Proposed Email**

Dear Jeffrey,

I am writing on behalf of WSOU Investments, LLC and NEC. The Parties have a dispute about NEC's "Appendix A," a filing it submitted with its opening claim construction brief. Because WSOU's Responsive Brief is due October 5, 2021, we ask for the Court's consideration on the issue as soon as possible. The Parties' positions on the issue are briefly set forth below:

**WSOU's Position:**

On September 1, 2021, the Court _**ordered**_ NEC's opening claim construction brief to address no more than 16 terms and be no longer than 45 pages. _See attached email_. Disregarding the Court's order and attempting to shoe-horn in an additional brief, NEC filed an approximately 30-page supplemental brief (Appendix A) and an additional supporting declaration (Appendix B) regarding dozens of additional claim terms not addressed in NEC's opening brief. NEC's attempt to obtain additional pages and terms is completely improper and in disregard of the Court's order and the Court's OGP. In light of the Court's ruling, WSOU should not have to devote its time and resources to responding to NEC's unauthorized brief, especially when it needs to focus on responding to NEC's Court-authorized opening brief.  NEC's statement in Appendix A that it does not "assert or expect that WSOU need respond to this appendix and NEC's constructions of these additional § 112, ¶ 6 terms at this time, including not having to do so in WSOU's responsive claim construction brief" is plainly insufficient to remedy the extreme prejudice to WSOU imposed by NEC's violation of the Court's order.

WSOU respectfully requests that the Court formally strike both Appendix A (Dkt. 29-19) and Appendix B (Dkt. 29-19).

**NEC's Position:**

**From:** Joshua A. Whitehill <JWhitehill@kasowitz.com>
**Sent:** Monday, September 20, 2021 8:30 AM
**To:** Yothers, Stuart W. <syothers@jonesday.com>
**Cc:** mark waltfairpllc.com <mark@waltfairpllc.com>; Buxton, Christopher A. <cbuxton@jonesday.com>; Hershy Stern <HStern@kasowitz.com>; Kalish, Yury <ykalish@jonesday.com>; Heather Kim <HKim@kasowitz.com>; Jack Shaw <JShaw@kasowitz.com>; WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>
**Subject:** RE: WSOU v NEC: Exchange of claim constructions

Stuart,
We will be on the line at 10:00 Eastern this morning.
Josh

**From:** Yothers, Stuart W. [mailto:syothers@jonesday.com]
**Sent:** Sunday, September 19, 2021 7:31 PM
**To:** Joshua A. Whitehill <JWhitehill@kasowitz.com>
**Cc:** mark waltfairpllc.com <mark@waltfairpllc.com>; Buxton, Christopher A. <cbuxton@jonesday.com>; Hershy Stern <HStern@kasowitz.com>; Kalish, Yury <ykalish@jonesday.com>; Heather Kim <HKim@kasowitz.com>; Jack Shaw <JShaw@kasowitz.com>; WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>
**Subject:** RE: WSOU v NEC: Exchange of claim constructions

Josh:

We're happy to talk at 10:00 AM ET on Monday.

As noted in the appendices, we do not expect WSOU to respond to the appendices at this time and we will not oppose WSOU doing so at an appropriate time if the case is to proceed to trial.

We'll discuss on Monday, but NEC is not withdrawing the appendices, which make clear their purpose.

Thanks,

Stuart W. Yothers (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY  10281-1047
Office +1.212.326.3893

**From:** Joshua A. Whitehill <JWhitehill@kasowitz.com>
**Sent:** Friday, September 17, 2021 9:16 PM
**To:** Yothers, Stuart W. <syothers@jonesday.com>
**Cc:** mark waltfairpllc.com <mark@waltfairpllc.com>; Buxton, Christopher A. <cbuxton@jonesday.com>; Hershy Stern <HStern@kasowitz.com>; Kalish, Yury <ykalish@jonesday.com>; Heather Kim <HKim@kasowitz.com>; Jack Shaw <JShaw@kasowitz.com>; WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>
**Subject:** RE: WSOU v NEC: Exchange of claim constructions

** External mail **

Counsel:

We write regarding NEC's opening claim construction submission.  As you are of course aware, the Court ruled that each side gets 45 pages to brief a maximum of 16 disputed claim terms in their opening/responsive briefs.  Contrary to the Court's ruling, however, NEC has without warning filed an approximately 30-page supplemental brief (Appendix A) and an additional supporting declaration (Appendix B) regarding dozens of additional claim terms that were not addressed in NEC's 44-page opening brief.  In light of the Court's ruling, WSOU should not have to devote its time and resources to responding to NEC's unauthorized brief, especially when it needs to focus on responding to NEC's Court-authorized opening brief.  NEC's statement in Appendix A that it does not "assert or expect that WSOU need respond to this appendix and NEC's constructions of these additional § 112, ¶ 6 terms at this time, including not having to do so in WSOU's responsive claim construction brief" is plainly insufficient to remedy the extreme prejudice to WSOU imposed by NEC's violation of the Court's order.

Please confirm that NEC will immediately withdraw its supplemental brief (Appendix A) and its supplemental supporting declaration (Appendix B).  If you refuse, we will seek to strike NEC's unauthorized and highly prejudicial claim construction briefing, and seek costs.  We are available to meet and confer this Monday, September 20, at 10 am Eastern (9:00 am Central).  Please confirm your availability.  The parties can use the following dial-in:

> 646-558-8656 or 888-475-4499 (US toll-free)
> Meeting ID: 870 7874 9273
> Passcode: 591891
> One tap mobile:   +16465588656,,87078749273# US (New York)

Regards,
Josh

---

**From:** Yothers, Stuart W. [mailto:syothers@jonesday.com]
**Sent:** Friday, September 3, 2021 5:13 PM
**To:** Joshua A. Whitehill <JWhitehill@kasowitz.com>
**Cc:** mark waltfairpllc.com <mark@waltfairpllc.com>; Buxton, Christopher A. <cbuxton@jonesday.com>; Hershy Stern <HStern@kasowitz.com>; Kalish, Yury <ykalish@jonesday.com>; Heather Kim <HKim@kasowitz.com>; Jack Shaw <JShaw@kasowitz.com>; WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>
**Subject:** RE: WSOU v NEC: Exchange of claim constructions

Counsel:

The following terms will be addressed in NEC's opening claim construction brief:

> "load balancing" ('398 patent, cls. 1, 10 and 13);
> "service category criterion" ('398 patent, cls. 1, 10 and 13);
> "calling means" ('017 patent, cl. 8);
> "during the voice call" ('918 patent, cl. 18);
> "at least one of supported communication transport configuration information for the [at least one other] apparatus, power status information for the [at least one other] apparatus, processing load information for the [at least one other] apparatus, communication load information for the [at least one other] apparatus, proximate interference information for the [at least one other] apparatus and user preferences configured in the [at least one other] apparatus" ('213 patent, cls. 1, 8, and 22–26);
> "communication load information for the [at least one other] apparatus" ('213 patent, cls. 1, 8, and 22–26);
> "power status information" (cls. 1, 8, and 22–26);
> "proximate interference information for the [at least one other] apparatus" (cls. 1, 8, and 22–26);
> "computer program code configured to formulate a configuration in the apparatus, the configuration being based on the remote characteristic information and the local characteristic information" ('213 patent, cl. 8);

"means for formulating a configuration in the apparatus, the configuration being based on the remote characteristic information and the local characteristic information" ('213 patent, cl. 22);

"computer program code configured to implement the configuration in the apparatus" ('213 patent, cls. 8 and 24);

"means for implementing the configuration in the apparatus" ('213 patent, cls. 2 and 26);

"a processor, the processor being configured to . . . implement the configuration in the apparatus" ('213 patent, cl. 25);

"computer program code configured to establish communication [between the apparatus and at least one other apparatus] in accordance with the configuration" ('213 patent, cls. 8 and 24);

"means for establishing communication [between the apparatus and at least one other apparatus] in accordance with the configuration" ('213 patent, cls. 2 and 26);

"a processor, the processor being configured to . . . establish communication in accordance with the configuration" ('213 patent, cl. 25);

Thanks,

Stuart W. Yothers (bio)
Partner
JONES DAY® - One Firm Worldwide℠
250 Vesey Street
New York, NY  10281-1047
Office +1.212.326.3893

---

**From:** Joshua A. Whitehill <JWhitehill@kasowitz.com>
**Sent:** Wednesday, September 1, 2021 7:17 PM
**To:** Yothers, Stuart W. <syothers@jonesday.com>
**Cc:** mark waltfairpllc.com <mark@waltfairpllc.com>; Buxton, Christopher A. <cbuxton@jonesday.com>; Hershy Stern <HStern@kasowitz.com>; Kalish, Yury <ykalish@jonesday.com>; Heather Kim <HKim@kasowitz.com>; Jack Shaw <JShaw@kasowitz.com>; WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>
**Subject:** RE: WSOU v NEC: Exchange of claim constructions

** External mail **

Stuart,

Below is a proposed amended Markman briefing schedule for your consideration.  Please let us know if this schedule works for you.  In addition, by the close of business this Friday, Sept. 3, please identify the 16 claim terms that NEC will be briefing.

| Event | Current Date | Proposed New Date |
|---|---|---|
| Defendant files Opening claim construction brief, including any arguments that any claim terms are not indefinite. | Friday, September 3, 2021 | Friday, September 10, 2021 |
| Plaintiff files Responsive claim construction brief. | Friday, October 1, 2021 | Tuesday, October 5, 2021 |
| Defendant files Reply claim construction brief. | Friday, October 22, 2021 | Unchanged |
| Plaintiff files a Sur-Reply claim construction brief. | Friday, November 5, 2021 | Unchanged |
| Parties submit optional technical tutorials to the Court | Tuesday, November 9, 2021 | Unchanged |

| and technical adviser (if appointed). | | |
|---|---|---|
| Parties submit Joint Claim Construction Statement. See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). | Wednesday, November 10, 2021 | Unchanged |

Thanks,
Josh

---

**From:** Yothers, Stuart W. [mailto:syothers@jonesday.com]
**Sent:** Wednesday, September 1, 2021 6:28 PM
**To:** Joshua A. Whitehill <JWhitehill@kasowitz.com>
**Cc:** mark waltfairpllc.com <mark@waltfairpllc.com>; Buxton, Christopher A. <cbuxton@jonesday.com>; Hershy Stern <HStern@kasowitz.com>; Kalish, Yury <ykalish@jonesday.com>; Heather Kim <HKim@kasowitz.com>; Jack Shaw <JShaw@kasowitz.com>; WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>
**Subject:** RE: WSOU v NEC: Exchange of claim constructions

All:

We continue to operate under our agreement to extend the due date for NEC's opening claim construction brief to next Friday, September 10. It appears that only minor adjustments will be needed to maintain the November 10 JCCS date. Please let us know your proposal for adjusting the remaining dates, and we'll work through that with you promptly.

We acknowledge receipt of your inquiries about the draft protective order and other discovery matters, and we'll get back to you as soon as we are able.

Thanks,

Stuart W. Yothers
Partner
JONES DAY® - One Firm Worldwide℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893


-----Original Message-----
From: Joshua A. Whitehill <JWhitehill@kasowitz.com>
Sent: Wednesday, September 1, 2021 10:50 AM
To: Yothers, Stuart W. <syothers@jonesday.com>
Cc: mark waltfairpllc.com <mark@waltfairpllc.com>; Buxton, Christopher A. <cbuxton@jonesday.com>; Hershy Stern <HStern@kasowitz.com>; Kalish, Yury <ykalish@jonesday.com>; Heather Kim <HKim@kasowitz.com>; Jack Shaw <JShaw@kasowitz.com>; WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>
Subject: Re: WSOU v NEC: Exchange of claim constructions

** External mail **

Yes, proceed.

Sent from my iPhone

On Sep 1, 2021, at 10:32 AM, Yothers, Stuart W. <syothers@jonesday.com> wrote:


Please confirm we may send as this ought to be sent asap. Thanks.

Stuart W. Yothers (bio)<https://www.jonesday.com/en/lawyers/y/stuart-yothers?tab=overview>
Partner
JONES DAY® - One Firm Worldwide<http://www.jonesday.com/>℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

From: Yothers, Stuart W. <syothers@jonesday.com>
Sent: Tuesday, August 31, 2021 10:54 PM
To: Joshua A. Whitehill <JWhitehill@kasowitz.com>; mark
waltfairpllc.com<https://urldefense.com/v3/__http://waltfairpllc.com__;!!Dahw-A9d0CA!i3-
yQbqkX1fvO7AS6M0H76dxbM7mohpFa22eJGJtqZKVkbb_4AF0gvKDCfjlwK0vWA$ >
<mark@waltfairpllc.com>; Buxton, Christopher A. <cbuxton@jonesday.com>; Hershy Stern
<HStern@kasowitz.com>; Kalish, Yury <ykalish@jonesday.com>; Heather Kim <HKim@kasowitz.com>;
Jack Shaw <JShaw@kasowitz.com>; WSOU v. NEC <WSOUvNEC@kasowitz.com>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Josh:

We made a few minor changes. If no objection, we will send. Please let us know.

Dear Law Clerks:

In view of this Friday's briefing deadline, and to ensure that the parties submit briefs in accordance with the
Court's wishes, the parties jointly request an additional week for NEC to serve its opening claim construction
brief so that the briefing limits can be resolved ahead of time. In addition, to streamline the disputed issues for
the Court, NEC has agreed that the disputed terms can be addressed in a single brief if appropriate pages are
added to address the means-plus-function issues. Accordingly, the remaining disputed claim construction
briefing issues are as follows:


• Length of briefing:

o WSOU's position: Opening/Responsive – 40 pages; Reply/Sur-Reply – 20 pages

o NEC's position: Opening/Responsive – 60 pages; Reply/Sur-Reply – 30 pages

• Number of claim terms that may by briefed:

o WSOU's position: No more than 15 claims terms, and not the 47 terms NEC seeks to construe.

o NEC's position: 8 terms that the parties agree are not means-plus-function terms; and 35 means-plus-function-related disputes (discussed in more detail below).

Counsel for the parties are available for a teleconference to discuss these issues at the Court's convenience, if the Court would find doing so helpful in clarifying the issues and more expeditiously resolving the question of briefing and term limits, as well as the time for filing briefs.

Respectfully submitted,
Stuart Yothers
Counsel for NEC Corporation

Thanks,

Stuart W. Yothers (bio)<https://www.jonesday.com/en/lawyers/y/stuart-yothers?tab=overview>
Partner
JONES DAY® - One Firm Worldwide<http://www.jonesday.com/>℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

From: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>
Sent: Tuesday, August 31, 2021 10:30 PM
To: Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>; mark waltfairpllc.com<https://urldefense.com/v3/__http://waltfairpllc.com__;!!Dahw-A9d0CA!i3-yQbqkX1fvO7AS6M0H76dxbM7mohpFa22eJGJtqZKVkbb_4AF0gvKDCfjlwK0vWA$ > <mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Buxton, Christopher A. <cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Hershy Stern <HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Kalish, Yury <ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; Heather Kim <HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw <JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC <WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

** External mail **

Stuart,

Your proposal generally works for us. We have updated the draft email as set forth below. Let us know if you have any edits.

Dear Law Clerks:

In view of this Friday's briefing deadline, and to ensure that the parties submit briefs in accordance with the Court's wishes, the parties jointly request an additional week for NEC to serve its opening claim construction brief so that the briefing limits can be resolved ahead of time. In addition, to streamline the disputed issues for

the Court, NEC now agrees that all the disputed claim terms should be addressed in a single opening brief, instead of potentially splitting the terms up into two opening briefs as NEC originally proposed. Accordingly, the remaining disputed claim construction briefing issues are as follows:


· Length of briefing:

o WSOU's position: Opening/Responsive – 40 pages; Reply/Sur-Reply – 20 pages

o NEC's position: Opening/Responsive – 60 pages; Reply/Sur-Reply – 30 pages

· Number of claim terms that may by briefed:

o WSOU's position: No more than 15 claims terms, and not the 47 terms NEC seeks to construe.

o NEC's position: All disputed claim terms, which presently include 10 terms that the parties agree are not means-plus function terms; 18 terms that the parties agree are means-plus-function terms; and 19 terms that the parties dispute whether they are means-plus-function terms.


Counsel for the parties are available for a teleconference to discuss these issues at the Court's convenience, if the Court would find doing so helpful in clarifying the issues and more expeditiously resolving the question of briefing and term limits, as well as the time for filing briefs.

Respectfully submitted,
Stuart Yothers
Counsel for NEC Corporation


Thanks,
Josh

From: Yothers, Stuart W. [mailto:syothers@jonesday.com]
Sent: Tuesday, August 31, 2021 6:06 PM
To: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; mark waltfairpllc.com<https://urldefense.com/v3/__http://waltfairpllc.com__;!!Dahw-A9d0CA!i3-yQbqkX1fvO7AS6M0H76dxbM7mohpFa22eJGJtqZKVkbb_4AF0gvKDCfjlwK0vWA$ > <mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Buxton, Christopher A. <cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Hershy Stern <HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Kalish, Yury <ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; Heather Kim <HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw <JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC <WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

All,

Perhaps the below is the easiest resolution. Let us know if this works:

Dear Law Clerks:

In view of Friday's upcoming briefing deadline, and to ensure that the parties submit briefs in accordance with the Court's wishes, the parties jointly request an additional week for NEC to serve its opening claim construction brief so that the briefing limits can be resolved. Regarding the below briefing proposals, to simplify the issues for the Court, NEC has agreed with WSOU that the disputed terms can be addressed in a single brief if appropriate pages are added to address the means-plus-function issues requiring resolution at the claim construction stage. The only issues remaining to be resolved by the Court are: (1) whether opening/responsive briefs should be 40 or 60 pages; (2) whether reply/sur-reply briefs should be 20 or 30 pages; and (3) whether the briefs may address the eight disputed non-means-plus function terms and the 35 means-plus-function-related disputes (discussed in more detail below). Counsel for the parties are available for a teleconference to discuss these issues at the Court's convenience, if the Court would find doing so helpful in clarifying the issues and more expeditiously resolving the question of briefing and term limits, as well as the time for filing briefs.


Respectfully submitted,
Stuart Yothers
Counsel for NEC Corporation



Stuart W. Yothers (bio)<https://www.jonesday.com/en/lawyers/y/stuart-yothers?tab=overview>
Partner
JONES DAY® - One Firm Worldwide<http://www.jonesday.com/>℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

From: Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>
Sent: Tuesday, August 31, 2021 5:54 PM
To: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; mark waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!l9rK81e-5ffvdx8U1fAenZjNl1yK7b_iKFUqejJOTKmue3qshYh1VSc0yAF7Cjel$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Buxton, Christopher A.
<cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Hershy Stern
<HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Josh:

There is nothing inconsistent about the emails. Mark called and offered to relieve any prejudice by agreeing to an extension. We appreciate that, and revised our email accordingly to no longer raise the prejudice. But, either way, there is now more material to brief. Before sending the parties updated positions to the Court, we thought it worthwhile (in view of the additional material to brief) to explore any room to reach agreement on the briefing. If there is room to come together, please make a counterproposal. If not, we are happy to agree to the one-week extension and eliminate the prejudice arguments in our email to the court (as we did in our revised

draft). To the extent WSOU has not changed its position on the briefing and term limits, they can be resolved by the Court. We think it important to follow-up with the Court today, so please have someone call or email with a counterproposal, or provide your brief update to the email below. And, as always, I'm available to discuss to avoid further misunderstanding.

Thanks,

Stuart W. Yothers (bio)<https://www.jonesday.com/en/lawyers/y/stuart-yothers?tab=overview>
Partner
JONES DAY® - One Firm Worldwide<http://www.jonesday.com/>℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893


From: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>
Sent: Tuesday, August 31, 2021 5:32 PM
To: Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>; mark
waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!l9rK81e-5ffvdx8U1fAenZjNl1yK7b_iKFUqejJOTKmue3qshYh1VSc0yAF7Cjel$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Buxton, Christopher A.
<cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Hershy Stern
<HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

** External mail **


Stuart,

In your initial e-mail today, you were proposing to ask the court for either (1) a single 60-page opening brief due this Friday, or (2) a reduced brief with a 1-week extension. We indicated that we were willing to consent to a 1-week extension, but not a 60-page brief, to address your stated concerns. In your most recent e-mails, however, you are now proposing, under the guise of compromise, a single 60-page brief plus a 1-week extension. We maintain our consistently and repeatedly stated objection to NEC's proposed number of terms and pages for briefing, but are still willing to consent to the 1-week extension you proposed to address WSOU's updated claim construction chart. Is that acceptable to NEC, or are you now refusing to accept the 1-week extension, the very remedy you were going to seek from the Court?

Regards,
Josh

From: Yothers, Stuart W. [mailto:syothers@jonesday.com]
Sent: Tuesday, August 31, 2021 4:15 PM
To: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; mark
waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!l9rK81e-5ffvdx8U1fAenZjNl1yK7b_iKFUqejJOTKmue3qshYh1VSc0yAF7Cjel$>

<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Buxton, Christopher A.
<cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Hershy Stern
<HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Mark:

Apologies. There's a typo in my notes below. It is eight non-MPF terms, not seven. And, as always, please feel free to give me a call if easier to discuss.

Thanks,

Stuart W. Yothers (bio)<https://www.jonesday.com/en/lawyers/y/stuart-yothers?tab=overview>
Partner
JONES DAY® - One Firm Worldwide<http://www.jonesday.com/>℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

From: Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>
Sent: Tuesday, August 31, 2021 3:32 PM
To: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; mark
waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-
A9d0CA!mc1m1m7VpJLJE1AK8OdqxMF2tDy2QiGBYJBvaFWyYWkwzQb341UWi8QhjGCkS3jd$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Buxton, Christopher A.
<cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Hershy Stern
<HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Mark:

Thanks for your call. We appreciate the offer to agree to an additional week to address the additional material that was provided yesterday. Before we reach back to the Court today, in view of that additional information, we wonder if there is room to agree on brief and page counts. To further reduce the disputes for the court, NEC is willing to agree to submit a single brief, but given the material that must now be addressed in that brief, NEC asks if WSOU will agree to one 60 page opening/responsive brief, and one 30 page reply/sur-reply per party. Additionally, we expect to be able to agree/withdraw two of the '017 "means" terms and two of the '213 non-MPF terms. This will reduce the claim construction disputes to seven non-MPF terms and then the MPF issues. If the parties can agree to address these issues in a single set of briefs as set forth above, this issue would require nothing more than the approval of the court. If not, we believe it is important to bring the Court's attention to the additional material that must be addressed in resolving any remaining dispute over term and briefing limits.

Please let us know if you agree with the below joint email, or if you have an insert for the second version.

Dear Law Clerks:

In view of Friday's upcoming briefing deadline, and to ensure that the parties submit briefs in accordance with the Court's wishes, the parties jointly request an additional week for NEC to serve its opening claim construction brief. And, with the Court's permission, the parties have agreed to address all outstanding claim construction issues in these five cases in one 60 page opening/responsive brief, and one 30 page reply/sur-reply per party. The parties expect the briefs to address the seven disputed non-means-plus-function terms, and to address the dispute over whether certain other disputed terms are subject to 35 U.S.C. § 112, ¶6, and, if so, their construction. While there are 35 such disputes, the parties will efficiently address these terms in the briefing proposed above.

Respectfully submitted,
Stuart Yothers
Counsel for NEC Corporation

* * *

Dear Law Clerks:

In view of Friday's upcoming briefing deadline, and in view of additional claim construction disclosures served by WSOU yesterday, we write to jointly request a one week extension for NEC to file its opening claim construction brief and to seek the Court's ruling on the term and page limits for the parties' briefs in these five cases:

NEC's Position

In view of WSOU's amended proposed claim constructions, served yesterday and adding a significant amount of allegedly linked structure for the 13 disputed "means for" terms and for the first time ever identifying allegedly linked structure for the 19 terms that it disputes are subject to construction under 35 U.S.C. § 112, ¶6, NEC respectfully submits its proposal for one 60 page opening/responsive brief, and one 30 page reply/sur-reply per party is most appropriate. WSOU's new identification of columns of text and multiple patent figures, each of which must be addressed in NEC's opening brief, only reinforce why NEC's claim term and briefing proposal below is both necessary and reasonable. In the spirit of compromise, NEC has agreed with WSOU that the disputed terms can be addressed in a single brief if appropriate pages are added to address the means-plus-function issues requiring resolution at the claim construction stage. The only issues remaining to be resolved by the Court are: (1) whether opening/responsive briefs should be 40 or 60 pages; (2) whether reply/sur-reply briefs should be 20 or 30 pages; and (3) whether the briefs may address the seven disputed non-means-plus function terms and the 35 means-plus-function issues (discussed in more detail below). As discussed in more detail below, the 35 U.S.C. § 112, ¶6 terms require construction by the Court, but NEC has proposed a mechanism to address these terms (from five separate cases) efficiently in a single brief of reasonable length. NEC's counsel is available for a teleconference to discuss these issues at the Court's convenience, if the Court would find doing so helpful in clarifying the issues and more expeditiously resolving the question of briefing and term limits, as well as the time for filing briefs.

WSOU's Position

[[INSERT]]

Respectfully submitted,

Stuart Yothers
Counsel for NEC Corporation

Thanks,
Stuart

Stuart W. Yothers (bio)<https://www.jonesday.com/en/lawyers/y/stuart-yothers?tab=overview>
Partner
JONES DAY® - One Firm Worldwide<http://www.jonesday.com/>℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

From: Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>
Sent: Tuesday, August 31, 2021 12:29 PM
To: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; mark
waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-
A9d0CA!mc1m1m7VpJLJE1AK8OdqxMF2tDy2QiGBYJBvaFWyYWkwzQb341UWi8QhjGCkS3jd$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Buxton, Christopher A.
<cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Hershy Stern
<HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Josh:

I write in response to WSOU's belated disclosure of new claim construction positions yesterday – four days
before NEC's opening brief is due and 25 days past the agreed deadline to exchange proposed constructions.
For weeks now, WSOU has insisted that many of the 32 claim terms in the '213 patent subject to 35 U.S.C.
§112, ¶6 are not subject to construction under the statute. Now, days before NEC's expert must serve his report
and NEC must file its opening claim construction brief, WSOU dumps multiple columns of specification cites
and numerous figures into its identifications of alleged structure/material/acts for the "means for" claims, and
for the first time ever identifies allegedly supporting structure for numerous claim terms for which WSOU
professed no construction was necessary. This tardy disclosure is highly prejudicial, and only reinforces why
WSOU's briefing proposal is unduly restrictive and unfair. We intend to seek relief from the court with the
below response to last Thursday's email to the Court. Given Friday's deadline, please provide any insert for
WSOU by 5:00 PM ET / 4:00 PM CT today:

Dear Law Clerks:

In view of Friday's briefing deadline, and in view of additional claim construction disclosures served by WSOU
yesterday, we write to follow-up on the below request:

NEC's Position

Yesterday, WSOU served amended proposed claim constructions, adding a significant amount of allegedly
linked structure for the 13 disputed "means for" terms and for the first time ever identifying allegedly linked

structure for the 19 terms that it disputes are subject to construction under 35 U.S.C. § 112, ¶6. Given that NEC's opening brief is due on Friday, this tardy disclosure is highly prejudicial. Moreover, this new identification of columns of text and multiple patent figures, each of which must be addressed in NEC's opening brief, only reinforces why NEC's claim term and briefing proposal below is both necessary and reasonable. WSOU's proposal serves only to unfairly prevent NEC from disputing WSOU's claim construction positions (much of which was set forth for the first time yesterday). If the Court is amenable to the term, brief and page limits proposed by NEC below, NEC believes that it can still meet Friday's deadline. If, on the other hand, the Court intends to impose greater limits on the terms to be construed and/or number of briefs and pages to be submitted, NEC respectfully requests that it be granted an additional week to modify its papers accordingly. NEC's counsel is available for a teleconference to discuss these issues at the Court's convenience, if the Court would find doing so helpful in clarifying the issues and more expeditiously resolving the question of briefing and term limits, as well as the time for filing briefs.

WSOU's Position

[[INSERT]]

Respectfully submitted,
Stuart Yothers
Counsel for NEC Corporation

Thanks,
Stuart

Stuart W. Yothers (bio)<https://www.jonesday.com/en/lawyers/y/stuart-yothers?tab=overview>
Partner
JONES DAY® - One Firm Worldwide<http://www.jonesday.com/>℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

From: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>
Sent: Monday, August 30, 2021 2:34 PM
To: mark waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!mc1m1m7VpJLJE1AK8OdqxMF2tDy2QiGBYJBvaFWyYWkwzQb341UWi8QhjGCkS3jd$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Buxton, Christopher A.
<cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Hershy Stern
<HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Yothers, Stuart W.
<syothers@jonesday.com<mailto:syothers@jonesday.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

** External mail **

Counsel:

Attached please find WSOU's updated positions regarding the claim terms of the '213 patent that NEC contends are governed by 35 U.S.C. § 112, ¶ 6. For your reference, we have included both a clean copy (Word attachment) and a redline (PDF attachment) comparing the updated text to the corresponding iteration in the document we provided the August 19, 2021 exchange.

We still await NEC's positions regarding the elaborated plain and ordinary meaning constructions that we provided in the August 19 exchange.

Thanks,
Josh


From: mark waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!mc1m1m7VpJLJE1AK8OdqxMF2tDy2QiGBYJBvaFWyYWkwzQb341UWi8QhjGCkS3jd$>
[mailto:mark@waltfairpllc.com]
Sent: Thursday, August 26, 2021 12:44 PM
To: Buxton, Christopher A. <cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Joshua A. Whitehill
<JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Hershy Stern
<HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Yothers, Stuart W.
<syothers@jonesday.com<mailto:syothers@jonesday.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Hi Chris,

This works with us. I will send to the Court in a few minutes.

Sincerely,

Mark

From: Buxton, Christopher A. <cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>
Sent: Thursday, August 26, 2021 10:16 AM
To: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Hershy Stern
<HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Yothers, Stuart W.
<syothers@jonesday.com<mailto:syothers@jonesday.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark
waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!jvWT2LHemFgy-P0c2QESDBqoOtSoDgZjSa2f_3a9z02BDn1wY7DNwJfKl00RrDwF$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Josh,

Below is our draft of the joint email with NEC's position added. Please note that we have lightly revised the initial sentence to better reflect that this is indeed a joint presentation of a mutual dispute.

Thank you,
Chris

------DRAFT------

Dear Law Clerks:

I write on behalf of Plaintiff WSOU Investments, LLC and Defendant NEC Corporation to request guidance from the Court regarding the number of claim terms to be construed, as well as appropriate brief limits, to which the parties have been unable to agree. The parties' positions on the issues are set forth below:

WSOU's Position:

WSOU requests that the five cases be consolidated for the purposes of the Markman briefing, as this Court has ordered in multiple cases involving WSOU. See, e.g., WSOU v. Google, 6:20-cv-00571-585; WSOU v. Dell, 6:20-cv-473 – 482. WSOU initially proposed a single brief of 35 pages and 12 terms. NEC rejected the offer insisting on a one brief of 60 pages with no defined limit on terms. Seeking to avoid Court involvement, WSOU again offer a compromise position of 40 pages and 15 terms. NEC rejected this compromise. Such a proposal is consistent with the OGP, and provides NEC additional pages and terms that are within reasonable limits. As the Court is well aware, a five patent case has a presumed limit of 10 terms and 30 pages, and the cases WSOU filed against NEC should be treated no differently. Currently, NEC has identified over 50 claim terms for construction, well above the limits established by the OGP (even if the Court were to permit five separate briefs of eight terms each). Moreover, NEC's argument that the 32 alleged Means-Plus-Function terms it identified can be "grouped" down to 11 groups is untenable, as NEC intends to argue that each of these terms lack sufficient structure and are therefore indefinite, despite the fact the terms use different words/phrases and are located in different claims. This attempt to "group" is nothing more than a grasp for more claim terms to brief, and should be rejected. WSOU respectfully requests the Court order NEC to reduce its terms and for the Court to adopt WSOU's briefing proposal.

NEC's Position:

NEC of course recognizes the need for reasonable limits on the number of claim terms for construction and related briefing, and the Court's authority to set these limits. NEC respectfully submits that its proposal meets this requirement, as explained below, which will most fairly and clearly present the issues that must be decided by the Court. On the other hand, WSOU's across-the-board 15 claim term limit seeks to rigidly apply procedural limits on the number of disputed claim terms and briefing pages, improperly transforming those limits into substantive leverage that prevents NEC from presenting certain disputes—and, in effect, preventing NEC from disputing WSOU's claim construction positions. To explain, WSOU has filed five cases, each having five different patents and unrelated technologies. For four of those cases, NEC has proposed to construe claim terms as follows:


• Case No. 6:20-cv-923 asserting U.S. Patent No. 7,577,103 ("the '103 patent"): No terms for construction.

• Case No. 6:20-cv-924 asserting U.S. Patent No. 7,885,398 ("the '398 patent"): Only 3 terms for construction.

• Case No. 6:20-cv-925 asserting U.S. Patent No. 8,041,017 ("the '017 patent"): Only 5 terms for construction,

all of which include "means" and must therefore be construed as a matter of law under 35 U.S.C. § 112, ¶6. Last night, WSOU conceded that these 5 terms are subject to § 112, ¶6. We continue to confer with WSOU on whether we can reach agreed constructions for those terms in light of this concession.

• Case No. 6:20-cv-927 asserting U.S. Patent No. 9,065,918 ("the '918 patent"): Only one term for construction.

As a result, for four of the five cases filed by WSOU, NEC proposes construing only 4 non-means plus function terms, as well as 5 additional terms that are subject to § 112, ¶6, for a total of 9 terms. NEC respectfully submits that this is plainly reasonable. NEC has not identified an excessive number of terms in any of these four cases. WSOU does not specifically address the number of claim terms on a case-by-case, patent-by-patent basis, or otherwise dispute that the above is reasonable. Further, NEC submits that the easiest way to present the claim construction issues for these four cases and their 4 patents is in a single brief, with opening and response briefs of 30 pages, and reply and sur-reply briefs of 15 pages. These are the default limits under the OGP for briefs addressing 3 or more patents.

The remaining, outlier case is Case No. 6:20-cv-926 asserting U.S. Patent No. 8,103,213 ("the '213 patent"). In this case, WSOU tactically chose to assert patent claims having 13 terms beginning with "means for …," and which WSOU does not dispute are subject to 35 U.S.C. § 112, ¶6. Determination of the corresponding structure and function for these terms is a question of law for resolution by this Court during claim construction. Kemco Sales, Inc. v. Control Papers Co., 208 F.3d 1352, 1360 (Fed. Cir. 2000). Further, each of these terms has 20 other counterpart terms from other claims that WSOU has also asserted. These 20 other terms begin with either "computer program code being configured to …" or "the processor being configured to …," followed by reciting the same or similar functions as the 13 "means for …" terms that must be construed. This Court has previously held that at least claims directed to "computer program code configured to" are governed by 35 U.S.C. § 112, ¶6, Dyfan, LLC v. Target Corp., 2020 WL 8617821, at *5–7 (W.D. Tex. Nov. 25, 2020) (Albright, J.), which is NEC's position here. WSOU disagrees, but nonetheless, all of these terms must be construed as well in the event that they are subject to § 112, ¶6, as NEC asserts. Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n, 161 F.3d 696, 702 (Fed. Cir. 1998). Because of the overlap in claimed functions, these additional "computer program code being configured to" and "the processor being configured to" terms do not create 20 additional issues for construction. Instead, these 20 additional terms present very similar construction issues as the "means for" terms that the Court must already address, as WSOU concedes, with the only additional issue being the threshold question of whether these terms are also subject to 35 U.S.C. § 112, ¶6 as NEC asserts, but WSOU disputes. The Court's also addressing that threshold issue will not significantly multiply the issues for resolution by the Court. Indeed, all of these terms can be analyzed efficiently in 11 groups (not as 32 unique terms), and NEC's brief will address these similar limitations together in these 11 groups—not as 32 individual terms. Regarding non-§ 112, ¶6 terms, NEC seeks to construe only 5 additional terms in the '213 patent, which again is reasonable. NEC should not be penalized by being forced to drop claim terms reasonably in dispute for claim construction due to WSOU's tactical choice to assert a large number of claims with terms subject to § 112, ¶6. Of course, NEC would welcome WSOU dropping these § 112, ¶6 claims, which would substantially reduce the disputed claim construction issues that must be presented to the Court, but to date WSOU unfortunately has declined to do so. Because the '213 patent issues are unique, particularly given the large number of § 112, ¶6 terms including their "computer program code being configured to" and "the processor being configured to" terms, NEC has proposed submitting a separate claim construction brief on only the '213 patent. Given the number of '213 patent terms, NEC respectfully requests 30 pages for opening/response briefs and 15 pages for reply/sur-reply briefs for the '213 patent, and submits there is good cause for this small increase given the claims that WSOU has chosen to assert. If, instead, the Court would like a single brief covering all five asserted patents, including the '213 patent, then NEC respectfully proposes one 60 page opening/responsive brief, and one 30 page reply/sur-reply per party. Finally, NEC notes that it asserts a large number of both the § 112, ¶6 terms and non-§ 112, ¶6 terms are indefinite. A finding of indefiniteness as to a subset of these terms may obviate the need for the Court to then address all of these terms. Nonetheless, NEC must present its construction positions on all of these terms to the Court given the legal

requirements of § 112, ¶6.


Christopher Buxton
Associate
JONES DAY® - One Firm Worldwide®<http://www.jonesday.com/>
2727 N. Harwood St. Suite: 600
Dallas, Texas 75201
Office +1.214.969.4841

From: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>
Sent: Wednesday, August 25, 2021 5:19 PM
To: Buxton, Christopher A. <cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Hershy Stern
<HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Yothers, Stuart W.
<syothers@jonesday.com<mailto:syothers@jonesday.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark
waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!jvWT2LHemFgy-
P0c2QESDBqoOtSoDgZjSa2f_3a9z02BDn1wY7DNwJfKl00RrDwF$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

** External mail **


Chris,

Below is our proposed joint email to the Court. Please provide us with the text of NEC's position for the email
by 12:00 pm (Central) tomorrow.

Josh

------DRAFT------
Dear Law Clerks:

I write on behalf of WSOU Investments, LLC to request guidance from the Court concerning a dispute with
NEC. The dispute centers around the appropriate number of claim terms that each side can construe, as well as
the number of pages of the parties' briefs. Both parties' positions on the issues are set forth below:

WSOU:

WSOU requests that the five cases be consolidated for the purposes of the Markman briefing, as this Court has
ordered in multiple cases involving WSOU. See, e.g., WSOU v. Google, 6:20-cv-00571-585; WSOU v. Dell,
6:20-cv-473 – 482. WSOU initially proposed a single brief of 35 pages and 12 terms. NEC rejected the offer
insisting on a one brief of 60 pages with no defined limit on terms. Seeking to avoid Court involvement, WSOU
again offer a compromise position of 40 pages and 15 terms. NEC rejected this compromise. Such a proposal is
consistent with the OGP, and provides NEC additional pages and terms that are within reasonable limits. As the

Court is well aware, a five patent case has a presumed limit of 10 terms and 30 pages, and the cases WSOU filed against NEC should be treated no differently. Currently, NEC has identified over 50 claim terms for construction, well above the limits established by the OGP (even if the Court were to permit five separate briefs of eight terms each). Moreover, NEC's argument that the 32 alleged Means-Plus-Function terms it identified can be "grouped" down to 11 groups is untenable, as NEC intends to argue that each of these terms lack sufficient structure and are therefore indefinite, despite the fact the terms use different words/phrases and are located in different claims. This attempt to "group" is nothing more than a grasp for more claim terms to brief, and should be rejected. WSOU respectfully requests the Court order NEC to reduce its terms and for the Court to adopt WSOU's briefing proposal.

NEC
[to be added by NEC]

From: Buxton, Christopher A. [mailto:cbuxton@jonesday.com]
Sent: Wednesday, August 25, 2021 6:00 PM
To: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Hershy Stern <HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>; Kalish, Yury <ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!jvWT2LHemFgy-P0c2QESDBqoOtSoDgZjSa2f_3a9z02BDn1wY7DNwJfKl00RrDwF$> <mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim <HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw <JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC <WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Josh,

As we have noted, there are only 10 non-means-plus-function terms at issue across all five patents. And while there are many means-plus-function terms requiring construction (unless WSOU drops its assertion of any of those claims), we have fortunately been able to organize them in such a way that the issues and terms can be handled efficiently. Given the legal requirements regarding the construction of means-plus-function terms, there is no way to arbitrarily limit the number of terms to be construed as you propose. Please send us your proposed joint email. Until we see your proposed approach, we cannot agree up front to limit our position to one paragraph, but based on the discussions we have had to date, we expect each side will require only a paragraph or two to set forth its position.

Thank you,
Chris

Christopher Buxton
Associate
JONES DAY® - One Firm Worldwide®<http://www.jonesday.com/>
2727 N. Harwood St. Suite: 600
Dallas, Texas 75201
Office +1.214.969.4841

From: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>
Sent: Tuesday, August 24, 2021 8:14 PM

To: Buxton, Christopher A. <cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Hershy Stern <HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>; Kalish, Yury <ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!lPyHKkvQMaPcXO9x0lyd90Bl5A_hBbWm3YL9jPZQCxhDkHHfGdSzH-FqcDrCspwN$> <mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim <HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw <JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC <WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

** External mail **


Chris,

While the parties are still assessing whether they can reach a compromise with respect to a handful of the claim terms, NEC's communicated proposal is unreasonable even considering a compromise. Two 30-page opening briefs (or, alternative, a single 60-page opening brief) covering several dozen claim terms that NEC proposes for construction far exceeds Judge Albright's OGP. However, WSOU is willing to agree to a 40-page brief limited to 15 terms across the cases. If this is not acceptable to NEC, the parties appear to be at an impasse regarding the number of terms to brief and lengths of the briefs. We intend to raise this with the Court tomorrow. We suggest a joint email putting forth each parties position with no more than a paragraph of argument. If NEC is agreeable to this approach, we will provide a draft email for your review tomorrow morning.


Regards,
Josh


From: Buxton, Christopher A. [mailto:cbuxton@jonesday.com]
Sent: Tuesday, August 24, 2021 6:25 PM
To: Hershy Stern <HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>; Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Kalish, Yury <ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!lPyHKkvQMaPcXO9x0lyd90Bl5A_hBbWm3YL9jPZQCxhDkHHfGdSzH-FqcDrCspwN$> <mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim <HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw <JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC <WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Hershy,

Thank you for exchanging proposed revised constructions to explore compromise and for yesterday's meet and confer. As we indicated on that call, we would like to propose two briefs, each with the following limits: opening/response briefs limited to 30 pages, and reply/sur-reply briefs limited to 15 pages. One brief will be

dedicated solely to the '213 patent, with the second for the remaining four patents. As we noted yesterday, you have asserted these five patents in five separate cases, but we would rather work with you to avoid five separate briefs. Given the balance of terms across the five patents, we believe this two-brief proposal is practical and makes sense.

According to Judge Albright's OGP, the default for a brief discussing 3-5 patents is normally 30 pages and then 15 pages—our suggested brief for the four remaining patents therefore falls within this default limit. Please confirm for us whether we can agree on the red-line structure and function for the '017 terms that we proposed.

For the '213 brief, we believe additional pages are necessary due to the number of MPF terms that both sides recognize will require construction of more than 10 claim terms. While WSOU disputes that certain terms are subject to 35 USC § 112, ¶ 6, that is a claim construction issue that should be addressed now. And, as we have discussed, it is WSOU's choice as to which claims to assert. WSOU could reduce the issues by reducing the number of claims being asserted, but MPF terms require construction. Moreover, even if you dispute certain terms are MPF, you initially failed to identify even the "means for" terms from either the '017 or the '213 patents. These terms must be construed, as recognized by the parties, regardless of being "proposed" by one side or the other. As we have also discussed, the MPF terms can be grouped for efficiency of presentation to the court. That will likely require some additional pages over the default for a brief addressing only one patent, but we believe we have made a relatively streamlined proposal in view of WSOU's assertion of five different patents in five different cases against five different technologies.

If a single brief for all five patents is preferred, we would suggest as an alternative one brief with 60 pages opening/response and 30 pages for reply/surreply.

Please let us know if you agree with the above briefing proposal. If not, we will coordinate with you in presenting the issues to the Court for resolution.

Best regards,
Chris

Christopher Buxton
Associate
JONES DAY® - One Firm Worldwide®<http://www.jonesday.com/>
2727 N. Harwood St. Suite: 600
Dallas, Texas 75201
Office +1.214.969.4841

From: Hershy Stern <HStern@kasowitz.com<mailto:HStern@kasowitz.com>>
Sent: Monday, August 23, 2021 8:40 AM
To: Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>; Buxton, Christopher A. <cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Kalish, Yury <ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!gCSaq0DUeZJWjEYTcwHPDpgiutA3bwez1Ba_YTxcKEEVovfNH_6HIDYG_JgQKmZh$> <mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim <HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw <JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC <WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

** External mail **

Stuart,

We are available at 11:30 AM ET. We will circulate a dial-in shortly.

Thanks,
Hershy

From: Yothers, Stuart W. [mailto:syothers@jonesday.com]
Sent: Saturday, August 21, 2021 5:50 PM
To: Hershy Stern <HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Buxton, Christopher A.
<cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Joshua A. Whitehill
<JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark
waltfairpllc.com<https://urldefense.com/v3/__http://waltfairpllc.com__;!!Dahw-
A9d0CA!gCSaq0DUeZJWjEYTcwHPDpgiutA3bwez1Ba_YTxcKEEVovfNH_6HIDYG_JgQKmZh$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Hershy,

We are available to discuss further at 11:30 AM ET on Monday, August 23.

Your note below is incorrect to suggest that NEC has been unwilling to streamline the issues for claim
construction. As we have discussed, the vast majority of the claim terms at issue are subject to 35 U.S.C. § 112,
¶6. Construing those terms is not optional. It is mandated by statute and by long-settled CAFC authority. And,
as we have indicated previously, if WSOU is not going to withdraw any of those asserted claims, the terms can
be grouped in an organized fashion to reduce the number of issues for the Court.

In terms of the briefing, we have always indicated a willingness to reach a sensible approach. As it stands now,
the following number of terms remain in dispute:

* '103: none;
* '398: three terms (NEC is evaluating your proposed compromise position on two of those terms, and we will
be back to you as soon as possible);
* '017: five terms (we sent proposed compromise positions and await your response as to whether the parties
can submit agreed upon constructions for these terms);
* '213: six non-MPF terms (NEC is evaluating your proposed compromise position on one term, and we will be
back to you as soon as possible);
* 32 MPF terms (which, as reflected in my July 28, 2021, can be grouped in 11 groups); and
* '918: one term.

As noted in the Court's OGP, the limit to which you refer is a "presumed limit," which the Court can grant

leave to enlarge in appropriate circumstances – e.g., where a large number of MPF claims are being asserted. Moreover, these cases have not been consolidated, and the presumed limit is not 10 terms across five patents – it is 8 terms in each one-patent case. Further, with WSOU having acknowledged in its latest proposed revisions that at least the '213 patent's thirteen "means for" terms are subject to § 112, ¶ 6 and therefore must be construed, WSOU itself recognizes that more than 10 terms require construction by the court. It is readily apparent that here, the circumstances warrant construing more than 10 terms.

NEC is preparing its opening brief. NEC is prepared to seek leave of the court to address the large number of MPF terms (which can be efficiently addressed in a brief of standard length). As we have discussed with your colleagues, if no changes are made to the above lists of disputed terms, we will likely request two briefs – one addressing the '213 patent and one addressing the other four. If, on the other hand, WSOU agrees to the five constructions that appear to be agreeable in the '017 patent, we may agree to submit a single brief with some extra pages (along the lines of that being proposed by WSOU). Regardless, your proposal of only 35 pages total for opening and responsive briefs for all five patents (each unrelated to the other and covering a different technology) and 15 pages for reply and sur-reply briefs is once again too limited, nor is it called for under the OGP given that WSOU has filed five separate cases asserting five different patents. We remain willing to discuss a reasonable compromise that more properly considers the number of patents and terms that require construction, particularly for the '213 patent.

We look forward to receiving WSOU's position on the '017 proposals that we sent on Thursday, as it may aid the parties in reaching a reasonable compromise on the approach to the briefing.

Thanks,
Stuart

Stuart W. Yothers (bio)<https://www.jonesday.com/en/lawyers/y/stuart-yothers?tab=overview>
Partner
JONES DAY® - One Firm Worldwide<http://www.jonesday.com/>℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

From: Hershy Stern <HStern@kasowitz.com<mailto:HStern@kasowitz.com>>
Sent: Friday, August 20, 2021 4:45 PM
To: Buxton, Christopher A. <cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>; Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Kalish, Yury <ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!mJO7gTu6DXEYt_b31AJEMQKU9wBzxKU45uS8zqIvLcdMTXlMCPEZLn3uc0OIHGJi$> <mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim <HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw <JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC <WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

** External mail **

Stuart and Chris,

Please let us know your availability for a meet and confer on Monday, August 23 before noon ET.

We would like to resolve the parties' on-going disputes on the following two issues.

1. The number of claim terms that NEC intends to seek the Court to construe. The Court's OGP limits the claim terms to be construed to 10. We understand from our last meet and confer that NEC was unwilling to reduce the number of claim terms from 47, and now NEC is seeking construction for over 50 terms. To the extent that NEC remaining unwilling to reduce the number of claim terms, please confirm that is the case so that WSOU may address it with the Court as soon as possible.

1. WSOU again proposes that the parties each submit one brief for their opening and responsive brief with a 35-page limit covering all five patents. NEC's reply and WSOU's sur-reply should be limited to a single brief of 15 pages. We understand from the previous meet and confer that NEC is unwilling to agree to submit a single brief and would not agree to a 35-page limit. Please confirm whether that remains NEC's position so that WSOU may address it with the Court as soon as possible.

Best regards,
Hershy

From: Hershy Stern
Sent: Thursday, August 19, 2021 4:33 PM
To: 'Buxton, Christopher A.' <cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>; Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Kalish, Yury <ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!mJO7gTu6DXEYt_b31AJEMQKU9wBzxKU45uS8zqIvLcdMTXlMCPEZLn3uc0OIHGJi$> <mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim <HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw <JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC <WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Stuart and Christopher,

Attached please find proposals to narrow the disputes for certain of the claim terms for construction, and some additional edits. The changes are in redline.

I also note that with the addition of "processor" claim terms, which were identified for the first time when the parties exchanged proposed constructions, NEC is now seeking to construe over 50 terms. As we have always maintained, that is 5 times more than the 10 terms permitted by the OGP. Please advise by COB tomorrow if NEC will reduce the number of terms for which it seeks the Court to construe.

To that end, we once again propose that the parties agree to serve a single opening and responsive claim construction brief (instead of 5) with a 35-page limit. Please let us know your position.

Best regards,
Hershy


From: Buxton, Christopher A. [mailto:cbuxton@jonesday.com]
Sent: Thursday, August 19, 2021 3:53 PM
To: Hershy Stern <HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Yothers, Stuart W.
<syothers@jonesday.com<mailto:syothers@jonesday.com>>; Joshua A. Whitehill
<JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark
waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-
A9d0CA!mJO7gTu6DXEYt_b31AJEMQKU9wBzxKU45uS8zqIvLcdMTXlMCPEZLn3uc0OIHGJi$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Hershy,

That is fine. We will exchange at 4:30 ET.

Best,
Chris

Christopher Buxton
Associate
JONES DAY® - One Firm Worldwide®<http://www.jonesday.com/>
2727 N. Harwood St. Suite: 600
Dallas, Texas 75201
Office +1.214.969.4841

From: Hershy Stern <HStern@kasowitz.com<mailto:HStern@kasowitz.com>>
Sent: Thursday, August 19, 2021 2:51 PM
To: Buxton, Christopher A. <cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Yothers, Stuart W.
<syothers@jonesday.com<mailto:syothers@jonesday.com>>; Joshua A. Whitehill
<JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark
waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-
A9d0CA!mogfZoHT1PRIcSn636MTIcvO2duMi0QaNnEs8nsmyfsCZfzx1iVIlM1RIlxBl96p$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

** External mail **

Chris,

Can we please adjourn the exchange until 4:30 ET. I have run into a technical issue.

Thanks,
Hershy

From: Buxton, Christopher A. [mailto:cbuxton@jonesday.com]
Sent: Thursday, August 19, 2021 2:20 PM
To: Hershy Stern <HStern@kasowitz.com<mailto:HStern@kasowitz.com>>; Yothers, Stuart W.
<syothers@jonesday.com<mailto:syothers@jonesday.com>>; Joshua A. Whitehill
<JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark
waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-
A9d0CA!mogfZoHT1PRIcSn636MTIcvO2duMi0QaNnEs8nsmyfsCZfzx1iVIlM1RIlxBl96p$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Hershy,

We agree to exchanging at 4pm ET.

Best,
Chris

Christopher Buxton
Associate
JONES DAY® - One Firm Worldwide®<http://www.jonesday.com/>
2727 N. Harwood St. Suite: 600
Dallas, Texas 75201
Office +1.214.969.4841

From: Hershy Stern <HStern@kasowitz.com<mailto:HStern@kasowitz.com>>
Sent: Thursday, August 19, 2021 12:54 PM
To: Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>; Buxton, Christopher A.
<cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Joshua A. Whitehill
<JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark
waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-
A9d0CA!kmtpqxv9kyHa4KT2u6ZcO4QHFgpz20PU45AHPFSEnJ2deJDShQs7NnSS7mmAKNMEXw$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

** External mail **

Stuart,

We also remain committed to narrowing any issues for the Court. Josh has been out on vacation the last few days, which caused a little bit of a delay. In any event, we are prepared to make an exchange of proposed redlines consistent with your discussions.

How does 4pm ET sound?

Best regards,
Hershy

Hershy Stern
Kasowitz Benson Torres LLP
1633 Broadway
New York, New York 10019
Tel. (212) 506-1794
Fax. (212) 835-5094
HStern@kasowitz.com
From: Yothers, Stuart W. [mailto:syothers@jonesday.com]
Sent: Thursday, August 19, 2021 10:12 AM
To: Buxton, Christopher A. <cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>; Joshua A. Whitehill
<JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark
waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-
A9d0CA!kmtpqxv9kyHa4KT2u6ZcO4QHFgpz20PU45AHPFSEnJ2deJDShQs7NnSS7mmAKNMEXw$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Josh,

We remain committed to this proposal as a means of narrowing the issues for the Court and remain prepared to make the exchange. Please let us know if WSOU will be providing proposed redlines and when you will be prepared to make the exchange.

Thanks,

Stuart W. Yothers (bio)<https://www.jonesday.com/en/lawyers/y/stuart-yothers?tab=overview>
Partner
JONES DAY® - One Firm Worldwide<http://www.jonesday.com/>℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

From: Buxton, Christopher A. <cbuxton@jonesday.com<mailto:cbuxton@jonesday.com>>
Sent: Tuesday, August 17, 2021 1:07 PM
To: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>; Kalish, Yury <ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!gS323lhdiUGE4DagEqO4A6kX8-7VMz4lmB40CD6tn8tgucyYaBE3jTyb2gyuL8q6qA$> <mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim <HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw <JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC <WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Josh,

As agreed during last Friday's meet and confer, your team would propose redlines for the non-means terms for which NEC has proposed a construction, and NEC would propose redlines to the structure and function you identified for the '017 terms.

NEC is ready to exchange its redlines. Please let us know when WSOU would be in a position to exchange, so that we can settle on a particular time.

Best,
Chris

Christopher Buxton
Associate
JONES DAY® - One Firm Worldwide®<http://www.jonesday.com/>
2727 N. Harwood St. Suite: 600
Dallas, Texas 75201
Office +1.214.969.4841

From: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>
Sent: Friday, August 13, 2021 7:53 AM
To: Yothers, Stuart W. <syothers@jonesday.com<mailto:syothers@jonesday.com>>; Kalish, Yury <ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!gS323lhdiUGE4DagEqO4A6kX8-7VMz4lmB40CD6tn8tgucyYaBE3jTyb2gyuL8q6qA$> <mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim <HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw <JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC <WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

** External mail **

Stuart,

We can do 5:00 pm ET. Please confirm. Below is a dial-in:


Dial-in: 646-558-8656

Meeting ID: 926 5589 2965

Passcode: 987256

One tap mobile: +16465588656,,92655892965#

Or join via Zoom:
https://urldefense.com/v3/__https://kasowitz.zoom.us/j/92655892965?pwd=bmNlMjUyTk8xckJJZUdwRkNmS
kJiQT09__;!!Dahw-A9d0CA!i3-
yQbqkX1fvO7AS6M0H76dxbM7mohpFa22eJGJtqZKVkbb_4AF0gvKDCfgvy1Ty0g$
<https://urldefense.com/v3/__https://kasowitz.zoom.us/j/92655892965?pwd=bmNlMjUyTk8xckJJZUdwRkNm
SkJiQT09__;!!Dahw-A9d0CA!gfu2GmZ6300WqBGeAx-qC3CVr1x0Q-GbBa3PK-
lvijLBYCHA5lXIrkyrQc0Cq5aoyw$>

Thanks,
Josh

From: Yothers, Stuart W. [mailto:syothers@jonesday.com]
Sent: Thursday, August 12, 2021 5:43 PM
To: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>; Kalish, Yury
<ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; mark
waltfairpllc<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-
A9d0CA!gS323lhdiUGE4DagEqO4A6kX8-7VMz4lmB40CD6tn8tgucyYaBE3jTyb2gyuL8q6qA$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; Jack Shaw
<JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>>; WSOU v. NEC
<WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Josh,

We have a conflict at 3:00 PM ET, but we are available from 11:30 AM – 2:00 PM ET and after 4:30 PM ET.

Thanks,
Stuart

Stuart W. Yothers (bio)<https://www.jonesday.com/en/lawyers/y/stuart-yothers?tab=overview>
Partner
JONES DAY® - One Firm Worldwide<http://www.jonesday.com/>℠
250 Vesey Street
New York, NY 10281-1047
Office +1.212.326.3893

From: Joshua A. Whitehill <JWhitehill@kasowitz.com<mailto:JWhitehill@kasowitz.com>>

Sent: Thursday, August 12, 2021 5:24 PM
To: Kalish, Yury <[ykalish@jonesday.com](mailto:ykalish@jonesday.com)>>; mark
waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-
A9d0CA!gfu2GmZ6300WqBGeAx-qC3CVr1x0Q-GbBa3PK-lvijLBYCHA5lXIrkyrQc1gQeu36Q$>
<[mark@waltfairpllc.com](mailto:mark@waltfairpllc.com)>>; Heather Kim
<[HKim@kasowitz.com](mailto:HKim@kasowitz.com)>>; Jack Shaw
<[JShaw@kasowitz.com](mailto:JShaw@kasowitz.com)>>; WSOU v. NEC
<[WSOUvNEC@kasowitz.com](mailto:WSOUvNEC@kasowitz.com)>>
Cc: NEC-WSOU-Team <[NEC-WSOU@jonesday.com](mailto:NEC-WSOU@jonesday.com)>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

** External mail **


Counsel:

We are available tomorrow at 3:00 PM (Eastern) to meet and confer about the proposed claim constructions, pursuant to the agreed-upon amended scheduling order. Please confirm your availability, and we'll provide a dial-in.

Thanks,
Josh


Joshua A. Whitehill
Kasowitz Benson Torres LLP
1633 Broadway
New York, NY 10019
Tel. (212) 506-1917
Fax. (212) 835-5006
[JWhitehill@kasowitz.com](mailto:JWhitehill@kasowitz.com)


This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.
From: Kalish, Yury [[mailto:ykalish@jonesday.com](mailto:ykalish@jonesday.com)]
Sent: Thursday, August 5, 2021 8:01 PM
To: mark [waltfairpllc.com](https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-)<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-
A9d0CA!gfu2GmZ6300WqBGeAx-qC3CVr1x0Q-GbBa3PK-lvijLBYCHA5lXIrkyrQc1gQeu36Q$>
<[mark@waltfairpllc.com](mailto:mark@waltfairpllc.com)>>; Heather Kim
<[HKim@kasowitz.com](mailto:HKim@kasowitz.com)>>; Jack Shaw
<[JShaw@kasowitz.com](mailto:JShaw@kasowitz.com)>>; WSOU v. NEC
<[WSOUvNEC@kasowitz.com](mailto:WSOUvNEC@kasowitz.com)>>
Cc: NEC-WSOU-Team <[NEC-WSOU@jonesday.com](mailto:NEC-WSOU@jonesday.com)>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

_____

ALERT: THIS IS AN EXTERNAL EMAIL. Do not click on any link, enter a password, or open an attachment unless you know that the message came from a safe email address. Any uncertainty or suspicion should be immediately reported to the Helpdesk.

_____
_____

Counsel,

Attached please find for service:

\* NEC's Preliminary Claim Constructions and Extrinsic Evidence
\* Accompanying production of extrinsic evidence (NEC-0041503 - 507)

Yury Kalish (bio<http://www.jonesday.com/ykalish/>)
Associate
JONES DAY® - One Firm Worldwide<http://www.jonesday.com/>℠
51 Louisiana Ave., N.W.
Washington, DC 20001-2113
Office +1.202.879.3616
Mobile +1.202.525.9787
ykalish@jonesday.com<mailto:ykalish@jonesday.com>


From: Kalish, Yury <ykalish@jonesday.com<mailto:ykalish@jonesday.com>>
Sent: Thursday, August 5, 2021 2:57 PM
To: mark waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!j1UEnmB8LeSLQS9RvA0-BoJlmws94zz6O4m4GvTGpJzh9froov9v96-wg6WKUL9ALQ$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>;
JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>;
WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

Mark – yes, 7pm CT works for us.

Yury Kalish (bio<http://www.jonesday.com/ykalish/>)
Associate
JONES DAY® - One Firm Worldwide<http://www.jonesday.com/>℠
51 Louisiana Ave., N.W.
Washington, DC 20001-2113
Office +1.202.879.3616
Mobile +1.202.525.9787
ykalish@jonesday.com<mailto:ykalish@jonesday.com>

From: mark waltfairpllc.com<https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-A9d0CA!j1UEnmB8LeSLQS9RvA0-BoJlmws94zz6O4m4GvTGpJzh9froov9v96-wg6WKUL9ALQ$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>
Sent: Thursday, August 5, 2021 2:28 PM

To: Kalish, Yury <ykalish@jonesday.com<mailto:ykalish@jonesday.com>>; Heather Kim
<HKim@kasowitz.com<mailto:HKim@kasowitz.com>>;
JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>;
WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: RE: WSOU v NEC: Exchange of claim constructions

** External mail **


Hi Yury,

Can we please exchange at 7pm central instead?

Thanks,

Mark

From: Kalish, Yury <ykalish@jonesday.com<mailto:ykalish@jonesday.com>>
Sent: Thursday, August 5, 2021 10:57 AM
To: Heather Kim <HKim@kasowitz.com<mailto:HKim@kasowitz.com>>; mark
waltfairpllc.com <https://urldefense.com/v3/__http:/waltfairpllc.com__;!!Dahw-
A9d0CA!j1UEnmB8LeSLQS9RvA0-BoJlmws94zz6O4m4GvTGpJzh9froov9v96-wg6WKUL9ALQ$>
<mark@waltfairpllc.com<mailto:mark@waltfairpllc.com>>;
JShaw@kasowitz.com<mailto:JShaw@kasowitz.com>;
WSOUvNEC@kasowitz.com<mailto:WSOUvNEC@kasowitz.com>
Cc: NEC-WSOU-Team <NEC-WSOU@jonesday.com<mailto:NEC-WSOU@jonesday.com>>
Subject: WSOU v NEC: Exchange of claim constructions

Counsel,

Exchange of claim constructions and extrinsic evidence is due today. We propose to exchange them at 6pm
Central Time – please let us know if this works for you.

In an effort to reduce the number of terms for construction, NEC will not be providing construction of the
following terms of the '213 Patent it has previously listed in its Identification of Claim Terms Requiring
Construction on July 19, 2021:

"supported communication transport configuration information"
"user preferences configured in the [at least one other] apparatus"
"formulat[e/ing] a configuration"
"a configuration"
"processing load information for the [at least one other] apparatus"
"receive wireless communication in an apparatus"

Thank you,
Yury

Yury Kalish (bio<http://www.jonesday.com/ykalish/>)
Associate
JONES DAY® - One Firm Worldwide<http://www.jonesday.com/>℠

51 Louisiana Ave., N.W.
Washington, DC 20001-2113
Office +1.202.879.3616
Mobile +1.202.525.9787
ykalish@jonesday.com<mailto:ykalish@jonesday.com>

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***
***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***