# EXHIBIT F

**Yothers, Stuart W.**

| | |
|---|---|
| **From:** | Jeffrey Gunnell <Jeffrey_Gunnell@txwd.uscourts.gov> |
| **Sent:** | Wednesday, September 22, 2021 6:01 PM |
| **To:** | Yothers, Stuart W.; mark waltfairpllc.com; WSOU v. NEC; NEC-WSOU-Team |
| **Subject:** | RE: WSOU v. NEC - Case Nos. 6:20-cv-000923 - 00927 - Request for Hearing |

** External mail **

Counsel,

Thank you for the clarification. While the Court understands counsel's desire to construe additional terms, this was not the intended result per the Court's order. It certainly appears that the Court's intent was obvious, given the breakdown of terms in the brief and the appendices (all 7 non-means-plus-function terms briefed, majority of agreed and disputed § 112, ¶ 6 terms in the appendices). The Court has taken note of the tactic and will be more explicit in the future when limiting the amount of terms to be briefed. Therefore, the Court will STRIKE Dkt. No. 29 for each of the cases in its entirety.

NEC is ORDERED to submit a new brief addressing all 14 agreed means-plus-function terms, along with 4 additional terms. This now brings the total to 18 terms, more than the originally allowed amount. Briefing page limits will remain as previously instructed, and any appendices addressing additional terms will be stricken.

Counsel for WSOU is instructed to file a Motion to Strike, including a Proposed Order. Please email me when the motion is on file.

Further, the parties are to confer and file a notice of a new briefing schedule. Please reach out with any questions.

Thanks,

**Jeffrey R. Gunnell**
Law Clerk to the Honorable Alan D Albright
United States District Court, Western District of Texas

---

**From:** Yothers, Stuart W. <syothers@jonesday.com>
**Sent:** Wednesday, September 22, 2021 3:41 PM
**To:** Jeffrey Gunnell <Jeffrey_Gunnell@txwd.uscourts.gov>; mark waltfairpllc.com <mark@waltfairpllc.com>; WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>
**Subject:** RE: WSOU v. NEC - Case Nos. 6:20-cv-000923 - 00927 - Request for Hearing

**CAUTION - EXTERNAL:**

Jeffrey,

Appendix A only addresses terms asserted to be subject to § 112, ¶ 6 – terms where either (i) the parties agree the term is subject to § 112, ¶ 6 (terms using "means for" language); or (ii) NEC asserts the term is subject to § 112, ¶ 6 (terms with functions identical to or nearly identical to the "means for" terms, but using "computer program code being configured to" or "a processor being configured to").  The terms addressed are summarized in the chart below:

1

|  | No. of terms the parties agree are not subject to § 112, ¶ 6 | No. of terms the parties agree are subject to § 112, ¶ 6 | No. of terms NEC asserts are subject to § 112, ¶ 6, but WSOU disputes | Total terms |
|---|---|---|---|---|
| Brief | 7 | 4 | 5 | 16 |
| Appendix | 0 | 10 | 14 | 24 |

As NEC's Position states in the joint September 20 email below, NEC respects the Court's authority to set reasonable limits on the number of terms to be construed during the *Markman* process, and for that reason NEC has selected, briefed, and presented for argument at the upcoming *Markman* hearing the 16 terms most likely to resolve, or at least narrow, the disputed issues in these five cases.  Nonetheless, NEC's understanding of the statute, 35 U.S.C. § 112, ¶ 6, and of related mandatory precedent and law, is that absent any mootness due to other claim constructions or substantive rulings, all terms that are governed by § 112, ¶ 6 must be construed before these cases are submitted to a jury, and NEC has therefore provided an appendix containing only the remaining disputed § 112, ¶ 6 terms to avoid waiver or forfeiture of its positions for these terms.  NEC does not expect these additional terms submitted in the appendix to be considered at the upcoming *Markman* hearing, but only at a time prior to trial that the Court deems appropriate.

Respectfully submitted,

Stuart W. Yothers (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
250 Vesey Street
New York, NY  10281-1047
Office +1.212.326.3893

---

**From:** Jeffrey Gunnell <Jeffrey_Gunnell@txwd.uscourts.gov>
**Sent:** Wednesday, September 22, 2021 2:47 PM
**To:** mark waltfairpllc.com <mark@waltfairpllc.com>; WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>
**Subject:** RE: WSOU v. NEC - Case Nos. 6:20-cv-000923 - 00927 - Request for Hearing

** External mail **

Counsel,

Exactly how many § 112, ¶ 6 terms were included in the 45 pages of briefing, and how many were addressed in the appendices? Please also note exactly how many terms that are not means-plus-function were addressed in the brief vs. appendices.

Thanks,

**Jeffrey R. Gunnell**
Law Clerk to the Honorable Alan D Albright
United States District Court, Western District of Texas

---

**From:** mark waltfairpllc.com
**Sent:** Monday, September 20, 2021 2:59 PM
**To:** Gunnell, Jeff <Jeff_Gunnell1@baylor.edu>

**Cc:** WSOU v. NEC <WSOUvNEC@kasowitz.com>; NEC-WSOU-Team <NEC-WSOU@jonesday.com>
**Subject:** WSOU v. NEC - Case Nos. 6:20-cv-000923 - 00927 - Request for Hearing

Dear Jeffrey,

I am writing on behalf of WSOU Investments, LLC and NEC. The Parties have a dispute about NEC's opening claim construction submission. Because WSOU's Responsive Brief is due October 5, 2021, we ask for a teleconference with the Court as soon as possible. The Parties' positions on the issue are briefly set forth below:

**WSOU's Position:**

On September 1, 2021, the Court **_ordered_** NEC's opening claim construction brief to address no more than 16 terms and be no longer than 45 pages. *See attached email*. Disregarding the Court's order and attempting to shoe-horn in an additional brief, NEC filed an approximately 30-page supplemental brief (Appendix A) and an additional supporting declaration (Appendix B) regarding dozens of additional claim terms not addressed in NEC's opening brief. NEC's attempt to obtain additional pages and terms is completely improper and in disregard of the Court's order and the Court's OGP. In light of the Court's ruling, WSOU should not have to devote its time and resources to responding to NEC's unauthorized brief, especially when it needs to focus on responding to NEC's Court-authorized opening brief.  NEC's statement in Appendix A that it does not "assert or expect that WSOU need respond to this appendix and NEC's constructions of these additional § 112, ¶ 6 terms at this time, including not having to do so in WSOU's responsive claim construction brief" is plainly insufficient to remedy the extreme prejudice to WSOU imposed by NEC's violation of the Court's order.

WSOU respectfully requests that the Court formally strike both Appendix A (Dkt. 29-19) and Appendix B (Dkt. 29-19).

**NEC's Position:**

NEC has not disregarded the Court's Order.  This is not a discovery dispute, and WSOU's email request to strike NEC's submission is improper.  If any motion to strike is to be considered by the Court, NEC respectfully submits that a motion should be filed and requests that the parties be given the opportunity to brief this issue, or that a teleconference be scheduled with the Court to discuss any such briefing.  As noted below, there should be no need for action at this time.  NEC's opening claim construction brief addressed only 16 terms and within the permitted 45 pages.  NEC will present these 16 terms at the *Markman* hearing.  NEC expects that on October 5, 2021, WSOU will respond to these 16 terms and 45 pages.  On a call earlier today, NEC noted that a joint email to the court could obviate this dispute by jointly requesting that the court confirm what Appendix A states -- that there is no need for WSOU to respond to NEC's Appendix A at this time, and that NEC will not oppose WSOU being granted leave to respond to the Appendix at a time and in a manner instructed by the Court.  While WSOU acknowledged that there is no waiver by NEC if these additional terms are not construed now, WSOU declined to submit an agreed request to the Court.  Instead, WSOU hopes to suggest that Appendix A is something other than what it is.  Appendix A explains itself as follows:

> Defendant NEC Corporation ("NEC") respectfully submits this appendix and supplemental argument regarding the construction of additional claim terms asserted by WSOU that are governed by 35 U.S.C. § 112, ¶ 6. Specifically, this appendix discusses the additional § 112, ¶ 6 terms that are not included within the 16 terms that the Parties have agreed to brief and have heard at the *Markman* hearing set for November 2021.
>
> NEC again acknowledges the Court's authority to set reasonable limits on the number of terms to be construed during the *Markman* process, as NEC stated when the Parties provided their submissions about the number of claim terms for the *Markman* hearing. NEC does not dispute that the Court has limited the upcoming *Markman* hearing to 16 terms, or its authority to do so. To that end, NEC has selected, briefed, and presented for argument at the upcoming *Markman* hearing the sixteen terms most likely to resolve, or at least narrow, the disputed issues in these five cases. These sixteen terms include indefinite § 112, ¶ 6 terms from the asserted

3

'213 patent. If the Court agrees with NEC that these terms are, indeed, indefinite, then there should be no need to further reach the additional issues discussed in this appendix for at least for the '213 patent.

Nonetheless, NEC's understanding of the statute, 35 U.S.C. § 112, ¶ 6, and of related mandatory precedent and law, is that absent any mootness due to other claim constructions or substantive rulings, all terms that are governed by § 112, ¶ 6 must be construed. *E.g., Kemco Sales, Inc. v. Control Papers Co.*, 208 F.3d 1352, 1360 (Fed. Cir. 2000). This includes in particular those terms that recite "means for" and are subject to the presumption that § 112, ¶ 6 applies. Further, WSOU's asserted claims of the '213 and '017 patents include additional claim terms that are subject to § 112, ¶ 6, but are not part of the sixteen terms presented for construction under the Court's *Markman* hearing limit. These additional § 112, ¶ 6 terms are *sui generis* and are not amenable to any plain and ordinary meaning. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008) (observing that, *even if* the court determines a claim term has the "plain and ordinary meaning," it "may be inadequate" when "reliance on the term's 'ordinary' meaning does not resolve the parties' dispute"). The Federal Circuit has affirmed that terms subject to § 112, ¶ 6 must be construed and cannot be presented to the jury on any plain and ordinary meaning. *Kemco*, 208 F.3d at 1360; *see also AFG Indus., Inc. v. Cardinal IG Co.*, 239 F.3d 1239, 1247 (Fed. Cir. 2001) ("It is critical for trial courts to set forth an express construction of the material claim terms in dispute, in part because the claim construction becomes the basis of the jury instructions, should the case go to trial."). Indeed, if this case proceeds to trial, then the jury must be instructed on the construction of each such § 112, ¶ 6 term, including of its specified function and its corresponding structure. Doing otherwise would improperly submit this issue as a question of fact to the jury, instead of as a question of law to the Court, and be legal error. *See, e.g., O2 Micro*, 521 F.3d at 1362–63 (remanding to the district court to adjudicate the parties' dispute regarding the proper scope of the claim term "only if").

NEC further respectfully submits that any procedural limits on the number of claim terms for construction for the *Markman* hearing cannot supersede the substantive requirement to construe each § 112, ¶ 6 term—but NEC certainly respectfully acknowledges the Court's inherent authority to manage its docket and schedule, including to forego construction of additional § 112, ¶ 6 terms until that must be done, such as when the jury requires instruction on their meaning. Indeed, if NEC does not propose constructions and argument for these claim terms, then it risks waiver or forfeiture of any such constructions. *See, e.g., Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 628 F.3d 1359, 1376 (Fed. Cir. 2010) ("Even if Lazare were correct that the parties' disagreement concerned the scope of the limitation, Lazare waived this argument by not raising it before the district court.").

WSOU has asserted that § 112, ¶ 6 terms may be accorded their plain and ordinary meaning, do not always require construction, and cannot be construed if doing so would exceed the Court's procedural limits on the number of terms to be construed. NEC disagrees, and believes it is obligated to present for construction all § 112, ¶ 6 terms, with the Court then exercising its broad discretion to decide when to construe these terms, and whether doing so may become moot in light of other substantive rulings. To date, WSOU has not provided any legal authority for its position that the substantive requirements of § 112, ¶ 6 must give way to procedural limits on how many claim terms are subject to construction in a patent case, nor is NEC aware of any such authority.

For the foregoing reasons, including to avoid any assertion that NEC has waived or forfeited its positions on these additional § 112, ¶ 6 terms, NEC therefore respectfully submits this appendix and supplemental argument. The attached pages present NEC's positions on the remaining terms subject § 112, ¶ 6 from the '213 and '017 patents. Notably, this submission is limited **solely** to § 112, ¶ 6 terms. In light of the Court's sixteen-term limit for the upcoming *Markman* hearing, NEC **does not** intend to seek leave to argue any of these additional § 112, ¶ 6 terms at that hearing. Nor does NEC assert or expect that WSOU need respond to this appendix and NEC's constructions of these additional § 112, ¶ 6 terms at this time, including not having to do so in WSOU's responsive claim construction brief. Again, resolution of the sixteen terms presented in the Court's allotted limits for the *Markman* hearing may moot the need to resolve many of the additional § 112, ¶ 6 issues set forth in the following pages (e.g., if one term in a given claim is found to be indefinite, the entire claim is invalid and

no other terms in that claim may require resolution at this time). And, if it does become apparent that any of these additional § 112, ¶ 6 issues need to be addressed (e.g., if the case is to be tried), NEC will not oppose WSOU being granted leave to respond to this appendix and its additional issues at a time and in a manner instructed by the Court.

Therefore, NEC respectfully submits the attached appendix of additional briefing and associated expert declaration on these additional § 112, ¶ 6 terms. NEC further respectfully requests that if these issues have not been mooted before then, that the Court enter an Order construing these terms before the case is presented to any jury at trial.

NEC respectfully requests that Appendix A (Dkt. 29-19) and Appendix B (Dkt. 29-19) not be stricken and that WSOU be granted leave to respond to the appendices at a time and in a manner instructed by the Court, if it becomes necessary for WSOU to respond in the future.  If any motion to strike is to be considered by the Court, NEC respectfully submits that a motion should be filed and requests that the parties be given the opportunity to brief this issue.

Sincerely,

**Mark Siegmund**
**Walt Fair, PLLC**
mark@waltfairpllc.com
1508 North Valley Mills Drive
Waco, Texas  76710-4462
Telephone: (254) 772-6400
Direct: (254) 730-4421
Fax: (254) 772-6432
waltfairpllc.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

***This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.***

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.