# EXHIBIT 7
# File History of U.S. Patent No. 8,041,017

U.S. PTO
11/725011
03/16/2007

20427   U.S. PTO
031607

Case Name/No.:  Goldman 56-37-36-44
Attorney Docket No.: LUTZ 2 00519

PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

*NEW LARGE ENTITY APPLICATION TRANSMITTAL*

Transmitted herewith for filing is the patent application of:

**Stuart O. Goldman, Richard E. Krock, Karl F. Rauscher and James P. Runyon**

**Entitled:**   EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING

1. **Required Papers Enclosed under 37 CFR 1.53(b) (Regular):**

   | | |
   |---|---|
   | 18 | Pages of specification |
   | 3 | Pages of claims |
   | 1 | Page of Abstract |
   | 2 | Sheets of Drawings (Figures 1 and 2) |

2. **Declaration or oath**

   ☒   Enclosed (**unexecuted**)

3. **Assignment**

   ☐   An assignment of the invention to:  **Lucent Technologies Inc.** is enclosed as well as the "Assignment Recordation Form Cover Sheet".

   ☒   Payment for the filing of this Assignment is authorized to be charged to a Credit Card.  The appropriate form PTO-2038 is enclosed for this purpose. If the Credit Card is unable to be charged, please charge any and all fees or credit any overpayment to Deposit Account No. 06-0308.

4. **Information Disclosure Statement**

   ☐   Enclosed      ☐   PTO/SB/08 Form      ☐   References

5. If a **Continuing Application**, *check appropriate box and supply the requisite information*:

   ☐   Continuation      ☐   Divisional         ☐   Continuation-in-part
   of prior application no.            Examiner:         Art Unit:

6. **Fee Calculation (37 CFR 1.16)**

| CLAIMS AS FILED, LESS ANY CLAIMS CANCELED BY ABOVE-INDICATED AMENDMENT(S) | | | | |
|---|---|---|---|---|
| (1) FOR | (2) NUMBER FILED | (3) NUMBER EXTRA | (4) RATE | (5) CALCULATIONS |
| TOTAL CLAIMS (37 CFR 1.16(c)) | 15 - 20 = | 0 | x $50 | = $0.00 |
| INDEPENDENT CLAIMS (37 CFR 1.16(B)) | 2 - 3 = | 0 | x $200 | = $0.00 |
| MULTIPLE DEPENDENT CLAIMS (IF APPLICABLE) (37 CFR 1.16(D)) | | ANY - - 0 | x $360 | = $0.00 |
| UTILITY APPLICATION SIZE FEE (FOR APPLICATION THAT EXCEED 100 SHEETS, FEE FOR EACH GROUP OF 50 ADDITIONAL SHEETS) | 0 GROUP(S) | | x $250 | = $0.00 |
| | | | BASIC FEE (37 CFR 1.16(a)) | $300.00 |
| | | | UTILITY SEARCH FEE | $500.00 |
| | | | UTILITY EXAMINATION FEE | $200.00 |
| | | | TOTAL LARGE ENTITY FEE   = | $1,000.00 |

7.   **Method of Payment**

☒   The fees indicated above are authorized to be charged to a credit card. The appropriate form PTO-2038 is enclosed for this purpose. If the credit card is unable to be charged, please charge any and all fees or credit any overpayment to Deposit Account No. 06-0308.

8.   **Please address correspondence to:**
**CUSTOMER NUMBER 048116**

9.   **Please direct telephone calls to:**
**Joseph D. Dreher**
Telephone: 216-861-5582
Facsimile: 216-261-1444
Email: jdreher@faysharpe.com

Respectfully submitted,

FAY SHARPE LLP

March 16, 2007
Date

John P. Cornely, Reg. No. 41,687
1100 Superior Avenue
Seventh Floor
Cleveland, OH 44114-2579
216-861-5582

---

CERTIFICATE OF EXPRESS MAILING

I certify that this Large Entity New Application Transmittal and accompanying documents are being deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 C.F.R. 1.10 on the date indicated below and is addressed to the Commissioner For Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

| Express Mail Label No.: | Signature |
|---|---|
| EV 889469205 US | |
| **Date** | **Printed Name** |
| March 16, 2007 | Iris E. Weber |

**Client Case Name/No.: Goldman 56-37-36-44**

**Attorney Docket No.: LUTZ 2 00519**

# EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING

## Field

The present inventive subject matter relates to the telecommunication arts. Particular application is found in conjunction with certain types of telecommunication networks, and the specification makes particular reference
5   thereto. However, it is to be appreciated that aspects of the present inventive subject matter are also amenable to other like applications and/or networks.

## Background

In general, it is known to use a telecommunications network, e.g., such as the Public Switched Telephone Network (PSTN) or the like, to complete an
10   emergency call. In many European countries, for example, an emergency telephone service is accessed by dialing 2-1-1. In the United States, 9-1-1 and enhanced 9-1-1 emergency telephone services and the like are known and widely available. Typically, when an emergency call is placed (e.g., by dialing a designated telephone number such as 9-1-1), the emergency call is directed in
15   the usual manner to a Public Safety Answering Point (PSAP) or other like network facility that serves the calling party or is otherwise situated to receive the emergency call.

Commonly, the emergency call placed by the calling party or caller is answered by a call taker or operator manning a workstation at the PSAP
20   facility. Ideally, the calling party reports the nature of the emergency to the operator, e.g., so that the operator can dispatch the appropriate form of aid, such as, the police, fire fighters, ambulance, etc. Of course, as can be appreciated, there are numerous circumstances in which the calling party is unable to effectively communicate with the PSAP operator. For example, the

- 2 -

calling party and the operator may speak different languages or the calling party may be physically impaired or disabled so as to be unable to speak or hear. As can be appreciated, when the caller is not able to communicate readily with the call taker it is difficult for the call taker to know what type of emergency response should be dispatched. Moreover, delays in dispatching the correct form of help can be disadvantageous.

To address the foregoing issues, certain solutions have been developed and/or implemented. For example, to better serve the hearing impaired population PSAPs are commonly equipped or otherwise provisioned to accept TTY/TDD calls, i.e., calls in which a telephony teletype (TTY) and/or telecommunications device for the deaf (TDD) is employed. Additionally, by employing multi-lingual operators, a PSAP is able to more effectively communicate with a wider range of callers that speak different languages. While the foregoing solutions are generally effective, they have some limitations, and they do not address other circumstances in which a communication barrier may still exist between the calling party and the operator.

For example, while a staff of multi-lingual operators can be advantageous, it is typically too burdensome to have a staff of operators on duty that can speak all the different languages that may be encountered from time to time. That is to say, the operators are normally fluent in only a limited number of languages that are most commonly spoken by the general public in the geographic region that the PSAP serves. Accordingly, PSAP operators may not be able to converse in relatively more obscure languages, for example, which may be spoken by visiting foreigners, outsiders, small local minority populations, etc.

In yet another example, the calling party may be mentally handicapped or disabled or otherwise mentally impaired and therefore unable to effectively communicate or report the nature and/or circumstances of the emergency. For example, the occupants of group homes that may have mental or other impairments and other similarly situated individuals may be able to recognize an emergency situation and call 9-1-1, but they are not able to convey the nature of the emergency. Additionally, the manner in which a mentally impaired

- 3 -

caller may speak or communicate may lead the operator to misunderstand the caller or not appreciate the calling party's true demeanor or the actual circumstances surrounding the emergency. For example, a mentally impaired caller may appear childlike or even intoxicated from the manner in which they
5    speak and the operator might erroneously infer that the call is a hoax or prank or otherwise misconstrue the seriousness of the call.

Furthermore, there are cases in which it is advantageous to notify a third party that an emergency call has been originated. The group home situation is again an example where notifying a responsible third party of an emergency or
10   problem can be beneficial. For example, such notification may be useful for marginally capable people living semi-independently but otherwise relying on a trusted third party for assistance.

In cases such as the foregoing, it would be advantageous to have a system or method whereby the assistance of one or more third parties could be
15   automatically enlisted to help overcome the communication barrier. Heretofore, however, emergency telephone services have not been developed which suitably achieve this goal.

Accordingly, a new and improved method and/or system for automatically bridging third parties into emergency calls is disclosed that
20   overcomes the above-referenced problems and others.

## Summary

In accordance with one embodiment, a method for processing emergency calls in a telecommunications network is provided. The method includes: receiving a first call at a node of the telecommunications network from
25   a calling party that originated the first call; detecting that the received first call is an emergency call; establishing a conference bridge in response to the detected emergency call; connecting the emergency call over the conference bridge to a designated facility that handles emergency calls; and, automatically originating at least one second call from the node to at least one predetermined
30   third party that is different than the calling party and the facility.

In accordance with another embodiment, a system for processing emergency calls in a telecommunications network is provided. Suitably, the

- 4 -

telecommunications network includes a node that receives a first call from a calling party, and the node includes: detecting means for detecting that the received first call is an emergency call; reserving means for reserving conference facilities in response to the detected emergency call; connecting

5  means for connecting the emergency call using the reserved conference facilities to a designated second party that handles emergency calls; and, calling means for automatically originating at least one second call from the node over the telecommunications network to at least one predetermined third party that is different than the calling party and the second party.

10  Numerous advantages and benefits of the inventive subject matter disclosed herein will become apparent to those of ordinary skill in the art upon reading and understanding the present specification.

## Brief Description of the Drawings

The inventive subject matter may take form in various components and
15  arrangements of components, and in various steps and arrangements of steps. The drawings are only for purposes of illustrating preferred embodiments and are not to be construed as limiting. Further, it is to be appreciated that the drawings are not to scale.

FIGURE **1** is a block diagram illustrating an exemplary
20  telecommunications network suitable for practicing aspects of the present inventive subject matter.

FIGURE **2** is a flow chart showing an exemplary process embodying aspects of the present inventive subject matter.

## Detailed Description of Preferred Embodiments

25  For clarity and simplicity, the present specification shall refer to structural and/or functional elements, entities and/or facilities, relevant communication standards, protocols and/or services, and other components that are commonly known in the telecommunications art without further detailed explanation as to their configuration or operation except to the extent they have been modified or
30  altered in accordance with and/or to accommodate the preferred embodiment(s) presented herein.

- 5 -

Generally, the present specification describes a new and improved emergency calling service and/or feature, nominally termed herein third party emergency call bridging (3PECB). In particular, if a calling party subscribes to the 3PECB service and/or the feature is otherwise enabled and/or activated, then when the calling party places an emergency call (e.g., by dialing 9-1-1), one or more designated third parties are automatically joined to the emergency call or optionally notified of the emergency call.

In a suitable embodiment, when a caller with the 3PECB feature places a 9-1-1 or other like emergency call, suitable conference facilities and/or elements (e.g., within the serving node) are reserved and the call is routed to a PSAP or the like via an associated conference line or path as is otherwise normally done, e.g., with traditional 9-1-1 or enhanced 9-1-1 or other like services. However, suitably in parallel with the connection of the emergency call to the PSAP, one or more calls are placed or otherwise originated to one or more designated telephone numbers or other like addresses of one or more selected third parties. Optionally, the PSAP is also provided a signal or other indication that the one or more third parties have been called and that they may be bridged or otherwise joined to the emergency call.

Suitably, if and/or when the call to the third party is answered, an announcement is played or other signal is provided to the third party explaining or otherwise indicating the situation and/or the purpose for the call, e.g., optionally identifying the party that originated the emergency call. If the third party acquiesces or otherwise indicates a willing to participate in the emergency call, then the third party is bridged to the emergency call and may join in the conversation, provided of course that the calling party is already and/or still connected to the PSAP. Accordingly, the joining third party can then assist in the communication and/or aid in removing any communication barriers, e.g., so that the appropriate emergency response can be dispatched by the PSAP. Moreover, the third party may take any desired follow-up actions deemed appropriate.

Depending on the particular circumstances, the selected third party can be any number of individuals or other entities. For example, if the calling party only speaks a foreign language that is not like to be understood by a typical

- 6 -

PSAP operator in the geographic area served by the PSAP, then the third party may be a suitable translator. For example, if the calling party is a foreign visitor, the third party may be the local embassy from the visitor's home country. In yet another example, if the calling party is mentally or otherwise impaired or a

5    marginally capable individual (e.g., living semi-independently), then the third party may be a trusted friend, family member, case manager or other care taker.

Regardless of who the third parties may be, it is to be noted that suitably the emergency call set-up to the PSAP is not delayed nor is it dependant on the

10    third party being called or joining. As can be appreciated, the greater urgency is generally that the emergency call reach the PSAP as soon as possible, and then the third party can optionally join into the conversation already under way if and/or when the third party answers. If the third party does not answer, the emergency call suitably proceeds without the third party's assistance.

15    Optionally, the third party may still be notified after the fact.

It is also to be noted that with the approach presented herein the conversation between the calling party and PSAP operator is not disrupted with ringing or busy signals from the third party call insomuch as the third party is only connected to the bridge after they answer, hear the announcement, and

20    acquiesces to participation. Moreover, since the bridge is established prior to connection to the PSAP, there is no negative interaction with the PSAP control on the call path, or recall. Additionally, since the bridge is suitably established at the node providing the service no new signaling protocol has to be developed. Rather, the existing conventional signaling is sufficient to inform the

25    node when the third party answers or is busy.

As described below, the 3PECB service is provided by the serving network access node. However, it is to be appreciated, that optionally the 3PECB service may similarly be provided by the PSAP or an alternate node in the telecommunication network, e.g., the PSTN.

30    With reference now to FIGURE **1**, a calling party uses an end user terminal or end instrument or originating station or terminal **10** to selectively place or originate telephone calls in the usual manner over a telecommunications network **20**, e.g., a public switched telephone network

- 7 -

(PSTN). Suitably, the terminal **10** receives service and/or obtains access to the network **20** via an originating exchange, end office (EO) or other network access node **30** that is operatively connected to and/or in communication with the network **20** in the usual manner. While for simplicity and clarity herein only 5   one originating terminal **10** and one originating node **30** are illustrated in the present example, it is to be appreciated that any one such node suitably serves a plurality of similarly situated terminals and that a plurality of such originating nodes are similarly equipped and/or likewise arranged with respect to the network **20**.

10        Suitably, the terminal **10** and the network access node **30** are implemented in either a landline or wireline configuration or a wireless or mobile configuration. For example, in a landline or wireline configuration, the terminal **10** is optionally a landline telephone or other like end user telecommunication device or landline customer premises equipment (CPE), 15   and the network access node **30** serving the terminal **10** is an EO, exchange or other network access node that is operatively connected to the network **20** (e.g., the PSTN) in the usual manner. Suitably, the EO, exchange or other like network access node **30** includes a telecommunications switch (e.g., a class 5 switch such as the 5ESS Switch or another SS7 switch or other like hard or soft 20   switch) to which the terminal **10** is operatively connected in the usual manner, e.g., via a twisted-pair landline cable, wire or the like. In a wireless or mobile configuration, e.g., the node **30** serving the terminal **10** is optionally a mobile switching center (MSC) or other like network node operatively connected to and/or in communication with the network **20** in the usual manner. Suitably, the 25   MSC is also operatively connected to and/or in communication with a plurality of base stations (not shown) in the usual manner. As is understood in the art, each base station (BS) provides an over-the-air radio frequency interface for its respective geographic area or cell. Selectively, the terminal **10** (which in this embodiment is optionally a mobile or wireless telephone or other appropriate 30   mobile station (MS)) is provided telecommunication services and/or otherwise accesses the network **20** via the interface and/or the BS serving the cell in which the MS is located.

- 8 -

Moreover, while described herein generally with reference to calls placed over a circuit switched network (such as the PSTN) and via the aforementioned landline and/or wireless network access technologies, it is to be appreciated that the present inventive subject matter is also applicable to

5     other types of networks (e.g., packet switched networks such as the Internet and the like) and/or other types of network access technologies (e.g., employed in VoIP (Voice over Internet Protocol) telephony) and Multi-media connections). For example, optionally, the originating or network access providing node **30** includes and/or is implemented as a next generation network (NGN) server.

10    Suitably, the terminal **10** connects to the NGN server via an appropriate network connection, e.g., such as an Internet Protocol (IP) connection or the like.

In a suitable embodiment, the network access node **30** and/or the applicable switching or other equipment embodied therein is also provisioned

15    with an emergency call service or feature, e.g., such as 9-1-1 or enhanced 9-1-1 service or the like. Accordingly, when the terminal **10** is used to place an emergency call (e.g., by dialing 9-1-1 in the United States of America or another emergency telephone number or code as may be the case in other countries), the node **30** serving the terminal **10** recognizes the call as an

20    emergency call, and the call is routed in the usual manner over the network **20** to a designated PSAP **40**, e.g., one serving the geographic area in which the terminal **10** is located.

When the emergency call is ultimately answered by the PSAP **40**, then in the usual manner a signal, message or other appropriate indication of the

25    same is returned to the originating node **30**. Accordingly, the node **30** simply completes the call set-up in a conventional manner so that the call is connected through the network **20** to the PSAP **40**. Upon receiving the call, the PSAP **40** suitably routes and/or otherwise connects the call to a workstation **42** of an available PSAP operator or call taker **44**. For simplicity and clarity herein, only

30    one PSAP and one workstation are illustrated in the present example. However, it is to be appreciated that a single PSAP is suitably provisioned with a plurality of workstations in the usual manner and that a plurality of PSAPs are similarly equipped and/or likewise arranged with respect to the network **20**.

- 9 -

Optionally, subscription information or data regarding individuals that subscribe to the 3PECB service provided by the node **30** is maintained in a subscriber database (DB) **32** or the like that is accessible by the node **30**. Suitably, the subscription information identifies which individuals or terminals served by the node **30** subscribe to the 3PECB service and/or have the feature
5  enabled or otherwise activated. Accordingly, when an emergency call is identified by the node **30**, the node **30** accesses the DB **32** to determine if the calling party is a subscriber and/or if the service is enabled or otherwise activated for the terminal **10**. For example, the node **30** optionally employs ANI
10  (Automatic Number Identification) or another similar function to identify the telephone number associated with or assigned to the terminal **10** from which the emergency call is being placed and uses the obtained number to reference a corresponding entry in the DB **32**. If according to the referenced entry the calling party is not a subscriber or if the 3PECB service is not enabled or
15  activated for the terminal **10**, then access to the 3PECB service is denied, otherwise if according to the referenced entry the calling party is a subscriber and if the 3PECB service is enabled and/or activated for the terminal **10**, then the 3PECB service is invoked.

In one exemplary embodiment, if the calling party subscribes to the
20  3PECB service and/or the feature is otherwise enabled and/or activated when the emergency call is placed from the terminal **10**, then the node **30** reserves appropriate conference call facilities and/or elements (e.g., within the serving node **30**) and the emergency call is set-up with the PSAP **40** so as to be connected therewith as is otherwise described above via a conference line or
25  path associated with the reserved conference facilities and/or elements, i.e., the established conference bridge. Optionally, the conference bridge is established at the node **30** providing the 3PECB service prior to the connection of the emergency call with the PSAP **40**. Optionally, the node **30** also provides the PSAP **40** a signal or other indication (e.g., via the connection established
30  therewith) that a third party has been called and that they may be bridged or otherwise joined to the emergency call. Suitably, in parallel or concurrently with connecting the emergency call to the PSAP **40**, the node **30** also places or otherwise originates a call to at least one designated telephone number or

- 10 -

other like address associated with and/or assigned to an end user terminal **50** of a pre-selected third party. For simplicity and clarity herein, reference is made to only one third party call and only one third party terminal **50** is shown. It is to be appreciated, however, that multiple third party calls may be placed by the node **30**, either in parallel (i.e., concurrently with one another) or serially (i.e., one after the other), to multiple terminals situated similarly to the terminal **50**.

5

In one exemplary embodiment, for each calling party or terminal that is served by the node **30** and subscribes to the 3PECB service, one or more telephone numbers or other like addresses corresponding to one or more pre-selected third parties is maintained in another DB **34** or look-up-table (LUT) or other such list which is accessible by the node **30**. Suitably, the 3PECB service subscriber or other appropriate proxy supplies or otherwise provides the selected telephone numbers or addresses that they wish the node **30** to call when an emergency call is originated by the subscriber from the terminal **10**. Accordingly, when an emergency call is identified by the node **30** and it has been determine that the calling party is a subscriber and/or the service is enabled or otherwise activated for the terminal **10**, then the node **30** accesses the DB **34** to obtain the corresponding telephone numbers or addresses to which one or more third party calls are placed. For example, the node **30** optionally employs ANI (Automatic Number Identification) or another similar function to identify the telephone number associated with or assigned to the terminal **10** from which the emergency call originated and uses the obtained calling party number to reference a corresponding entry in the DB **34**. Optionally, if the calling party number has already been obtained by the node **30** (e.g., to confirm subscription information), then the node **30** may simply reuse that calling party number or other related and/or obtained subscriber identification information when accessing the DB **34**.

10

15

20

25

Suitably, if only a single third party number or address is listed in the DB **34**, then node **30** only originates the third party call to that single terminal (e.g., such as the terminal **50**). Suitably, if the third party's line is busy or they do not answer, then the node **30** repeatedly places the third party call until a desired result is achieved (e.g., the call is answered and/or the third party is joined to

30

- 11 -

the emergency call) and/or so long as the emergency call is on going or some determine time limit has not expired.

Alternately, if multiple third party numbers or addresses are listed in the DB **34**, the node **30** may originate third party calls to one or more of the listed
5    numbers or addresses. In one suitable embodiment, the third party numbers are list in order of preference, and the node **30** serially places third party calls successively to each listed number or addresses until a desired result is reached, e.g., until one or more of the third parties is bridged to or otherwise joins the emergency call or until one or more third parties receive notification of
10   the incident or until some other combination of results is achieved. In this manner, the node **30** progresses through the list one telephone number or address at a time in the order of preference. Accordingly, if the first listed third party (i.e., the calling party's first choice) does not answer the third party call placed by the node **30** or their line is busy or they refuses to participate or they
15   are not otherwise joined to the conference bridge supporting the emergency call, then the node **30** places the next third party call to the next listed number or address (i.e., the calling party's second choice or first alternate). Similarly, if the first alternate does not answer the third party call placed by the node **30** or their line is busy or they refuses to participate or they are not otherwise joined
20   to the conference bridge supporting the emergency call, then the node **30** places the next third party call to the next listed number or address (i.e., the calling party's third choice or second alternate), and so on. Suitably, the foregoing cycle is repeated until a desired result is achieved and/or so long as the emergency call is on going or some determine time limit has not expired.
25   Optionally, if the bottom of the list is reached without a successful result, the node **30** may return to the top of the list and start again. However, in each successive cycle, the node **30** may optionally skip those parties that previously opted not to participate and/or those third parties whose calls where answered by an automated answering device or service.

30        In another suitable embodiment, the node **30** places third party calls in parallel to all the listed numbers or addresses, in which case if multiple third parties answer and agree to participate in the emergency call, then all such third parties are optionally joined to the conference bridge on which the

- 12 -

emergency call is being supported. Alternately, in the case of multiple parallel third party calls, only the first or a limited number of third parties that answer the call earliest and agree to participate are joined to the conference bridge on which the emergency call is being carried. Suitably, the node **30** repeatedly

5    places the parallel third party calls until a desired result is achieved and/or so long as the emergency call is on going or some determine time limit has not expired. However, in each successive repetition, the node **30** may optionally omit those parties that had previously answered the third party call insomuch as with respect to those third parties a desired objective has already been

10   achieved, i.e., i) they have already answered and agreed to participate and are therefore already joined to the emergency call; ii) they have already answered and been notified of the incident but choose not to participate; or iii) an automated answering device or service has answered and captured a provided message (described below) thereby notifying the third party of the incident.

15        If and/or when the call to the terminal **50** is answered by a third party, suitably the node **30** provides or plays a signal or an announcement or other message to the third party explaining or otherwise indicating the situation and/or the purpose for the call, e.g., optionally identifying the party that originated the emergency call. For example, the identity of the calling party

20   which is provided by the node **30** is optionally the calling party number obtained by the node **30** when previously executing the ANI or other like function, or alternately, the calling party's name is optionally provided (e.g., which the node **30** optionally obtains from the subscriber DB **32**).

        Suitably, following the aforementioned signal or announcement or other

25   like message, the node **30** prompts the third party to respond or signal or otherwise indicate if they wish to participate in the emergency call. For example, the node **30** may request that the third party indicate their selection by pressing a designated numeric key on the terminal **50** or the node **30** may be provisioned with voice recognition capabilities and the third party may be

30   given the option to speak or otherwise verbalize their selection. Notably, the active selection of a participation choice by the third party serves a variety of purposes. One purpose is to allow the third party to chose whether or not they wish to participate in the emergency call. Another purpose is to allow the node

- 13 -

**30** to distinguish between an actual individual answering the third party call and an answering machine or voicemail or other automated device or service answering the call. Typically, the latter will not be able to make the designated selection, and accordingly, the node **30** will recognize that an actual person has

5     not answered the third party call and can then take further appropriate action based upon this information. However, because the selection process follows the delivery of the signal or announcement or other like message, even if the call is answered by an answering machine or voicemail or some other automated call recording device, the third party is still notified of the incident, at

10    least insomuch as the signal or announcement or message is captured by the answering machine or voicemail or the like. Accordingly, when the third party retrieves or otherwise obtains their messages, they are made aware that the emergency call was placed by the calling party and an attempt was made to conference the third party into the emergency call. Similarly, even if the third

15    party chooses not to participate in the emergency call, they are still notified by the signal or announcement or other like message of the incident and can take any appropriate action they deem advisable. Nevertheless, even if the third party chooses not to participate, suitably the emergency call continues as usual between the calling party and the PSAP **40**, albeit without the third party.

20         On the other hand, provided the third party acquiesces or otherwise indicates a willingness to participate in the emergency call, then the node **30** upon receiving the appropriate response or signal or other suitable indication from the terminal **50** bridges or otherwise joins the third party call to the emergency call, e.g., using the reserved conference facilities and/or elements

25    or the conference bridge that has already been established and through which the calling party is connect with the PSAP **40**. Suitably, however, if the calling party is not connected to the PSAP **40** or the emergency call has already ended or has otherwise been terminated, then the third party is optionally so notified and is not bridged or otherwise joined to the emergency call.

30    Nevertheless, even after the emergency call has ended or otherwise been terminated, the node **30** optionally continues to place calls to one or more of the third parties that had not previously answered (e.g., for some determined period of time after the emergency call has ended) in order to notify the

- 14 -

respective third parties of the incident. Optionally, even if no third party call is answered, suitably the emergency call continues as usual between the calling party and the PSAP **40**, albeit without a third party.

5
With reference to FIGURE **2**, a flow chart provides an example of how the 3PECB service/feature is administered. As illustrated, the process begins at step **100** with the calling party employing the terminal **10** served by the node **30** to place or originate a call over the network **20**. At decision step **102**, the node **30** determines (e.g., by monitoring the telephone number or code dialed) if the call is an emergency call. If the call is not an emergency call (i.e., 9-1-1 or

10
some other emergency number or code was not dialed or entered via the terminal **10**), then the process branches to step **104** and the call is treated in the usual non-emergency fashion. Otherwise, if the call is an emergency call (i.e., 9-1-1 or some other emergency number or code was dialed or entered via the terminal **10**), then the process continues to step **106** where the node **30**

15
obtains relevant caller information. For example, ANI or another like function is optionally employed by the node **30** to obtain the calling party number, which in turn may be used by the node **30** to obtain subscriber information from the DB **32**.

20
Following step **106**, at decision step **108**, the node **30** decides whether or not to invoke the 3PECB service or feature. For example, the node **30** optionally uses the obtained subscriber information from step **106** to determine if the calling party is a subscriber to the service and/or if the service is enabled and/or otherwise activated for the terminal **10**. If the calling party is not a subscriber or the service is not enabled or not activated for the terminal **10**,

25
then the process branches to step **110** and the emergency call is directed to the PSAP **40** in the customary manner. Otherwise, if the calling party is a subscriber and/or the service is enabled and/or activated, then the process continues to step **112** where the node **30** reserves suitable conference facilities and/or elements (e.g., within the node **30**) and/or otherwise establishes an

30
appropriate conference bridge. Suitably, after step **112**, the emergency call from the terminal **10** is connected at step **114** to the PSAP **40** via a conference line or path over the established conference bridge.

- 15 -

At step **116**, the node **30** obtains a telephone number or other like address for a selected third party. Suitably, the calling party telephone number or other suitable calling party identifier (e.g., obtained by the node **30** in step **106**) is used to reference a corresponding entry or record in the DB **34** from which the third party number or address is obtained. Optionally, where multiple third party numbers or addresses are listed, the obtained third party number or address is selected based upon the indication of a pointer or index that is, for example, initially identifying the first number or address listed. Following step **116**, at step **118**, the node **30** places or otherwise originates a call over the network **20** to the third party telephone number or address obtained in step **116**. Thereafter, at decision step **120**, the node **30** detects or otherwise determines if the called third party answers the call. If the call is not answered by the third party, the process branches to step **122** where the index or pointer is advanced and then loops back to step **116** so that the next third party telephone number in the DB **34** can be obtained by the node **30**. Suitably, if all the listed third party numbers have been exhausted, the index or pointer simply returns to the top of the list. Additionally, if a call to the listed third party number or address has already been answered, then the index or pointer skips that number.

As illustrated in FIGURE **2**, if it is determined at step **120**, that the call has been answered by the third party, then the process continues to step **124**. At step **124**, the node **30** notifies the called third party of the situation and/or the purpose for the call (e.g., optionally playing an announcement or message or otherwise providing a signal indicative of the circumstances surrounding the third party call and/or the purpose of the call and optionally identifying the calling party that originated the emergency call). Suitably, following step **124**, the node **30** prompts the third party at step **126** to response with an indication of whether or not they wish to be conferenced in or bridged to the emergency call. Thereafter, at step **128**, the node **30** receives the response entered by the third party via the terminal **50**. Suitably, a lack of response within a determined time period is deemed to be a negative response.

At decision step **130**, the node **30** determines based upon the response received in step **128**, if the third party has agreed to be conferenced into or

- 16 -

otherwise join and/or participate in the emergency call. If not, as illustrated in FIGURE **2**, the process branches to step **122** (described above) and then loops back to step **116** (also described above). Alternately, rather than branching back, the process may optionally end at this point having notified at least one

5   third party of the incident. On the other hand, if at step **130** it is determined by the node **30** that the third party has agreed to participate in and/or join the emergency call, then the process continues to step **132** where the node **30** bridges or otherwise joins the third party call to the emergency call (provided that the emergency call is already connected between the calling party and the

10   PSAP **40** and/or is still on going). At this point then, the process may optionally end having joined at least one third party to the emergency call.

Alternately, as illustrated in FIGURE **2**, the process continues to decision step **134** where the node **30** determines if more third parties are to be called. For example, the node **30** optionally basis the determination on one or more

15   factors, such as, if a desired result has been achieved (i.e., a desired number of third parties have been notified of the incident and/or joined to the call); if the emergency call is still active or connected between the calling party and the PSAP **40**; if a determined time limit has expired; if all the third party calls corresponding to all the listed numbers in the DB **34** have been answered

20   and/or successfully completed; etc. In any event, if at step **134** the node **30** determines that more third party calls are to be made, the process branches to step **122** (described above) and then loops back to step **116** (also described above). Alternately, if at step **134** the node **30** determines that no more third party calls are to be made, then the process optionally ends.

25   The foregoing description of the process illustrated in FIGURE **2** assumes that the node **30** is serially placing the third party calls one after another. However, in other embodiments multiple third party calls may optionally be placed or otherwise originated by the node **30** to a plurality of respective third parties in parallel or concurrently with one another (as

30   described above). For example, multiple instances of steps **116** et seq. can be concurrently executed by the node **30** for a plurality of selected third party numbers or addresses. Moreover, while FIGURE **2** illustrates steps **116** et seq. as following step **114**, in practice the node **30** optionally begins the execution of

- 17 -

steps **116** et seq. in parallel or concurrently with the execution of steps **112** and/or **114**.

As can be appreciated from the present specification, the described approach for automatically conferencing or joining pre-selected third parties into emergency calls provides significant advantages. For example, these advantages include, without limitation, not delaying the establishment of a connection with the PSAP **40**, relieving the PSAP operator **44** and the calling party of the burden of having to spontaneously identify and/or select the appropriate third party to conference into a particular emergency call, and relieving the PSAP operator **44** and the calling party of the burden of manually having to originate the call to the third party.

Additionally, it is to be appreciated that in connection with the particular exemplary embodiments presented herein certain structural and/or function features are described as being incorporated in defined elements and/or components. However, it is contemplated that these features may, to the same or similar benefit, also likewise be incorporated in other elements and/or components where appropriate. It is also to be appreciated that different aspects of the exemplary embodiments may be selectively employed as appropriate to achieve other alternate embodiments suited for desired applications, the other alternate embodiments thereby realizing the respective advantages of the aspects incorporated therein.

It is also to be appreciated that particular elements or components described herein may have their functionality suitably implemented via hardware, software, firmware or a combination thereof. Additionally, it is to be appreciated that certain elements described herein as incorporated together may under suitable circumstances be stand-alone elements or otherwise divided. Similarly, a plurality of particular functions described as being carried out by one particular element may be carried out by a plurality of distinct elements acting independently to carry out individual functions, or certain individual functions may be split-up and carried out by a plurality of distinct elements acting in concert. Alternately, some elements or components otherwise described and/or shown herein as distinct from one another may be physically or functionally combined where appropriate.

- 18 -

In short, the present specification has been set forth with reference to preferred embodiments. Obviously, modifications and alterations will occur to others upon reading and understanding the present specification. It is intended that the invention be construed as including all such modifications and

5   alterations insofar as they come within the scope of the appended claims or the equivalents thereof.

What is claimed is:

- 19 -

## Claims

1.    In a telecommunications network, a method for processing emergency calls, said method comprising:

    (a)    receiving a first call at a node of the telecommunications network from a calling party that originated the first call;

    (b)    detecting that the received first call is an emergency call;

    (c)    establishing a conference bridge in response to the detected emergency call;

    (d)    connecting the emergency call over the conference bridge to a designated facility that handles emergency calls; and,

    (e)    automatically originating at least one second call from the node to at least one predetermined third party that is different than the calling party and the facility.

2.    The method of claim **1**, wherein execution of step (e) is begun concurrently with execution of at least one of steps (c) and (d).

3.    The method of claim **1**, further comprising:

    (f)    determining whether or not the third party answers the second call.

4.    The method of claim **3**, further comprising:

    (g)    notifying the third party of the emergency call via the second call, if it is determined that the third party answered the second call.

5.    The method of claim **4**, further comprising:

    (h)    prompting the third party via the second call to select whether or not they wish to be joined to the emergency call.

6.    The method of claim **4**, wherein step (h) is executed after step (g) is executed.

- 20 -

**7.** The method of claim **5**, further comprising:

(i) bridging the second call to the established conference bridge over which the emergency call is connected to the facility in response to the third party selecting to join the emergency call.

5     **8.** In a telecommunications network, a system for processing emergency calls, said system comprising:

a node of the telecommunications network that receives a first call from a calling party, said node including;

detecting means for detecting that the received first call is an
10     emergency call;

reserving means for reserving conference facilities in response to the detected emergency call;

connecting means for connecting the emergency call using the reserved conference facilities to a designated second party that handles
15     emergency calls; and,

calling means for automatically originating at least one second call from the node over the telecommunications network to at least one predetermined third party that is different than the calling party and the second party.

20     **9.** The system of claim **8**, wherein the calling means begins origination of the second call concurrently with of at least one of the reserving means reserving the conference facilities and the connecting means connecting the emergency call.

    **10.** The system of claim **8**, further comprising:
25     answer detecting means for determining whether or not the third party answers the second call.

- 21 -

**11.**   The system of claim **10**, further comprising:

notifying means for notifying the third party of the emergency call via the second call, if the answer detecting means determines that the third party answered the second call.

5   **12.**   The system of claim **11**, further comprising:

prompting means for prompting the third party via the second call to select whether or not they wish to be joined to the emergency call.

**13.**   The system of claim **11**, wherein the prompting means prompts the third party after the notifying means notifies the third party.

10   **14.**   The system of claim **12**, further comprising:

joining means for joining the second call to the emergency call via the conference facilities used to connect the emergency call with the second party in response to the third party selecting to join the emergency call.

**15.**   The system of claim **14**, wherein the second party is a public
15   safety answering point.

# EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING

## Abstract of the Disclosure

A system for processing emergency calls in a telecommunications network includes: receiving a first call at a node **(30)** of the telecommunications network from a calling party that originated the first call; detecting that the received first call is an emergency call; establishing a conference bridge in response to the detected emergency call; connecting the emergency call over the conference bridge to a designated facility **(40)** that handles emergency calls; and, automatically originating at least one second call from the node **(30)** to at least one predetermined third party that is different than the calling party and the facility **(40)**.

# IN THE UNITED STATES
# PATENT AND TRADEMARK OFFICE

## Declaration and Power of Attorney

As the below named inventor, I hereby declare that:

My residence, mailing address and citizenship are as stated below next to my name.

I believe I am an original, first and sole inventor (if a single name listed below) or an original, first and joint inventor (if plural names listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled **EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING** the specification of which

☒    is attached hereto

OR

☐    was filed on   as application Serial No.

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by an amendment, if any, specifically referred to in this oath or declaration.

I acknowledge the duty to disclose all information known to me which is material to patentability as defined in Title 37, Code of Federal Regulations, 1.56.

I hereby claim foreign priority benefits under Title 35, United States Code, 119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

### None

I hereby claim the benefit under Title 35, United States Code, 120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, 112, I acknowledge the duty to disclose all information known to me to be material to patentability as defined in Title 37, Code of Federal Regulations, 1.56 which became available between the filing date of the prior application and the national or PCT international filing date of this application:

### None

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

I hereby appoint Practitioners associated with Customer No.:

## *000048116*

10/2004

2  Case Name and No.  Goldman 56-37-36-44
LUTZ 2 00519

as my Attorneys with full power of substitution and revocation, to prosecute said application, to make alterations and amendments therein, to receive the patent, and to transact all business in the Patent and Trademark Office connected therewith.

All written communications are to be addressed to:

**_000048116_**
**_Fay, Sharpe, Fagan, Minnich & McKee, LLP_**
**_1100 Superior Avenue_**
**_Seventh Floor_**
**_Cleveland, OH 44114_**

I hereby authorize these Attorneys to insert in the above blanks the filing date and application serial no. when known.

Name of First Joint Inventor:          Stuart O. Goldman

Inventor's Signature:                   _____

Date:                                   _____

Residence:                              Scottsdale, Arizona

Country of Citizenship:                 US

Post Office Address:                    5531 East Kelton Lane
                                        Scottsdale, Arizona  85254


Name of Second Joint Inventor:         Richard E. Krock

Inventor's Signature:                   _____

Date:                                   _____

Residence:                              Naperville, Illinois

Country of Citizenship:                 US

Post Office Address:                    841 Bellingrath Court
                                        Naperville, Illinois  60563


10/2004

3   Case Name and No.  Goldman 56-37-36-44
LUTZ 2 00519

Name of Fourth Inventor:          Karl F. Rauscher

Inventor's Signature:             _____

Date:                             _____

Residence:                        Emmaus, Pennsylvania

Country of Citizenship:           US

Post Office Address:              4802 Skytop Drive
                                  Emmaus, Pennsylvania  18049


Name of Fourth Inventor:          James P. Runyon

Inventor's Signature:             _____

Date:                             _____

Residence:                        Wheaton, Illinois

Country of Citizenship:           US

Post Office Address:              1231 Champion Forest Court
                                  Wheaton, Illinois  60187

10/2004



**FIGURE 1**



FIGURE 2

PTO/SB/06 (12-04)
Approved for use through 7/31/2006. OMB 0651-0032
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# PATENT APPLICATION FEE DETERMINATION RECORD
### Substitute for Form PTO-875   Effective December 8, 2004

Application or Docket Number: 11725011

## APPLICATION AS FILED – PART I

| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY RATE ($) | SMALL ENTITY FEE ($) | OR | OTHER THAN SMALL ENTITY RATE ($) | OTHER THAN SMALL ENTITY FEE ($) |
|---|---|---|---|---|---|---|---|
| BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | 150.00 | | N/A | 300.00 |
| SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | $250 | | N/A | $500 |
| EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | $100 | | N/A | $200 |
| TOTAL CLAIMS (37 CFR 1.16(i)) | 15 | minus 20 = | X$ 25 | | OR | X$50 | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | 2 | minus 3 = | X100 | | | X200 | |
| APPLICATION SIZE FEE (37 CFR 1.16(s)) | colspan: If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | |
| MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | +180= | | | +360= | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | 1000 |

## APPLICATION AS AMENDED – PART II

### AMENDMENT A

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE ($) | SMALL ENTITY ADDI-TIONAL FEE ($) | OR | OTHER THAN SMALL ENTITY RATE ($) | OTHER THAN SMALL ENTITY ADDI-TIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | Minus ** | = | | X$ 25 = | | OR | X$50 | |
| Independent (37 CFR 1.16(h)) | Minus *** | = | | X100 = | | OR | X200 | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | +180= | | OR | +360= | |
| | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

1 - 8

### AMENDMENT B

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE ($) | SMALL ENTITY ADDI-TIONAL FEE ($) | OR | OTHER THAN SMALL ENTITY RATE ($) | OTHER THAN SMALL ENTITY ADDI-TIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | Minus ** | = | | X$ 25 = | | OR | X$50 | |
| Independent (37 CFR 1.16(h)) | Minus *** | = | | X100 = | | OR | X200 | |
| Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | +180= | | OR | +360= | |
| | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PATENT APPLICATION SERIAL NO. _____

## U.S. DEPARTMENT OF COMMERCE
## PATENT AND TRADEMARK OFFICE
## FEE RECORD SHEET

03/20/2007 EFLORES  00000032 11725011

```
01 FC:1011                     300.00 OP
02 FC:1111                     500.00 OP
03 FC:1311                     200.00 OP
```

PTO-1556
(5/87)

*U.S. Government Printing Office: 2002 — 489-267/69033

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 11/725,011 | 03/16/2007 | 2614 | 1000 | LUTZ 2 00519 | 15 | 2 |

**CONFIRMATION NO. 4152**

48116
FAY SHARPE/LUCENT
1100 SUPERIOR AVE
SEVENTH FLOOR
CLEVELAND, OH44114

**FILING RECEIPT**

Date Mailed: 04/06/2007

Receipt is acknowledged of this regular Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please mail to the Commissioner for Patents P.O. Box 1450 Alexandria Va 22313-1450. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections (if appropriate).**

**Applicant(s)**

Stuart O. Goldman, Scottsdale, AZ;
Richard E. Krock, Naperville, IL;
Karl F. Rauscher, Emmaus, PA;
James P. Runyon, Wheaton, IL;

**Power of Attorney:** None

**Domestic Priority data as claimed by applicant**

**Foreign Applications**

**If Required, Foreign Filing License Granted:** 04/05/2007

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US11/725,011**

**Projected Publication Date:** To Be Determined - pending completion of Missing Parts

**Non-Publication Request:** No

**Early Publication Request:** No

**Title**

Emergency call service with automatic third party notification and/or bridging

**Preliminary Class**

379

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

---

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

### GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to

espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

**NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371 (c) DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NUMBER |
|---|---|---|---|
| 11/725,011 | 03/16/2007 | Stuart O. Goldman | LUTZ 2 00519 |

48116
FAY SHARPE/LUCENT
1100 SUPERIOR AVE
SEVENTH FLOOR
CLEVELAND, OH 44114

**CONFIRMATION NO. 4152**
**FORMALITIES**
**LETTER**

Date Mailed: 04/06/2007

# NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

## FILED UNDER 37 CFR 1.53(b)

### *Filing Date Granted*

**Items Required To Avoid Abandonment:**

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The oath or declaration is unsigned.

The applicant needs to satisfy supplemental fees problems indicated below.

The required item(s) identified below must be timely submitted to avoid abandonment:

- To avoid abandonment, a surcharge (for late submission of filing fee, search fee, examination fee or oath or declaration) as set forth in 37 CFR 1.16(f) of $130 for a non-small entity, must be submitted with the missing items identified in this letter.

**SUMMARY OF FEES DUE:**

Total additional fee(s) required for this application is **$130** for a non-small entity

- **$130** Surcharge.

Replies should be mailed to:     Mail Stop Missing Parts
                                 Commissioner for Patents
                                 P.O. Box 1450
                                 Alexandria VA 22313-1450

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web.
https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at **1-866-217-9197** or visit our website at http://www.uspto.gov/ebc.

---

*If you are not using EFS-Web to submit your reply, you must include a copy of this notice.*

Office of Initial Patent Examination (571) 272-4000, or 1-800-PTO-9199
PART 3 - OFFICE COPY

**PATENT**

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| APPLICANT(S) | : | Goldman, et al. |
| FOR | : | **EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING** |
| SERIAL NO. | : | 11/725,011 |
| FILED | : | March 16, 2007 |
| EXAMINER | : | Unknown |
| ART UNIT | : | 3614 |
| CONFIRMATION NO. | : | 4152 |
| ATTORNEY DOCKET NO. | : | LUTZ 2 00519<br>Case Name/No. Goldman 56-37-36-44 |

## SUBMISSION OF AMENDED DRAWINGS

MAIL STOP AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

In compliance with Title 37 of the Code of Regulations, § 1.84 Applicants submit two (2) pages of amended drawing sheets, specifically FIGURES 1-2, herewith.   The replacement drawing sheets are being submitted to replace the informal drawings originally filed with the application.   The drawing sheets are labeled "Replacement Sheet."

No additional fee is believed due however, if this is not the case, the Commissioner is hereby authorized to charge any and all fees to Deposit Account No. 06-0308.

An early indication of acceptability of the Amended Drawings is earnestly solicited.

Respectfully submitted,

FAY, SHARPE, FAGAN,
MINNICH & McKEE, LLP

May 2, 2007
Date

John P. Cornely, Reg. No. 41,687
1100 Superior Avenue, Seventh Floor
Cleveland, OH 44114-2579
216-861-5582

| CERTIFICATE OF MAILING OR TRANSMISSION | |
|---|---|
| I hereby certify that this correspondence (and any item referred to herein as being attached or enclosed) is (are) being | |
| ☒ | deposited with the United States Postal Service as First Class Mail, addressed to: Mail Stop Amendment, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date indicated below. |
| ☐ | transmitted to the USPTO by facsimile in accordance with 37 CFR 1.18 on the date indicated below. |
| Express Mail Label No.: | Signature: Iris E. Weber |
| Date: May 2, 2007 | Name: Iris E. Weber |

N:\LUTZ\200519\IEW0005847V001.docx

2

Filing Date: 3/16/07
Serial No.: 11/725,011
GOLDMAN 56-37-36-44
Fay, Sharpe LLP; J. P. Cornely (216) 861-5582
REPLACEMENT SHEET

1/2



FIG. 1



COLEMAN 56-37-36-44
Filing Date: 3/16/07
Serial No.: 11/725,011
Fay, Sharpe LLP; J. P. Cornely (216) 861-5582
REPLACEMENT SHEET

*FIG. 2*

2/2





**RECEIVED**

APR - 9 2007

FAY SHARPE LLP

MAY 0 4 2007

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371 (c) DATE | FIRST NAMED APPLICANT | ATTORNEY DOCKET NUMBER |
|---|---|---|---|
| 11/725,011 | 03/16/2007 | Stuart O. Goldman | LUTZ 2 00519 |

48116
FAY SHARPE/LUCENT
1100 SUPERIOR AVE
SEVENTH FLOOR
CLEVELAND, OH 44114

**CONFIRMATION NO. 4152**
**FORMALITIES**
**LETTER**

Date Mailed: 04/06/2007

# NOTICE TO FILE MISSING PARTS OF NONPROVISIONAL APPLICATION

## FILED UNDER 37 CFR 1.53(b)

### *Filing Date Granted*

**Items Required To Avoid Abandonment:**

An application number and filing date have been accorded to this application. The item(s) indicated below, however, are missing. Applicant is given **TWO MONTHS** from the date of this Notice within which to file all required items and pay any fees required below to avoid abandonment. Extensions of time may be obtained by filing a petition accompanied by the extension fee under the provisions of 37 CFR 1.136(a).

- The oath or declaration is unsigned.

The applicant needs to satisfy supplemental fees problems indicated below.

The required item(s) identified below must be timely submitted to avoid abandonment:

- To avoid abandonment, a surcharge (for late submission of filing fee, search fee, examination fee or oath or declaration) as set forth in 37 CFR 1.16(f) of $130 for a non-small entity, must be submitted with the missing items identified in this letter.

**SUMMARY OF FEES DUE:**

Total additional fee(s) required for this application is **$130** for a non-small entity

- **$130** Surcharge.

Replies should be mailed to:  Mail Stop Missing Parts
Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

05/07/2007 ENYALEWI 00000020 11725011

01 FC:1051                    130.00 OP

- **$130** Surcharge.

- The application search fee has not been paid. Applicant must submit **$500** to complete the search fee.
- The application examination fee has not been paid. Applicant must submit **$200** to complete the examination fee for a non-small entity.


Replies should be mailed to:   Mail Stop Missing Parts

Commissioner for Patents

P.O. Box 1450

Alexandria VA 22313-1450


Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web.
https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at **1-866-217-9197** or
visit our website at http://www.uspto.gov/ebc.

---

*If you are not using EFS-Web to submit your reply, you must include a copy of this notice.*


Office of Initial Patent Examination (571) 272-4000, or 1-800-PTO-9199
PART 2 - COPY TO BE RETURNED WITH RESPONSE

Registered users of EFS-Web may alternatively submit their reply to this notice via EFS-Web.
https://sportal.uspto.gov/authenticate/AuthenticateUserLocalEPF.html

For more information about EFS-Web please call the USPTO Electronic Business Center at **1-866-217-9197** or visit our website at http://www.uspto.gov/ebc.

---

*If you are not using EFS-Web to submit your reply, you must include a copy of this notice.*

Office of Initial Patent Examination (571) 272-4000, or 1-800-PTO-9199

PART 2 - COPY TO BE RETURNED WITH RESPONSE



PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| IN RE APPLICATION OF | : | Goldman, et al. |
| FOR | : | **EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING** |
| SERIAL NO. | : | 11/725,011 |
| FILED | : | March 16, 2007 |
| ART UNIT | : | 3614 |
| CONFIRMATION NO. | : | 4152 |
| ATTORNEY DOCKET NO. | : | LUTZ 2 00519<br>Case Name/No. Goldman 56-37-36-44 |

## <u>RESPONSE TO NOTICE TO FILE MISSING PARTS<br>OF APPLICATION UNDER 37 CFR 1.63</u>

MAIL STOP MISSING PARTS
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

Responsive to the Notice to File Missing Parts issued April 6, 2007 on the above-captioned patent application, a "Declaration for Patent Application" is enclosed as well as the return copy of the Patent Office's Notice to File Missing Parts.

The enclosed Declaration has been duly executed by the inventor(s).

The $130.00 fee in payment of the surcharge required under 37 CFR 1.16(e) for filing the Declaration later than the filing date of the application is authorized to be

charged to a credit card.  The appropriate form PTO-2038 is enclosed for this purpose.

If the credit card is unable to be charged, please charge any and all fees or credit any

overpayment to Deposit Account No. 06-0308.

The foregoing submissions are believed to meet the requirements of the Notice

to File Missing Parts, and the applicant(s) await(s) further action on the application from

the Patent and Trademark Office.

To the best of my knowledge and belief, the foregoing information is true and

correct and any attached copy is a true copy of the original document.

Respectfully submitted,

FAY SHARPE LLP

May 2, 2007
Date

John P. Cornely, Reg. No. 41,687
1100 Superior Avenue
Seventh Floor
Cleveland, OH 44114-2579
216-861-5582

---

## CERTIFICATE OF MAILING

I certify that this Response to Notice to File Missing Parts is being

☒     deposited with the United States Postal Service as First Class mail under 37 C.F.R. § 1.8, addressed to: MAIL STOP MISSING PARTS, Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date indicated below.

☐     transmitted via facsimile to 571-273-8300 under 37 C.F.R. § 1.8 on the date indicated below

☐     deposited with the United States Postal Service "Express Mail Post Office to Addressee" service under 37 C.F.R. 1.10, addressed to:  MAIL STOP MISSING PARTS, Commissioner For Patents, P.O. Box 1450, Alexandria, VA 22313-1450 on the date indicated below.

| Express Mail Label No.: | Signature |
|---|---|
| **Date** | **Printed Name** |
| May 2, 2007 | Iris E. Weber |

N:\LUTZ\200519\IEW0005843V001.docx



Case Name and No.  Goldman 56-37-36-44
LUTZ 2 00519

IN THE UNITED STATES
PATENT AND TRADEMARK OFFICE

Declaration and Power of Attorney

As the below named inventor, I hereby declare that:

My residence, mailing address and citizenship are as stated below next to my name.

I believe I am an original, first and sole inventor (if a single name listed below) or an original, first and joint inventor (if plural names listed below) of the subject matter which is claimed and for which a patent is sought on the invention entitled **EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING** the specification of which

☐   is attached hereto

OR

☒   was filed on **March 16, 2007** as application Serial No. **11/725,011**.

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by an amendment, if any, specifically referred to in this oath or declaration.

I acknowledge the duty to disclose all information known to me which is material to patentability as defined in Title 37, Code of Federal Regulations, 1.56.

I hereby claim foreign priority benefits under Title 35, United States Code, 119 of any foreign application(s) for patent or inventor's certificate listed below and have also identified below any foreign application for patent or inventor's certificate having a filing date before that of the application on which priority is claimed:

### *None*

I hereby claim the benefit under Title 35, United States Code, 120 of any United States application(s) listed below and, insofar as the subject matter of each of the claims of this application is not disclosed in the prior United States application in the manner provided by the first paragraph of Title 35, United States Code, 112, I acknowledge the duty to disclose all information known to me to be material to patentability as defined in Title 37, Code of Federal Regulations, 1.56 which became available between the filing date of the prior application and the national or PCT international filing date of this application:

### *None*

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

I hereby appoint Practitioners associated with Customer No.:

### *000048116*

as my Attorneys with full power of substitution and revocation, to prosecute said application, to make alterations and amendments therein, to receive the patent, and to transact all business in the Patent and Trademark Office connected therewith.

All written communications are to be addressed to:

**_000048116_**
**_Fay, Sharpe, Fagan, Minnich & McKee, LLP_**
**_1100 Superior Avenue_**
**_Seventh Floor_**
**_Cleveland, OH 44114_**

     I hereby authorize these Attorneys to insert in the above blanks the filing date and application serial no. when known.

Name of First Joint Inventor:            Stuart O. Goldman

Inventor's Signature:

Date:                                                      4-12-07

Residence:                                         Scottsdale, Arizona

Country of Citizenship:                    US

Post Office Address:                         5531 East Kelton Lane
                                                            Scottsdale, Arizona  85254


Name of Second Joint Inventor:        Richard E. Krock

Inventor's Signature:

Date:

Residence:                                         Naperville, Illinois

Country of Citizenship:                    US

Post Office Address:                         841 Bellingrath Court
                                                            Naperville, Illinois  60563

10/2004

as my Attorneys with full power of substitution and revocation, to prosecute said application, to make alterations and amendments therein, to receive the patent, and to transact all business in the Patent and Trademark Office connected therewith.

All written communications are to be addressed to:

### ***000048116***
***Fay, Sharpe, Fagan, Minnich & McKee, LLP***
***1100 Superior Avenue***
***Seventh Floor***
***Cleveland, OH 44114***

    I hereby authorize these Attorneys to insert in the above blanks the filing date and application serial no. when known.

Name of First Joint Inventor:        Stuart O. Goldman

Inventor's Signature:        _____

Date:        _____

Residence:        Scottsdale, Arizona

Country of Citizenship:        US

Post Office Address:        5531 East Kelton Lane
Scottsdale, Arizona  85254

Name of Second Joint Inventor:        Richard E. Krock

Inventor's Signature:

Date:        4/3/07

Residence:        Naperville, Illinois

Country of Citizenship:        US

Post Office Address:        841 Bellingrath Court
Naperville, Illinois  60563

3  Case Name and No.  Goldman 56-37-36-44
LUTZ 2 00519

Name of Fourth Inventor:          Karl F. Rauscher

Inventor's Signature:             _____

Date:                             April 4, 2007

Residence:                        Emmaus, Pennsylvania

Country of Citizenship:           US

Post Office Address:              4802 Skytop Drive
                                  Emmaus, Pennsylvania  18049


Name of Fourth Inventor:          James P. Runyon

Inventor's Signature:             _____

Date:                             _____

Residence:                        Wheaton, Illinois

Country of Citizenship:           US

Post Office Address:              1231 Champion Forest Court
                                  Wheaton, Illinois  60187

10/2004

3   Case Name and No.  Goldman 56-37-36-44
LUTZ 2 00519

Name of Fourth Inventor:          Karl F. Rauscher

Inventor's Signature:             _____

Date:                             _____

Residence:                        Emmaus, Pennsylvania

Country of Citizenship:           US

Post Office Address:              4802 Skytop Drive
                                  Emmaus, Pennsylvania  18049


Name of Fourth Inventor:          James P. Runyon

Inventor's Signature:             _____

Date:                             _____

Residence:                        Wheaton, Illinois

Country of Citizenship:           US

Post Office Address:              1231 Champion Forest Court
                                  Wheaton, Illinois  60187

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING or 371(c) DATE | GRP ART UNIT | FIL FEE REC'D | ATTY.DOCKET.NO | TOT CLAIMS | IND CLAIMS |
|---|---|---|---|---|---|---|
| 11/725,011 | 03/16/2007 | 2614 | 1130 | LUTZ 2 00519 | 15 | 2 |

**CONFIRMATION NO. 4152**

48116
FAY SHARPE/LUCENT
1100 SUPERIOR AVE
SEVENTH FLOOR
CLEVELAND, OH44114

**UPDATED FILING RECEIPT**

Date Mailed: 05/21/2007

Receipt is acknowledged of this regular Patent Application. It will be considered in its order and you will be notified as to the results of the examination. Be sure to provide the U.S. APPLICATION NUMBER, FILING DATE, NAME OF APPLICANT, and TITLE OF INVENTION when inquiring about this application. Fees transmitted by check or draft are subject to collection. Please verify the accuracy of the data presented on this receipt. **If an error is noted on this Filing Receipt, please mail to the Commissioner for Patents P.O. Box 1450 Alexandria Va 22313-1450. Please provide a copy of this Filing Receipt with the changes noted thereon. If you received a "Notice to File Missing Parts" for this application, please submit any corrections to this Filing Receipt with your reply to the Notice. When the USPTO processes the reply to the Notice, the USPTO will generate another Filing Receipt incorporating the requested corrections (if appropriate).**

**Applicant(s)**

    Stuart O. Goldman, Scottsdale, AZ;
    Richard E. Krock, Naperville, IL;
    Karl F. Rauscher, Emmaus, PA;
    James P. Runyon, Wheaton, IL;

**Power of Attorney:** The patent practitioners associated with Customer Number 000048116

**Domestic Priority data as claimed by applicant**

**Foreign Applications**

**If Required, Foreign Filing License Granted:** 04/05/2007

The country code and number of your priority application, to be used for filing abroad under the Paris Convention, is **US11/725,011**

**Projected Publication Date:** 09/18/2008

**Non-Publication Request:** No

**Early Publication Request:** No

**Title**

    Emergency call service with automatic third party notification and/or bridging

**Preliminary Class**

379

# PROTECTING YOUR INVENTION OUTSIDE THE UNITED STATES

Since the rights granted by a U.S. patent extend only throughout the territory of the United States and have no effect in a foreign country, an inventor who wishes patent protection in another country must apply for a patent in a specific country or in regional patent offices. Applicants may wish to consider the filing of an international application under the Patent Cooperation Treaty (PCT). An international (PCT) application generally has the same effect as a regular national patent application in each PCT-member country. The PCT process **simplifies** the filing of patent applications on the same invention in member countries, but **does not result** in a grant of "an international patent" and does not eliminate the need of applicants to file additional documents and fees in countries where patent protection is desired.

Almost every country has its own patent law, and a person desiring a patent in a particular country must make an application for patent in that country in accordance with its particular laws. Since the laws of many countries differ in various respects from the patent law of the United States, applicants are advised to seek guidance from specific foreign countries to ensure that patent rights are not lost prematurely.

Applicants also are advised that in the case of inventions made in the United States, the Director of the USPTO must issue a license before applicants can apply for a patent in a foreign country. The filing of a U.S. patent application serves as a request for a foreign filing license. The application's filing receipt contains further information and guidance as to the status of applicant's license for foreign filing.

Applicants may wish to consult the USPTO booklet, "General Information Concerning Patents" (specifically, the section entitled "Treaties and Foreign Patents") for more information on timeframes and deadlines for filing foreign patent applications. The guide is available either by contacting the USPTO Contact Center at 800-786-9199, or it can be viewed on the USPTO website at http://www.uspto.gov/web/offices/pac/doc/general/index.html.

For information on preventing theft of your intellectual property (patents, trademarks and copyrights), you may wish to consult the U.S. Government website, http://www.stopfakes.gov. Part of a Department of Commerce initiative, this website includes self-help "toolkits" giving innovators guidance on how to protect intellectual property in specific countries such as China, Korea and Mexico. For questions regarding patent enforcement issues, applicants may call the U.S. Government hotline at 1-866-999-HALT (1-866-999-4158).

---

# LICENSE FOR FOREIGN FILING UNDER

## Title 35, United States Code, Section 184

## Title 37, Code of Federal Regulations, 5.11 & 5.15

### GRANTED

The applicant has been granted a license under 35 U.S.C. 184, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" followed by a date appears on this form. Such licenses are issued in all applications where the conditions for issuance of a license have been met, regardless of whether or not a license may be required as set forth in 37 CFR 5.15. The scope and limitations of this license are set forth in 37 CFR 5.15(a) unless an earlier license has been issued under 37 CFR 5.15(b). The license is subject to revocation upon written notification. The date indicated is the effective date of the license, unless an earlier license of similar scope has been granted under 37 CFR 5.13 or 5.14.

This license is to be retained by the licensee and may be used at any time on or after the effective date thereof unless it is revoked. This license is automatically transferred to any related applications(s) filed under 37 CFR 1.53(d). This license is not retroactive.

The grant of a license does not in any way lessen the responsibility of a licensee for the security of the subject matter as imposed by any Government contract or the provisions of existing laws relating to

espionage and the national security or the export of technical data. Licensees should apprise themselves of current regulations especially with respect to certain countries, of other agencies, particularly the Office of Defense Trade Controls, Department of State (with respect to Arms, Munitions and Implements of War (22 CFR 121-128)); the Bureau of Industry and Security, Department of Commerce (15 CFR parts 730-774); the Office of Foreign AssetsControl, Department of Treasury (31 CFR Parts 500+) and the Department of Energy.

## **NOT GRANTED**

No license under 35 U.S.C. 184 has been granted at this time, if the phrase "IF REQUIRED, FOREIGN FILING LICENSE GRANTED" DOES NOT appear on this form. Applicant may still petition for a license under 37 CFR 5.12, if a license is desired before the expiration of 6 months from the filing date of the application. If 6 months has lapsed from the filing date of this application and the licensee has not received any indication of a secrecy order under 35 U.S.C. 181, the licensee may foreign file the application pursuant to 37 CFR 5.15(b).



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371(C) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 11/725,011 | 03/16/2007 | Stuart O. Goldman | LUTZ 2 00519 |

**CONFIRMATION NO. 4152**

48116
FAY SHARPE/LUCENT
1100 SUPERIOR AVE
SEVENTH FLOOR
CLEVELAND, OH 44114

**PUBLICATION NOTICE**

*OC000000032148090*

**Title:** Emergency call service with automatic third party notification and/or bridging

**Publication No.** US-2008-0226039-A1
**Publication Date:** 09/18/2008

## NOTICE OF PUBLICATION OF APPLICATION

The above-identified application will be electronically published as a patent application publication pursuant to 37 CFR 1.211, et seq. The patent application publication number and publication date are set forth above.

The publication may be accessed through the USPTO's publically available Searchable Databases via the Internet at www.uspto.gov. The direct link to access the publication is currently http://www.uspto.gov/patft/.

The publication process established by the Office does not provide for mailing a copy of the publication to applicant. A copy of the publication may be obtained from the Office upon payment of the appropriate fee set forth in 37 CFR 1.19(a)(1). Orders for copies of patent application publications are handled by the USPTO's Office of Public Records. The Office of Public Records can be reached by telephone at (703) 308-9726 or (800) 972-6382, by facsimile at (703) 305-8759, by mail addressed to the United States Patent and Trademark Office, Office of Public Records, Alexandria, VA 22313-1450 or via the Internet.

In addition, information on the status of the application, including the mailing date of Office actions and the dates of receipt of correspondence filed in the Office, may also be accessed via the Internet through the Patent Electronic Business Center at www.uspto.gov using the public side of the Patent Application Information and Retrieval (PAIR) system. The direct link to access this status information is currently http://pair.uspto.gov/. Prior to publication, such status information is confidential and may only be obtained by applicant using the private side of PAIR.

Further assistance in electronically accessing the publication, or about PAIR, is available by calling the Patent Electronic Business Center at 1-866-217-9197.

---

Office of Data Managment, Application Assistance Unit (571) 272-4000, or (571) 272-4200, or 1-888-786-0101



# UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/725,011 | 03/16/2007 | Stuart O. Goldman | LUTZ 2 00519 | 4152 |

48116          7590          09/16/2010

FAY SHARPE/LUCENT
1228 Euclid Avenue, 5th Floor
The Halle Building
Cleveland, OH 44115-1843

| EXAMINER |
|---|
| ADDY, THJUAN KNOWLIN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2614 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 09/16/2010 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 11/725,011 | GOLDMAN ET AL. |
| | **Examiner** | **Art Unit** | |
| | THJUAN K. ADDY | 2614 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1)☒ Responsive to communication(s) filed on <u>16 March 2007</u>.

2a)☐ This action is **FINAL**.         2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

4)☒ Claim(s) <u>1-15</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-15</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

## Application Papers

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on <u>04 May 2007</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

## Priority under 35 U.S.C. § 119

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All   b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

Application/Control Number: 11/725,011                                      Page 2
Art Unit: 2614

## DETAILED ACTION

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

A person shall be entitled to a patent unless –

(e) the invention was described in (1) an application for patent, published under section 122(b), by
another filed in the United States before the invention by the applicant for patent or (2) a patent
granted on an application for patent by another filed in the United States before the invention by the
applicant for patent, except that an international application filed under the treaty defined in section
351(a) shall have the effects for purposes of this subsection of an application filed in the United States
only if the international application designated the United States and was published under Article 21(2)
of such treaty in the English language.

1.      Claims 1-15 are rejected under 35 U.S.C. 102(e) as being anticipated by Croy et

al. (US Patent Application, Pub. No.: US 2007/0092070 A1).

2.      In regards to claims 1 and 8, Croy discloses in a telecommunications network

(See Fig. 1), a method and system for processing emergency calls (See pg. 2,

paragraph [0034]), said method comprising:(a) receiving a first call at a node (e.g., soft

switch 102) of the telecommunications network from a calling party (e.g., VoIP

user/communication device 104) that originated the first call;(b) detecting that the

received first call is an emergency call;(c) establishing a conference bridge (e.g.,

conference bridge 100) in response to the detected emergency call;(d) connecting the

emergency call over the conference bridge to a designated facility (e.g., initial PSAP)

that handles emergency calls; and,(e) automatically originating at least one second call

from the node to at least one predetermined third party (e.g., additional emergency

services department, such as police 812 and fire 814) that is different than the calling

Application/Control Number: 11/725,011                                    Page 3
Art Unit: 2614

party and the facility (See pg. 3, paragraph [0043]; pg. 3-4, paragraph [0053] – [0054];

and pg. 5, paragraph [0072] – [0074]).

3.      In regards to claims 2 and 9, Croy discloses the method and system, wherein

execution of step (e) is begun concurrently with execution of at least one of steps (c)

and (d) (See pg. 3, paragraph [0043]; pg. 3-4, paragraph [0053] – [0054]; and pg. 5,

paragraph [0072] – [0074]).

4.      In regards to claims 3 and 10, Croy discloses the method and system, further

comprising: (f) determining whether or not the third party answers (i.e., accepts) the

second call (See pg. 5, paragraph [0075] – [0076]).

5.      In regards to claims 4 and 11, Croy discloses the method and system, further

comprising: (g) notifying the third party of the emergency call via the second call, if it is

determined that the third party answered the second call (See pg. 3-4, paragraph [0053]

– [0054]).

6.      In regards to claims 5 and 12, Croy discloses the method and system, further

comprising: (h) prompting the third party via the second call to select (i.e., accept or

reject) whether or not they wish to be joined to the emergency call (See pg. 3,

paragraph [0043] and pg. 5, paragraph [0075] – [0076]).

7.      In regards to claims 6 and 13, Croy discloses the method and system, wherein

step (h) is executed after step (g) is executed (See pg. 3, paragraph [0043] and pg. 5,

paragraph [0075] – [0076]).

8.      In regards to claims 7 and 14, Croy discloses the method and system, further

comprising: (i) bridging the second call to the established conference bridge over which

Application/Control Number: 11/725,011                                   Page 4
Art Unit: 2614

the emergency call is connected to the facility in response to the third party selecting to

join the emergency call (See pg. 3-4, paragraph [0053] – [0054]).

9.      In regards to claim 15, Croy discloses the system, wherein the second party is a

public safety answering point (e.g., initial PSAP) (See pg. 3, paragraph [0043]).


### *Conclusion*

10.     Any inquiry concerning this communication or earlier communications from the

examiner should be directed to THJUAN K. ADDY whose telephone number is

(571)272-7486.  The examiner can normally be reached on Mon-Fri 8:30-5:00pm.

11.     If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Ahmad Matar can be reached on (571) 272-7488.  The fax phone number

for the organization where this application or proceeding is assigned is 571-273-8300.

12.     Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Application/Control Number: 11/725,011                                                    Page 5
Art Unit: 2614


/Thjuan K. Addy/
Primary Examiner, Art Unit 2614

| *Notice of References Cited* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11/725,011 | GOLDMAN ET AL. |
| | Examiner | Art Unit | |
| | THJUAN K. ADDY | 2614 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-2007/0092070 A1 | 04-2007 | Croy et al. | 379/045 |
| | B | US- | | | |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 4152**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 11/725,011 | 03/16/2007 | 379 | 2614 | LUTZ 2 00519 |
| | RULE | | | |

**APPLICANTS**
  Stuart O. Goldman, Scottsdale, AZ;
  Richard E. Krock, Naperville, IL;
  Karl F. Rauscher, Emmaus, PA;
  James P. Runyon, Wheaton, IL;

** CONTINUING DATA **************************

** FOREIGN APPLICATIONS **************************

** IF REQUIRED, FOREIGN FILING LICENSE GRANTED **
    04/05/2007

| Foreign Priority claimed ☐ Yes ☑ No | ☐ Met after Allowance | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☑ No | | | | | |
| Verified and       /THJUAN KNOWLIN ADDY/ | TKA | AZ | 2 | 15 | 2 |
| Acknowledged     Examiner's Signature | Initials | | | | |

**ADDRESS**

  FAY SHARPE/LUCENT
  1228 Euclid Avenue, 5th Floor
  The Halle Building
  Cleveland, OH 44115-1843
  UNITED STATES

**TITLE**

  Emergency call service with automatic third party notification and/or bridging

| FILING FEE RECEIVED | FEES: Authority has been given in Paper | |
|---|---|---|
| 1130 | No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

# EAST Search History

## EAST Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S2 | 1 | (calling or caller) near6 ("911" or emergency) near3 call same (creat$6 or establish$6) same conferenc $5 near2 bridge | US-PGPUB; USPAT | OR | ON | 2010/09/10 13:21 |
| S3 | 4 | ("911" or emergency) near3 call same (creat$6 or establish$6) same conferenc $5 near2 bridge | US-PGPUB; USPAT | OR | ON | 2010/09/10 13:22 |
| S4 | 3 | ("911" or emergency) near3 call same (creat$6 or establish$6) same conferenc $5 near2 bridge and (facility or PSAP) and third near2 (person or party or individual or facility) | US-PGPUB; USPAT | OR | ON | 2010/09/10 13:26 |

| S5 | 1 | ("911" or emergency) near3 call same (creat$6 or establish$6) same conferenc $5 near2 bridge and (facility or PSAP) and third near2 (person or party or individual or facility) and reserv$7 | US-PGPUB; USPAT | OR | ON | 2010/09/10 13:27 |
| S6 | 0 | 379/202.01 and ("911" or emergency) near3 call same (creat$6 or establish$6) same conferenc $5 near2 bridge and (facility or PSAP) and third near2 (person or party or individual or facility) | US-PGPUB; USPAT | OR | ON | 2010/09/10 13:29 |
| S7 | 104 | stuart near2 goldman.in. | US-PGPUB; USPAT | OR | ON | 2010/09/10 13:32 |
| S8 | 57 | stuart near o near goldman.in. | US-PGPUB; USPAT | OR | ON | 2010/09/10 13:32 |

**9/10/10 2:37:19 PM**
**C:\ Documents and Settings\ tknowlin\ My Documents\ EAST\ Workspaces**
**\ goldman11725011.wsp**

| *Index of Claims* | Application/Control No.  11725011 | Applicant(s)/Patent Under Reexamination  GOLDMAN ET AL. |
|---|---|---|
| | Examiner  THJUAN K ADDY | Art Unit  2614 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☐ **Claims renumbered in the same order as presented by applicant**   ☐ CPA   ☐ T.D.   ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/10/2010 | | | | | | | | |
| | 1 | ✓ | | | | | | | | |
| | 2 | ✓ | | | | | | | | |
| | 3 | ✓ | | | | | | | | |
| | 4 | ✓ | | | | | | | | |
| | 5 | ✓ | | | | | | | | |
| | 6 | ✓ | | | | | | | | |
| | 7 | ✓ | | | | | | | | |
| | 8 | ✓ | | | | | | | | |
| | 9 | ✓ | | | | | | | | |
| | 10 | ✓ | | | | | | | | |
| | 11 | ✓ | | | | | | | | |
| | 12 | ✓ | | | | | | | | |
| | 13 | ✓ | | | | | | | | |
| | 14 | ✓ | | | | | | | | |
| | 15 | ✓ | | | | | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11725011 | GOLDMAN ET AL. |
| | **Examiner** | **Art Unit** |
| | THJUAN K ADDY | 2614 |

## SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 379 | 202.01 | 9/10/10 | TKA |
| 379 | 045 | 9/10/10 | TKA |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST: search terms: 911; emergency; conference; bridge; facility; PSAP; third | 9/10/10 | TKA |
| EAST: stuart near o near goldman.in. | 9/10/10 | TKA |
| EAST: 379/202.01 and ("911" or emergency) near3 call same (creat$6 or establish$6) same conferenc$5 near2 bridge and (facility or PSAP) and third near2 (person or party or individual or facility) | 9/10/10 | TKA |
| EAST: ("911" or emergency) near3 call same (creat$6 or establish$6) same conferenc$5 near2 bridge and (facility or PSAP) and third near2 (person or party or individual or facility) | 9/10/10 | TKA |
| EAST: ("911" or emergency) near3 call same (creat$6 or establish$6) same conferenc$5 near2 bridge and (facility or PSAP) and third near2 (person or party or individual or facility) and reserv$7 | 9/10/10 | TKA |
| See attached EAST Search History | 9/10/10 | TKA |

## INTERFERENCE SEARCH

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |

**PATENT**

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | |
|---|---|---|
| APPLICANT(S) | : | Goldman et al. |
| TITLE | : | EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING |
| APPLICATION NO. | : | 11/725,011 |
| FILED | : | March 16, 2007 |
| CONFIRMATION NO. | : | 4152 |
| EXAMINER | : | Addy |
| ART UNIT | : | 2614 |
| LAST OFFICE ACTION | : | September 16, 2010 |
| ATTORNEY DOCKET NO. | : | LUTZ 200519US01 A-L Ref. No. Goldman 56-37-36-44 |

## AMENDMENT A

MAIL STOP AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

Responsive to the Office Action mailed September 16, 2010, on the above-referenced patent application, Applicant(s) respectfully request reconsideration of the application.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 7 of this paper.

**AMENDMENTS TO THE CLAIMS:**

The listing of claims will replace all prior versions, and listings of claims in the application:

**LISTING OF THE CLAIMS**

1.    (Currently amended) In a telecommunications network, a method for processing emergency calls, said method comprising:

(a) receiving a first call at a node of the telecommunications network from a calling party that originated the first call;

(b) detecting that the received first call is an emergency call;

(c) establishing a conference bridge in response to the detected emergency call;

(d) connecting the emergency call over the conference bridge to a designated facility that handles emergency calls; and,

(e) automatically originating at least one second call associated with the conference bridge from the node to at least one predetermined third party that is different than the calling party and the facility, each third party being previously designated by the calling party along with suitable contact information for the corresponding third party in conjunction with a service feature provided to the calling party via the telecommunications network.

2.    (Original) The method of claim 1, wherein execution of step (e) is begun concurrently with execution of at least one of steps (c) and (d).

3.    (Original) The method of claim 1, further comprising:

(f) determining whether or not the third party answers the second call.

4.    (Original) The method of claim 3, further comprising:

(g) notifying the third party of the emergency call via the second call, if it is determined that the third party answered the second call.

5.      (Original) The method of claim 4, further comprising:

(h) prompting the third party via the second call to select whether or not they wish to be joined to the emergency call.

6.      (Currently amended) The method of ~~claim 4~~ claim 5, wherein step (h) is executed after step (g) is executed.

7.      (Original) The method of claim 5, further comprising:

(i) bridging the second call to the established conference bridge over which the emergency call is connected to the facility in response to the third party selecting to join the emergency call.

8.      (Currently amended) In a telecommunications network, a system for processing emergency calls, said system comprising:

a node of the telecommunications network that receives a first call from a calling party, said node including;

detecting means for detecting that the received first call is an emergency call;

reserving means for reserving conference facilities in response to the detected emergency call;

connecting means for connecting the emergency call using the reserved conference facilities to a designated second party that handles emergency calls; and,

calling means for automatically originating at least one second call associated with the reserved conference facilities from the node over the telecommunications network to at least one predetermined third party that is different than the calling party and the second party, each third party being previously designated by the calling party along with suitable contact information for the corresponding third party in conjunction with a service feature provided to the calling party via the telecommunications network.

3

9.      (Original) The system of claim 8, wherein the calling means begins origination of the second call concurrently with of at least one of the reserving means reserving the conference facilities and the connecting means connecting the emergency call.

10.     (Original) The system of claim 8, further comprising:

answer detecting means for determining whether or not the third party answers the second call.

11.     (Original) The system of claim 10, further comprising:

notifying means for notifying the third party of the emergency call via the second call, if the answer detecting means determines that the third party answered the second call.

12.     (Original) The system of claim 11, further comprising:

prompting means for prompting the third party via the second call to select whether or not they wish to be joined to the emergency call.

13.     (Currently amended) The system of ~~claim 11~~ claim 12, wherein the prompting means prompts the third party after the notifying means notifies the third party.

14.     (Original) The system of claim 12, further comprising:

joining means for joining the second call to the emergency call via the conference facilities used to connect the emergency call with the second party in response to the third party selecting to join the emergency call.

15.     (Original) The system of claim 14, wherein the second party is a public safety answering point.

16.    (New) A method for processing an emergency call in a telecommunications network, comprising:

a) receiving an emergency call originated by a calling party via an end user terminal at a serving node of a telecommunications network;

b) connecting the emergency call to a network facility that is at least temporarily designated to serve emergency calls for a geographic area associated with the end user terminal; and

c) originating at least one additional call from the serving node to at least one additional user terminal for bridging the corresponding additional user terminal to the emergency call, each additional user terminal associated with a third party and previously designated by the calling party along with suitable contact information for the corresponding third party in conjunction with a service feature provided to the calling party via the telecommunications network.

17.    (New) The method set forth in claim 16, further comprising:

d) bridging one or more of the at least one additional user terminal to the emergency call after the corresponding third party answers the corresponding additional call and after the serving node receives a response from the corresponding user terminal indicating a willingness of the corresponding third party to participate in the emergency call.

18.    (New) The method set forth in claim 16, further comprising:

d) providing the network facility with a signal associated with the originating of additional calls in c) to indicate that one or more third parties may be bridged to the emergency call.

19.    (New) The method set forth in claim 16, further comprising:

d) providing an announcement to each third party via the corresponding additional user terminal after the corresponding additional call is answered to explain a situation associated with the corresponding additional call.

20.    (New) The method set forth in claim 16, further comprising:

d) at the serving node, accessing a subscriber database to determine the calling party is a subscriber to the service feature, to determine the service feature is activated for the subscriber, and to identify contact information for each third party in conjunction with the originating in c).

## REMARKS

Amendment A is hereby provided after careful consideration of the Examiner's comments set forth in the Office Action mailed September 16, 2010.  Claims 1-15 remain in the application and claims 16-20 are added after Amendment A is entered. Reconsideration of the application is respectfully requested in view of the amendments and remarks provided herein.

## The Office Action

Claims 1-15 stand rejected under 35 U.S.C. § 102(e) for allegedly being anticipated by U.S. Pat. App. Publication No. 2007/092070 to Croy et al.

## The § 102 Art Rejections

A claim is anticipated only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference.  See *Verdegaal Bros. v. Union Oil Co. of California*, 814 F.2d 628, 631, (Fed. Cir. 1987).  In order for the reference to anticipate a claim, it must teach every element of the claim. See MPEP § 2131.

## Claims 1-7 Patentably Distinguish Over Croy.

As amended, independent claim 1 is directed to a method for processing emergency calls in a telecommunications network that includes "(a) receiving a first call at a node of the telecommunications network from a calling party that originated the first call; (b) detecting that the received first call is an emergency call; (c) establishing a conference bridge in response to the detected emergency call; (d) connecting the emergency call over the conference bridge to a designated facility that handles emergency calls; and, **(e)** automatically originating at least one second call associated with the conference bridge from the node to at least one predetermined third party that is different than the calling party and the facility, each third party being **previously designated** by the calling party along with suitable contact information for the corresponding third party in conjunction with a service feature provided to the calling party via the telecommunications network."  This anticipation rejection in reliance on

Croy is clear error because the reference does not disclose or fairly suggest the "previously designated" limitation in the element (e) of claim 1.

The Office Action cited paragraphs 43, 53, 54, and 72-74 of Croy for disclosure of element (e) in the rejection of claim 1. However, the cited portions of Croy merely disclose a voice over internet protocol (IP) (VoIP) soft switch that establishes a conference bridge to connect an emergency caller with an emergency response center and adds other emergency responders based on location information for the emergency caller from a VoIP positioning center (VPC). The Croy VoIP soft switch may also use profile criteria for the conference bridge to determine which other emergency responders to add to the conference bridge. Croy states that the VoIP soft switch creates the conference bridge without requiring the calling party to know the name or contact information for other third party emergency conferees. Therefore, the Croy profile criteria for the conference bridge must be associated with location information for the emergency caller, location information for the initial emergency response center, or some other source rather than information provided by the emergency caller.

Notably, the cited portions of Croy do not disclose or fairly suggest that the calling party pre-designates third parties and corresponding contact information in conjunction with originating calls to add such third parties to a conference bridge for an emergency call as recited in claim 1. Rather, Croy teaches away from the calling party being involved in selection of the third parties joined to the conference bridge by stating it is an advantage that the calling party does not have to know the name or contact information for such third parties.

Based at least on the foregoing, the Applicant respectfully submits that claim 1 is patentably distinguished from Croy. Accordingly, the Applicant respectfully submits that independent claim 1 and claims dependent thereon (e.g., claims 2-7) are currently in condition for allowance.

**Claims 8-15 Patentably Distinguish Over Croy.**

As amended, independent claim 8 is directed to a system for processing emergency calls in a telecommunications network that includes "a **node** of the telecommunications network that receives a first call from a calling party, said node

8

including; detecting means for detecting that the received first call is an emergency call; reserving means for reserving conference facilities in response to the detected emergency call; connecting means for connecting the emergency call using the reserved conference facilities to a designated second party that handles emergency calls; and, **calling means** for automatically originating at least one second call associated with the reserved conference facilities from the node over the telecommunications network to at least one predetermined third party that is different than the calling party and the second party, each third party being **previously designated** by the calling party along with suitable contact information for the corresponding third party in conjunction with a service feature provided to the calling party via the telecommunications network." This anticipation rejection in reliance on Croy is clear error because the reference does not disclose or fairly suggest the "previously designated" limitation in the "calling means" sub-element of the "node" element of claim 8.

The Office Action uses the same reasons for rejection of independent claim 8 as the § 102(e) rejection of claim 1. Therefore, the disclosures of Croy identified above and the arguments distinguishing claim 1 also serve to patentably distinguish claim 8.

Notably, the cited portions of Croy do not disclose or fairly suggest that the calling party pre-designates third parties and corresponding contact information in conjunction with originating calls from a node via a calling means to add such third parties to a conference bridge for an emergency call as recited in claim 8. Rather, Croy teaches away from the calling party being involved in selection of the third parties joined to the conference bridge by stating it is an advantage that the calling party does not have to know the name or contact information for such third parties.

Based at least on the foregoing, the Applicant respectfully submits that claim 8 is patentably distinguished from Croy. Accordingly, the Applicant respectfully submits that independent claim 1 and claims dependent thereon (e.g., claims 9-15) are currently in condition for allowance.

## CONCLUSION

For the reasons detailed above, it is respectfully submitted all claims remaining in the application (Claims 1-20) are now in condition for allowance. The foregoing comments do not require unnecessary additional search or examination.

☒   Remaining Claims, as delineated below:

| (1) FOR | (2)   CLAIMS   REMAINING   AFTER AMENDMENT   LESS   HIGHEST   NUMBER PREVIOUSLY PAID FOR | | (3) NUMBER EXTRA |
|---|---|---|---|
| TOTAL CLAIMS | 20 | - 20 = | 0 |
| INDEPENDENT CLAIMS | 3 | - 3 = | 0 |

☒   This is an authorization under 37 CFR 1.136(a)(3) to treat any concurrent or future reply, requiring a petition for extension of time, as incorporating a petition for the appropriate extension of time.

☒   The Commissioner is hereby authorized to charge any filing or prosecution fees which may be required, under 37 CFR 1.16, 1.17, and 1.21 (but not 1.18), or to credit any overpayment, to Deposit Account Number 06-0308.

In the event the Examiner considers personal contact advantageous to the disposition of this case, he/she is hereby authorized to telephone Alan C. Brandt, at 216.363.9000.

Respectfully submitted,

Fay Sharpe LLP

January 5, 2010
Date

Alan C. Brandt, Reg. No. 50,218
The Halle Building, 5th Floor
1228 Euclid Avenue
Cleveland, Ohio 44115-1843
216.363.9000

N:\LUTZ\200519US01\ACB0000600V001.DOCX

10

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 11725011 |
| **Filing Date:** | 16-Mar-2007 |
| **Title of Invention:** | Emergency call service with automatic third party notification and/or bridging |
| **First Named Inventor/Applicant Name:** | Stuart O. Goldman |
| **Filer:** | Alan Carl Brandt |
| **Attorney Docket Number:** | LUTZ 2 00519 |

Filed as Large Entity

## Utility under 35 USC 111(a) Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| **Post-Allowance-and-Post-Issuance:** | | | | |
| **Extension-of-Time:** | | | | |
| Extension - 1 month with $0 paid | 1251 | 1 | 130 | 130 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **130** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 9172967 |
| **Application Number:** | 11725011 |
| **International Application Number:** | |
| **Confirmation Number:** | 4152 |
| **Title of Invention:** | Emergency call service with automatic third party notification and/or bridging |
| **First Named Inventor/Applicant Name:** | Stuart O. Goldman |
| **Customer Number:** | 48116 |
| **Filer:** | Alan Carl Brandt |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | LUTZ 2 00519 |
| **Receipt Date:** | 05-JAN-2011 |
| **Filing Date:** | 16-MAR-2007 |
| **Time Stamp:** | 18:27:22 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $130 |
| RAM confirmation Number | 8047 |
| Deposit Account | 060308 |
| Authorized User | BRANDT,ALAN C |

The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:

    Charge any Additional Fees required under 37 C.F.R. Section 1.16 (National application filing, search, and examination fees)

    Charge any Additional Fees required under 37 C.F.R. Section 1.17 (Patent application and reexamination processing fees)

Charge any Additional Fees required under 37 C.F.R. Section 1.21 (Miscellaneous fees and charges)

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Miscellaneous Incoming Letter | Doc.PDF | 64260<hr>c559e83db09d0f536b9c6fc91ed8f7f24d115f0 | no | 1 |
| 2 | | Doc000.PDF | 472901<hr>2df8a2881dda611a535a62fd0807ae0be98d9fde | yes | 10 |

| | Multipart  Description/PDF files in .zip description | | | |
|---|---|---|---|---|
| | **Document Description** | **Start** | **End** | |
| | Amendment/Req. Reconsideration-After Non-Final Reject | 1 | 1 | |
| | Claims | 2 | 6 | |
| | Applicant Arguments/Remarks Made in an Amendment | 7 | 10 | |

**Warnings:**

**Information:**

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 3 | Fee Worksheet (PTO-875) | fee-info.pdf | 30159<hr>775bda2cb2e44eb8b7270f952b7541f6c42edde8 | no | 2 |

**Warnings:**

**Information:**

| | | |
|---|---|---|
| **Total Files Size (in bytes):** | | 567320 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable.  It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

### New Applications Under 35 U.S.C. 111
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

### National Stage of an International Application under 35 U.S.C. 371
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

### New International Application Filed with the USPTO as a Receiving Office
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| APPLICANT(S) | : | Goldman et al. |
| TITLE | : | EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING |
| APPLICATION NO. | : | 11/725,011 |
| FILED | : | March 16, 2007 |
| CONFIRMATION NO. | : | 4152 |
| ATTORNEY DOCKET NO. | : | LUTZ 200519US01 A-L Ref. No. Goldman 56-37-36-44 |

Commissioner for Patents
U.S. Patent and Trademark Office
Alexandria, VA  22313-1450

## EFS TRANSMITTAL LETTER

Dear Sir:

In connection with the above-identified application, transmitted herewith are the following:

| | |
|---|---|
| ☐ New Patent Application, including Transmittal<br>  ☐ Utility ☐ Design ☐ Prov. ☐ Cont. ☐ CIP<br>  ☐ Div. ☐ RCE ☐ 371 Submission<br>    pages of Specification<br>5 pages of Claims (20 total claims 3 independent claims)<br>    pages of Abstract<br>    sheets of Formal / Informal Drawings (Figures      )<br>☐ Declaration and Power of Attorney<br>☐ Preliminary Amendment<br>☐ Claim for Right of Priority: App. No.:      filed:<br>    which claims Priority to App. No.:<br>  filed:<br>☐ Request & Certification Under 35 U.S.C. 122(b)(2)(B)(i) | ☐ Information Disclosure Statement, including PTO Form 1449 and Number of References (if required)<br>☐ Response to Notice to File Missing Parts<br>☒ Amendment A (due: December 16, 2010)<br>☒ Petition for 1 Month Extension of Time<br>☐ Response to Notice to File Missing Requirements<br>☐ Response to Restriction Requirement<br>☐ Petition Specify Type<br>☐ Notice of Appeal<br>☐ Appeal Brief<br>☐ Issue Fee and ☐ Publication Fee<br>☐ Other: Specify |

☒ One or more fees may be paid via credit card through the electronic filing system (EFS-Web) in association with this submission.  If any additional fee is determined to be due as a result of the filing of this submission, the Commissioner is hereby authorized to charge any such additional fees associated with this submission to Deposit Account Number 06-0308.

☒ Should any extensions of time under the provisions of 37 CFR 1.136(a)(1)-(5) be required for this submission, the Commissioner is hereby authorized to charge any such extension of time fees to Deposit Account Number 06-0308.

☒ This submission is being filed on the date indicated below by electronic transmission with the United States Patent and Trademark Office via the electronic filing system (EFS-Web).

| | |
|---|---|
| <u>January 5, 2011</u><br>Date | _Alan C Brandt_ (signature)<br><br>Alan C. Brandt, Reg. No. 50,218 |

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>11/725,011 | Filing Date<br>03/16/2007 | ☐ To be Mailed |
|---|---|---|---|

## APPLICATION AS FILED – PART I

| | | | SMALL ENTITY ☐ | OR | OTHER THAN<br>SMALL ENTITY |
|---|---|---|---|---|---|

| | (Column 1) | (Column 2) | | | | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | | | | SMALL ENTITY | OR | OTHER THAN<br>SMALL ENTITY |
|---|---|---|---|---|---|---|---|

| | | (Column 1) | (Column 2) | (Column 3) | | | | |
|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| **AMENDMENT** | **01/05/2011** | | | | | | | |
| | Total (37 CFR 1.16(i)) | * 20 | Minus | ** 20 | = 0 | X $ = | | X $52= | 0 |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | ***3 | = 0 | X $ = | | X $220= | 0 |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | **0** |

| | | (Column 1) | (Column 2) | (Column 3) | | | | |
|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| **AMENDMENT** | Total (37 CFR 1.16(i)) | * | Minus | *** | = | X $ = | | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/DANTE r. SMITH/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/725,011 | 03/16/2007 | Stuart O. Goldman | LUTZ 2 00519 | 4152 |

48116       7590       03/17/2011
FAY SHARPE/LUCENT
1228 Euclid Avenue, 5th Floor
The Halle Building
Cleveland, OH 44115-1843

| EXAMINER |
|---|
| ADDY, THJUAN KNOWLIN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2614 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 03/17/2011 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 11/725,011 | GOLDMAN ET AL. |
| | **Examiner** | **Art Unit** | |
| | THJUAN K. ADDY | 2614 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on <u>05 January 2011</u>.

2a) ☒ This action is **FINAL**.     2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) <u>1-20</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☒ Claim(s) <u>1-20</u> is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☒ The drawing(s) filed on <u>04 May 2007</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some * c) ☐ None of:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____.

      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☐ Information Disclosure Statement(s) (PTO/SB/08) Paper No(s)/Mail Date _____.

4) ☐ Interview Summary (PTO-413) Paper No(s)/Mail. Date. _____ .

5) ☐ Notice of Informal Patent Application

6) ☐ Other: _____ .

Application/Control Number: 11/725,011                                    Page 2
Art Unit: 2614

## DETAILED ACTION

### *Response to Amendment*

1.      Applicant's amendment filed on January 05, 2011 has been entered.  Claims 1,

6, 8, and 13 have been amended.  No claims have been cancelled.  Claims 16-20 have

been added.  Claims 1-20 are now pending in this application, with claims 1, 8, and 16

being independent.

### *Claim Rejections - 35 USC § 103*

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

2.      Claims 1-20 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Croy et al. (US Patent Application, Pub. No.: US 2007/0092070 A1), in view of Oh et al.

(US 7,844,034).

3.      In regards to claims 1, 8, and 16, Croy discloses in a telecommunications

network (See Fig. 1), a method and system for processing emergency calls (See pg. 2,

paragraph [0034]), said method comprising:(a) receiving a first call at a node (e.g., soft

switch 102) of the telecommunications network from a calling party (e.g., VoIP

user/communication device 104) that originated the first call;(b) detecting that the

received first call is an emergency call;(c) establishing a conference bridge (e.g.,

Application/Control Number: 11/725,011                                    Page 3
Art Unit: 2614

conference bridge 100) in response to the detected emergency call;(d) connecting the

emergency call over the conference bridge to a designated facility (e.g., initial PSAP)

that handles emergency calls; and,(e) automatically originating at least one second call

associated with the conference bridge from the node to at least one predetermined third

party (e.g., additional emergency services department, such as police 812 and fire 814)

that is different than the calling party and the facility (See pg. 3, paragraph [0043]; pg. 3-

4, paragraph [0053] – [0054]; and pg. 5, paragraph [0072] – [0074]).  Croy, however,

does not disclose each third party being previously designated by the calling party along

with suitable contact information for the corresponding third party in conjunction with a

service feature provided to the calling party via the telecommunications network.  Oh,

however, does disclose each third party (e.g., designated third party/emergency contact

person) being previously designated by the calling party along with suitable contact

information for the corresponding third party in conjunction with a service feature

provided to the calling party via the telecommunications network (See Abstract; col. 1

lines 22-29; and col. 4-5 lines 61-10).  Therefore it would have been obvious for one of

ordinary skill in the art at the time of the invention to incorporate this feature within the

method, as a way of allowing a third party/emergency contact person who cares about

the well being of the calling party, and who would want to know about an emergency

situation involving the calling party, to be added into an emergency call involving the

calling party and a PSAP.

4.      In regards to claims 2 and 9, Croy discloses the method and system, wherein

execution of step (e) is begun concurrently with execution of at least one of steps (c)

Application/Control Number: 11/725,011                                       Page 4
Art Unit: 2614

and (d) (See pg. 3, paragraph [0043]; pg. 3-4, paragraph [0053] – [0054]; and pg. 5, paragraph [0072] – [0074]).

5.       In regards to claims 3 and 10, Croy discloses the method and system, further comprising: (f) determining whether or not the third party answers (i.e., accepts) the second call (See pg. 5, paragraph [0075] – [0076]).

6.       In regards to claims 4 and 11, Croy discloses the method and system, further comprising: (g) notifying the third party of the emergency call via the second call, if it is determined that the third party answered the second call (See pg. 3-4, paragraph [0053] – [0054]).

7.       In regards to claims 5 and 12, Croy discloses the method and system, further comprising: (h) prompting the third party via the second call to select (i.e., accept or reject) whether or not they wish to be joined to the emergency call (See pg. 3, paragraph [0043] and pg. 5, paragraph [0075] – [0076]).

8.       In regards to claims 6 and 13, Croy discloses the method and system, wherein step (h) is executed after step (g) is executed (See pg. 3, paragraph [0043] and pg. 5, paragraph [0075] – [0076]).

9.       In regards to claims 7 and 14, Croy discloses the method and system, further comprising: (i) bridging the second call to the established conference bridge over which the emergency call is connected to the facility in response to the third party selecting to join the emergency call (See pg. 3-4, paragraph [0053] – [0054]).

10.      In regards to claim 15, Croy discloses the system, wherein the second party is a public safety answering point (e.g., initial PSAP) (See pg. 3, paragraph [0043]).

Application/Control Number: 11/725,011                                    Page 5
Art Unit: 2614

11.     In regards to claim 17, Croy discloses the method, further comprising: d) bridging one or more of the at least one additional user terminal to the emergency call after the corresponding third party answers the corresponding additional call and after the serving node receives a response from the corresponding user terminal indicating a willingness of the corresponding third party to participate in the emergency call (See pg. 3, paragraph [0043]; pg. 3-4, paragraph [0053] – [0054]; and pg. 5, paragraph [0072] – [0074]).

12.     In regards to claim 18, Croy discloses the method, further comprising: d) providing the network facility with a signal associated with the originating of additional calls in c) to indicate that one or more third parties may be bridged to the emergency call (See pg. 3, paragraph [0043]; pg. 3-4, paragraph [0053] – [0054]; and pg. 5, paragraph [0072] – [0074]).

13.     In regards to claim 19, Croy discloses all of claim 19 limitations, except the method, further comprising: d) providing an announcement to each third party via the corresponding additional user terminal after the corresponding additional calls is answered to explain a situation associated with the corresponding additional call.  Oh, however, does disclose providing an announcement (e.g., alert message) to each third party via the corresponding additional user terminal after the corresponding additional calls is answered to explain a situation associated with the corresponding additional call (See col. 4-5 lines 61-10).

14.     In regards to claim 20, Croy discloses all of claim 20 limitations, except the method, further comprising: d) at the serving node, accessing a subscriber database to

Application/Control Number: 11/725,011                                      Page 6
Art Unit: 2614

determine the calling party is a subscriber to the service feature, to determine the

service feature is activated for the subscriber, and to identify contact information for

each third party in conjunction with the originating in c)  Oh, however, does disclose at

the serving node, accessing a subscriber database to determine the calling party is a

subscriber to the service feature, to determine the service feature is activated for the

subscriber, and to identify contact information for each third party in conjunction with the

originating (See col. 4 lines 8-29).


### *Response to Arguments*

15.    Applicant's arguments with respect to claims 1-20 have been considered but are

moot in view of the new ground(s) of rejection.


### *Conclusion*

16.    The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure.   Salvucci et al. (US Patent Application, Pub. No.: US

2004/0105529 A1) teach real-time incident and response information messaging in a

system for the automatic notification that an emergency call has occurred from a

wireless telecommunication device.  Reich et al. (US 6,151,385) teach a system for the

automatic notification that a 9-1-1 call has occurred.

17.    Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action.  Accordingly, **THIS ACTION IS MADE FINAL**.  See MPEP

Application/Control Number: 11/725,011                                    Page 7
Art Unit: 2614

§ 706.07(a).  Applicant is reminded of the extension of time policy as set forth in 37
CFR 1.136(a).

18.     A shortened statutory period for reply to this final action is set to expire THREE
MONTHS from the mailing date of this action.  In the event a first reply is filed within
TWO MONTHS of the mailing date of this final action and the advisory action is not
mailed until after the end of the THREE-MONTH shortened statutory period, then the
shortened statutory period will expire on the date the advisory action is mailed, and any
extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of
the advisory action.  In no event, however, will the statutory period for reply expire later
than SIX MONTHS from the date of this final action.

19.     Any inquiry concerning this communication or earlier communications from the
examiner should be directed to THJUAN K. ADDY whose telephone number is
(571)272-7486.  The examiner can normally be reached on Mon-Fri 8:30-5:00pm.

20.     If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Ahmad Matar can be reached on (571) 272-7488.  The fax phone number
for the organization where this application or proceeding is assigned is 571-273-8300.

Application/Control Number: 11/725,011                                    Page 8
Art Unit: 2614

21.    Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a

USPTO Customer Service Representative or access to the automated information

system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/Thjuan K. Addy/
Primary Examiner, Art Unit 2614

| *Notice of References Cited* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11/725,011 | GOLDMAN ET AL. |
| | Examiner | Art Unit | |
| | THJUAN K. ADDY | 2614 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-2004/0105529 A1 | 06-2004 | Salvucci et al. | 379/045 |
| * | B | US-7,844,034 | 11-2010 | Oh et al. | 379/45 |
| * | C | US-6,151,385 | 11-2000 | Reich et al. | 379/49 |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| ***Index of Claims*** | 11725011 | GOLDMAN ET AL. |
| | **Examiner** | **Art Unit** |
| | THJUAN K ADDY | 2614 |

| ✓ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

| ☐ **Claims renumbered in the same order as presented by applicant** | | ☐ CPA | ☐ T.D. | ☐ R.1.47 |
|---|---|---|---|---|

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/10/2010 | 03/11/2011 | | | | | | | |
| | 1 | ✓ | ✓ | | | | | | | |
| | 2 | ✓ | ✓ | | | | | | | |
| | 3 | ✓ | ✓ | | | | | | | |
| | 4 | ✓ | ✓ | | | | | | | |
| | 5 | ✓ | ✓ | | | | | | | |
| | 6 | ✓ | ✓ | | | | | | | |
| | 7 | ✓ | ✓ | | | | | | | |
| | 8 | ✓ | ✓ | | | | | | | |
| | 9 | ✓ | ✓ | | | | | | | |
| | 10 | ✓ | ✓ | | | | | | | |
| | 11 | ✓ | ✓ | | | | | | | |
| | 12 | ✓ | ✓ | | | | | | | |
| | 13 | ✓ | ✓ | | | | | | | |
| | 14 | ✓ | ✓ | | | | | | | |
| | 15 | ✓ | ✓ | | | | | | | |
| | 16 | | ✓ | | | | | | | |
| | 17 | | ✓ | | | | | | | |
| | 18 | | ✓ | | | | | | | |
| | 19 | | ✓ | | | | | | | |
| | 20 | | ✓ | | | | | | | |

**EAST Search History**

**EAST Search History (Prior Art)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S9 | 114 | stuart near2 goldman.in. | US-PGPUB; USPAT | OR | ON | 2011/03/13 13:01 |
| S10 | 66 | stuart near o near goldman.in. | US-PGPUB; USPAT | OR | ON | 2011/03/13 13:01 |
| S11 | 1 | ("911" or emergency) near3 call same (creat$6 or establish$6) same conferenc$5 near2 bridge and (facility or PSAP) and third near2 (person or party or individual or facility) and reserv$7 | US-PGPUB; USPAT | OR | ON | 2011/03/13 13:02 |
| S12 | 5 | ("911" or emergency) near3 call same (creat$6 or establish$6) same conferenc$5 near2 bridge and (facility or PSAP) and third near2 (person or party or individual or facility) | US-PGPUB; USPAT | OR | ON | 2011/03/13 13:02 |
| S13 | 9 | ("911" or emergency) and PSAP and (predetermine or preselect$5 or pre-select$5 or designat$5) near5 third near2 (person or party or individual or facility) | US-PGPUB; USPAT | OR | ON | 2011/03/13 13:03 |

| S14 | 1 | 379/202.01 and ("911" or emergency) and PSAP and (predetermine or preselect$5 or pre-select$5 or designat $5) near5 third near2 (person or party or individual or facility) | US-PGPUB; USPAT | OR | ON | 2011/03/13 13:09 |
|---|---|---|---|---|---|---|

3/13/11 2:35:21 PM
C:\ Documents and Settings\ tknowlin\ My Documents\ EAST\ Workspaces
\ goldman11725011.wsp

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11725011 | GOLDMAN ET AL. |
| | **Examiner** | **Art Unit** |
| | THJUAN K ADDY | 2614 |

| SEARCHED | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| 379 | 202.01 | 3/11/11 | TKA |
| 379 | 45 | 3/11/11 | TKA |
| 379 | 49 | 3/11/11 | TKA |

| SEARCH NOTES | | |
|---|---|---|
| **Search Notes** | **Date** | **Examiner** |
| EAST: search terms: 911; emergency; conference; bridge; facility; PSAP; third; preselected; predetermined; designated; party; person | 3/11/11 | TKA |
| EAST: stuart near o near goldman.in. | 3/11/11 | TKA |
| EAST: ("911" or emergency) near3 call same (creat$6 or establish$6) same conferenc$5 near2 bridge and (facility or PSAP) and third near2 (person or party or individual or facility) | 3/11/11 | TKA |
| EAST: ("911" or emergency) and PSAP and (predetermine or preselect$5 or pre-select$5 or designat$5) near5 third near2 (person or party or individual or facility) | 3/11/11 | TKA |
| EAST: 379/202.01 and ("911" or emergency) and PSAP and (predetermine or preselect$5 or pre-select$5 or designat$5) near5 third near2 (person or party or individual or facility) | 3/11/11 | TKA |
| See attached EAST Search History | 3/11/11 | TKA |

| INTERFERENCE SEARCH | | | |
|---|---|---|---|
| **Class** | **Subclass** | **Date** | **Examiner** |
| | | | |

| | |
|---|---|
| | |

PATENT

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| APPLICANT(S) | : | Goldman et al. |
| TITLE | : | EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING |
| APPLICATION NO. | : | 11/725,011 |
| FILED | : | March 16, 2007 |
| CONFIRMATION NO. | : | 4152 |
| EXAMINER | : | Addy |
| ART UNIT | : | 2614 |
| LAST OFFICE ACTION | : | March 17, 2011 |
| ATTORNEY DOCKET NO. | : | LUTZ 200519US01 A-L Ref. No. Goldman 56-37-36-44 |

## RESPONSE AFTER FINAL REJECTION

## (AMENDMENT B)

MAIL STOP AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA  22313-1450

Dear Sir:

Responsive to the Office Action mailed March 17, 2011, on the above-referenced patent application, Applicant(s) respectfully request reconsideration of the application.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 7 of this paper.

**AMENDMENTS TO THE CLAIMS:**

The listing of claims will replace all prior versions, and listings of claims in the application:

**LISTING OF THE CLAIMS**

1.     (Previously presented) In a telecommunications network, a method for processing emergency calls, said method comprising:

(a) receiving a first call at a node of the telecommunications network from a calling party that originated the first call;

(b) detecting that the received first call is an emergency call;

(c) establishing a conference bridge in response to the detected emergency call;

(d) connecting the emergency call over the conference bridge to a designated facility that handles emergency calls; and,

(e) automatically originating at least one second call associated with the conference bridge from the node to at least one predetermined third party that is different than the calling party and the facility, each third party being previously designated by the calling party along with suitable contact information for the corresponding third party in conjunction with a service feature provided to the calling party via the telecommunications network.

2.     (Original) The method of claim 1, wherein execution of step (e) is begun concurrently with execution of at least one of steps (c) and (d).

3.     (Original) The method of claim 1, further comprising:

(f) determining whether or not the third party answers the second call.

4.     (Original) The method of claim 3, further comprising:

(g) notifying the third party of the emergency call via the second call, if it is determined that the third party answered the second call.

5.      (Original) The method of claim 4, further comprising:

(h) prompting the third party via the second call to select whether or not they wish to be joined to the emergency call.

6.      (Previously presented) The method of claim 5, wherein step (h) is executed after step (g) is executed.

7.      (Original) The method of claim 5, further comprising:

(i) bridging the second call to the established conference bridge over which the emergency call is connected to the facility in response to the third party selecting to join the emergency call.

8.      (Previously presented) In a telecommunications network, a system for processing emergency calls, said system comprising:

a node of the telecommunications network that receives a first call from a calling party, said node including;

detecting means for detecting that the received first call is an emergency call;

reserving means for reserving conference facilities in response to the detected emergency call;

connecting means for connecting the emergency call using the reserved conference facilities to a designated second party that handles emergency calls; and,

calling means for automatically originating at least one second call associated with the reserved conference facilities from the node over the telecommunications network to at least one predetermined third party that is different than the calling party and the second party, each third party being previously designated by the calling party along with suitable contact information for the corresponding third party in conjunction with a service feature provided to the calling party via the telecommunications network.

3

9.     (Original) The system of claim 8, wherein the calling means begins origination of the second call concurrently with of at least one of the reserving means reserving the conference facilities and the connecting means connecting the emergency call.

10.    (Original) The system of claim 8, further comprising:

answer detecting means for determining whether or not the third party answers the second call.

11.    (Original) The system of claim 10, further comprising:

notifying means for notifying the third party of the emergency call via the second call, if the answer detecting means determines that the third party answered the second call.

12.    (Original) The system of claim 11, further comprising:

prompting means for prompting the third party via the second call to select whether or not they wish to be joined to the emergency call.

13.    (Previously presented) The system of claim 12, wherein the prompting means prompts the third party after the notifying means notifies the third party.

14.    (Original) The system of claim 12, further comprising:

joining means for joining the second call to the emergency call via the conference facilities used to connect the emergency call with the second party in response to the third party selecting to join the emergency call.

15.    (Original) The system of claim 14, wherein the second party is a public safety answering point.

16. (Previously presented) A method for processing an emergency call in a telecommunications network, comprising:

a) receiving an emergency call originated by a calling party via an end user terminal at a serving node of a telecommunications network;

b) connecting the emergency call to a network facility that is at least temporarily designated to serve emergency calls for a geographic area associated with the end user terminal; and

c) originating at least one additional call from the serving node to at least one additional user terminal for bridging the corresponding additional user terminal to the emergency call, each additional user terminal associated with a third party and previously designated by the calling party along with suitable contact information for the corresponding third party in conjunction with a service feature provided to the calling party via the telecommunications network.

17. (Previously presented) The method set forth in claim 16, further comprising:

d) bridging one or more of the at least one additional user terminal to the emergency call after the corresponding third party answers the corresponding additional call and after the serving node receives a response from the corresponding user terminal indicating a willingness of the corresponding third party to participate in the emergency call.

18. (Previously presented) The method set forth in claim 16, further comprising:

d) providing the network facility with a signal associated with the originating of additional calls in c) to indicate that one or more third parties may be bridged to the emergency call.

19. (Previously presented) The method set forth in claim 16, further comprising:

d) providing an announcement to each third party via the corresponding additional user terminal after the corresponding additional call is answered to explain a situation associated with the corresponding additional call.

20.     (Previously presented) The method set forth in claim 16, further comprising:

d) at the serving node, accessing a subscriber database to determine the calling party is a subscriber to the service feature, to determine the service feature is activated for the subscriber, and to identify contact information for each third party in conjunction with the originating in c).

## REMARKS

Amendment B is hereby provided after careful consideration of the Examiner's comments set forth in the Office Action mailed March 17, 2011. Claims 1-20 remain in the application after Amendment B is entered. Reconsideration of the application is respectfully requested in view of the amendments and remarks provided herein.

## The Office Action

Claims 1-20 stand rejected under 35 U.S.C. § 103(a) for allegedly being obvious over U.S. Pat. App. Publication No. 2007/092070 to Croy et al. in view of U.S. Patent No. 7,844,034 to Oh et al.

## The § 103 Art Rejections

Obviousness rejections are based on the statutory language that "a patent may not be obtained ... if the difference between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." See 35 U.S.C. § 103(a). The key to supporting any obviousness rejection is the clear articulation of the reason(s) why the claimed invention would have been obvious. See MPEP § 2142. The analysis supporting an obviousness rejection should be made explicit. See *KSR International Co. v. Teleflex, Inc.*, 550 U.S. 398, 418 (2007). Rejections on obviousness cannot be sustained with mere conclusory statements; instead, there must be some articulated reasoning with some rational underpinning to support the legal conclusions of obviousness. See *In re Kahn*, 441 F.3d 977, 988 (Fed. Cir. 2006).

## Claims 1-7 Patentably Distinguish Over the Combination of Croy and Oh.

Independent claim 1 is directed to a method for processing emergency calls in a telecommunications network that includes "**(a)** receiving a first call at a node of the telecommunications network from a calling party that originated the first call; **(b)** detecting that the received first call is an emergency call; **(c)** establishing a conference bridge in response to the detected emergency call; **(d)** connecting the emergency call

over the conference bridge to a designated facility that handles emergency calls; and, **(e)** automatically originating at least one second call associated with the conference bridge from the node to at least one predetermined third party that is different than the calling party and the facility, <u>each third party being **previously designated** by the calling party along with suitable contact information for the corresponding third party in conjunction with a service feature provided to the calling party via the telecommunications network</u>."  This obviousness rejection is clear error because Croy and Oh are not properly combined in view of the Office Action citations to the references for disclosure of the claim elements and the teachings of the references.  The reasons for obviousness stated in the Office Action do not cure these errors because they do not explicitly state how the references could be combined in the manner in which they are cited in view of the teachings of the references.

The Office Action cites paragraph 34 and FIG. 1 of Croy for disclosure of elements (a) through (d) of claim 1.  The Office Action cited paragraphs 43, 53, 54, and 72-74 of Croy for disclosure of element (e), but admits that Croy does not disclose the "previously designated" limitation highlighted above.   The Office Action cites the Abstract; col. 1, lines 22-29; and col. 4, line 61 – col. 5, line 10 of Oh for disclosure of the "previously designated" limitation of element (e).  In other words, the Office Action relies on Croy for disclosure of everything required by claim 1, except the "previously designated" limitation.

Croy discloses a voice over internet protocol (IP) (VoIP) soft switch that establishes a conference bridge to connect an emergency caller with an emergency response center and adds other emergency responders based on location information for the emergency caller from a VoIP positioning center (VPC).  The Croy VoIP soft switch may also use profile criteria for the conference bridge to determine which other emergency responders to add to the conference bridge.  <u>Croy states that the VoIP soft switch creates the conference bridge without requiring the calling party to know the name or contact information for other third party emergency conferees</u>.  Therefore, the Croy profile criteria for the conference bridge must be associated with location information for the emergency caller, location information for the initial emergency response center, or some other source rather than information provided by the

8

emergency caller.  Based on the foregoing, Croy teaches away from the calling party being involved in selection of the third parties joined to the conference bridge by stating it is an advantage that the calling party does not have to know the name or contact information for such third parties.  In other words, Croy teaches away from a calling party previously designating a third party to which a second call associated with a conference bridge established for an emergency call from the calling party as required by the "previously designated" limitation in element (e) of claim 1.  Oh is merely relied upon for disclosing that the calling party previously designates the third party where Croy teaches that the calling party is not involved in designating the third party.  Under these circumstances, Oh is not properly combined with Croy in the Office Action in the manner in which the references are cited in the rejection of claim 1.  See, e.g., MPEP §§ 2141.02 (VI) PRIOR ART MUST BE CONSIDERED IN ITS ENTIRETY, INCLUDING DISCLOSURES THAT TEACH AWAY FROM THE CLAIMS) and 2145 (X) ARGUING IMPROPER RATIONALE FOR COMBINING REFERENCES (D) References Teach Away from the Invention or Render Prior Art Unsatisfactory for Intended Purpose (2) References Cannot Be Combined Where Reference Teaches Away from Their Combination.

Additionally, the reasons for rejection stated in the Office Action do not meet the burden of explicitly stating how the references could be combined in the manner in which they are cited in view of the teachings of the references.  The reasons for rejection merely state "it would have been obvious for one of ordinary skill in the art at the time of the invention to incorporate this feature within the method, as a way of allowing a third party/emergency contact person who cares about the well being of the calling party, and who would want to know about an emergency situation involving the calling party, to be added into an emergency call involving the calling party and a PSAP.  Notably, the reasons for rejection do not address the Croy "teach away" and do not explain how the references can be combined in the manner in which they are cited in view of the Croy "teach away."  Accordingly, the reasons for rejection do not overcome the Croy "teach away" with respect to the manner in which they are cited.

Moreover, even if Oh teaches the calling party previously designating the third party, it teaches away from allowing the third party to selectively be connected to the

9

conference bridge after answering a separate call because Oh only notifies the third party of the conference bridge via an alert message and requires the third party to make another call to connect to the conference bridge.  The only examples of alert messages in Oh are SMS messages, e-mail messages via SMTP server, instant messages (IM) via IM server, and text-to-voice messages via a voice call. None of these Oh alert messages give the third party an option of joining the conference bridge without placing a separate voice call back to the conference bridge.  For these additional reasons, Oh is not properly combined with Croy in the Office Action in the manner in which the references are cited in the rejection of claim 1.

Based at least on the foregoing, the Applicant respectfully submits that claim 1 is patently distinguished from the combination of Croy and Oh.  Accordingly, the Applicant respectfully submits that independent claim 1 and claims dependent thereon (e.g., claims 2-7) are currently in condition for allowance at least with respect to Croy, Oh, and the combination thereof.

**Claims 8-15 Patentably Distinguish Over the Combination of Croy and Oh.**

Independent claim 8 is directed to a system for processing emergency calls in a telecommunications network that includes "a **node** of the telecommunications network that receives a first call from a calling party, said node including; **detecting means** for detecting that the received first call is an emergency call; **reserving means** for reserving conference facilities in response to the detected emergency call; **connecting means** for connecting the emergency call using the reserved conference facilities to a designated second party that handles emergency calls; and, **calling means** for automatically originating at least one second call associated with the reserved conference facilities from the node over the telecommunications network to at least one predetermined third party that is different than the calling party and the second party, each third party being **previously designated** by the calling party along with suitable contact information for the corresponding third party in conjunction with a service feature provided to the calling party via the telecommunications network."  This obviousness rejection is clear error because Croy and Oh are not properly combined in view of the Office Action citations to the references for disclosure of the claim elements

and the teachings of the references.  The reasons for obviousness stated in the Office Action do not cure these errors because they do not explicitly state how the references could be combined in the manner in which they are cited in view of the teachings of the references.

The Office Action uses the same reasons for rejection of independent claim 8 as the § 103(a) rejection of claim 1.  Therefore, the disclosures of Croy and Oh identified above and the arguments that the references are not properly combined in the rejection of claim 1 also serve to patentably distinguish claim 8 over the combination of Croy and Oh.

Based at least on the foregoing, the Applicant respectfully submits that claim 8 is patentably distinguished from the combination of Croy and Oh.  Accordingly, the Applicant respectfully submits that independent claim 8 and claims dependent thereon (e.g., claims 9-15) are currently in condition for allowance at least with respect to Croy, Oh, and the combination thereof.

**Claims 16-20 Patentably Distinguish Over the Combination of Croy and Oh.**

Independent claim 16 is directed to a method for processing an emergency call in a telecommunications network that includes "**a)** receiving an emergency call originated by a calling party via an end user terminal at a serving node of a telecommunications network; **b)** connecting the emergency call to a network facility that is at least temporarily designated to serve emergency calls for a geographic area associated with the end user terminal; and **c)** originating at least one additional call from the serving node to at least one additional user terminal for bridging the corresponding additional user terminal to the emergency call, each additional user terminal associated with a third party and **previously designated** by the calling party along with suitable contact information for the corresponding third party in conjunction with a service feature provided to the calling party via the telecommunications network."  This obviousness rejection is clear error because Croy and Oh are not properly combined in view of the Office Action citations to the references for disclosure of the claim elements and the teachings of the references.  The reasons for obviousness stated in the Office Action do not cure these errors because they do not explicitly state how the references could be

combined in the manner in which they are cited in view of the teachings of the references.

The Office Action uses the same reasons for rejection of independent claim 16 as the § 103(a) rejection of claim 1. Therefore, the disclosures of Croy and Oh identified above and the arguments that the references are not properly combined in the rejection of claim 1 also serve to patentably distinguish claim 16 over the combination of Croy and Oh.

Based at least on the foregoing, the Applicant respectfully submits that claim 16 is patentably distinguished from the combination of Croy and Oh. Accordingly, the Applicant respectfully submits that independent claim 16 and claims dependent thereon (e.g., claims 17-20) are currently in condition for allowance at least with respect to Croy, Oh, and the combination thereof.

## CONCLUSION

For the reasons detailed above, it is respectfully submitted all claims remaining in the application (Claims 1-20) are now in condition for allowance. The foregoing comments do not require unnecessary additional search or examination.

☒    Remaining Claims, as delineated below:

| (1) FOR | (2) CLAIMS REMAINING AFTER AMENDMENT LESS HIGHEST NUMBER PREVIOUSLY PAID FOR | | (3) NUMBER EXTRA |
|---|---|---|---|
| TOTAL CLAIMS | 20 | - 20 = | 0 |
| INDEPENDENT CLAIMS | 3 | - 3 = | 0 |

☒    This is an authorization under 37 CFR 1.136(a)(3) to treat any concurrent or future reply, requiring a petition for extension of time, as incorporating a petition for the appropriate extension of time.

☒    The Commissioner is hereby authorized to charge any filing or prosecution fees which may be required, under 37 CFR 1.16, 1.17, and 1.21 (but not 1.18), or to credit any overpayment, to Deposit Account Number 06-0308.

In the event the Examiner considers personal contact advantageous to the disposition of this case, he/she is hereby authorized to telephone Alan C. Brandt, at 216.363.9000.

Respectfully submitted,

Fay Sharpe LLP

May 17, 2011
Date

Alan C. Brandt, Reg. No. 50,218
The Halle Building, 5th Floor
1228 Euclid Avenue
Cleveland, Ohio 44115-1843
216.363.9000

N:\LUTZ\200519US01\ACB0000722V001.DOCX

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 10107981 |
| **Application Number:** | 11725011 |
| **International Application Number:** | |
| **Confirmation Number:** | 4152 |
| **Title of Invention:** | Emergency call service with automatic third party notification and/or bridging |
| **First Named Inventor/Applicant Name:** | Stuart O. Goldman |
| **Customer Number:** | 48116 |
| **Filer:** | Alan Carl Brandt/Georgeen Sonntag |
| **Filer Authorized By:** | Alan Carl Brandt |
| **Attorney Docket Number:** | LUTZ 2 00519 |
| **Receipt Date:** | 17-MAY-2011 |
| **Filing Date:** | 16-MAR-2007 |
| **Time Stamp:** | 14:57:04 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | no |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | | 519.PDF | 779159 <br> 8ba7c5dd5bd247e758d0b91c1aca245ecf3 b3c6a | yes | 14 |

**Multipart Description/PDF files in .zip description**

| Document Description | Start | End |
|---|---|---|
| Miscellaneous Incoming Letter | 1 | 1 |
| Amendment After Final | 2 | 2 |
| Claims | 3 | 7 |
| Applicant Arguments/Remarks Made in an Amendment | 8 | 14 |

| Warnings: | |
|---|---|
| Information: | |
| **Total Files Size (in bytes):** | 779159 |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PATENT

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

APPLICANT(S) : Goldman et al.

TITLE : EMERGENCY CALL SERVICE WITH AUTOMATIC
THIRD PARTY NOTIFICATION AND/OR BRIDGING

APPLICATION NO. : 11/725,011

FILED : March 16, 2007

CONFIRMATION NO. : 4152

ATTORNEY DOCKET NO. : LUTZ 200519US01
A-L Ref. No. Goldman 56-37-36-44

Commissioner for Patents
U.S. Patent and Trademark Office
Alexandria, VA  22313-1450

### EFS TRANSMITTAL LETTER

Dear Sir:

In connection with the above-identified application, transmitted herewith are the following:

| | |
|---|---|
| ☐ New Patent Application, including Transmittal | ☐ Information Disclosure Statement, including PTO Form 1449 and Number of References (if required) |
| ☐ Utility ☐ Design ☐ Prov. ☐ Cont. ☐ CIP | |
| ☐ Div. ☐ RCE ☐ 371 Submission | ☐ Response to Notice to File Missing Parts |
|     pages of Specification | ☒ Amendment B (due: June 17, 2011) |
| 5 pages of Claims (20 total claims 3 independent claims) | ☐ Petition for 1 Month Extension of Time |
| | ☐ Response to Notice to File Missing Requirements |
|     pages of Abstract | |
|     sheets of Formal / Informal Drawings (Figures    ) | ☐ Response to Restriction Requirement |
| ☐ Declaration and Power of Attorney | ☐ Petition Specify Type |
| ☐ Preliminary Amendment | ☐ Notice of Appeal |
| ☐ Claim for Right of Priority: App. No.:    filed: | ☐ Appeal Brief |
|     which claims Priority to App. No.: | ☐ Issue Fee and ☐ Publication Fee |
|     filed: | ☐ Other:  Specify |
| ☐ Request & Certification Under 35 U.S.C. 122(b)(2)(B)(i) | |

| |
|---|
| ☒ One or more fees may be paid via credit card through the electronic filing system (EFS-Web) in association with this submission.  If any additional fee is determined to be due as a result of the filing of this submission, the Commissioner is hereby authorized to charge any such additional fees associated with this submission to Deposit Account Number 06-0308. |
| ☒ Should any extensions of time under the provisions of 37 CFR 1.136(a)(1)-(5) be required for this submission, the Commissioner is hereby authorized to charge any such extension of time fees to Deposit Account Number 06-0308. |
| ☒ This submission is being filed on the date indicated below by electronic transmission with the United States Patent and Trademark Office via the electronic filing system (EFS-Web). |

| | |
|---|---|
| May 17, 2011<br>Date | Alan C. Brandt, Reg. No. 50,218 |

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>11/725,011 | Filing Date<br>03/16/2007 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

| | | | SMALL ENTITY ☐ | OR | OTHER THAN<br>SMALL ENTITY |
|---|---|---|---|---|---|

| FOR | NUMBER FILED<br>(Column 1) | NUMBER EXTRA<br>(Column 2) | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
|---|---|---|---|---|---|---|
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | | | | OTHER THAN |
|---|---|---|---|---|---|

| | | | | SMALL ENTITY | OR | SMALL ENTITY |
|---|---|---|---|---|---|---|

**AMENDMENT**

**05/17/2011**

| | | CLAIMS REMAINING AFTER AMENDMENT<br>(Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR<br>(Column 2) | PRESENT EXTRA<br>(Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | | * 20 | Minus | ** 20 | = 0 | X $ = | | OR | X $52= | 0 |
| Independent (37 CFR 1.16(h)) | | * 3 | Minus | *** 3 | = 0 | X $ = | | OR | X $220= | 0 |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | OR | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | **0** |

**AMENDMENT**

| | | CLAIMS REMAINING AFTER AMENDMENT<br>(Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR<br>(Column 2) | PRESENT EXTRA<br>(Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | | * | Minus | ** | = | X $ = | | OR | X $ = | |
| Independent (37 CFR 1.16(h)) | | * | Minus | *** | = | X $ = | | OR | X $ = | |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | OR | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | OR | | |
| | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
/LASHAWN MARKS/

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

48116     7590     06/10/2011
FAY SHARPE/LUCENT
1228 Euclid Avenue, 5th Floor
The Halle Building
Cleveland, OH 44115-1843

| EXAMINER |
|---|
| ADDY, THJUAN KNOWLIN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2614 | |

DATE MAILED: 06/10/2011

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/725,011 | 03/16/2007 | Stuart O. Goldman | LUTZ 2 00519 | 4152 |

TITLE OF INVENTION: EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1510 | $300 | $0 | $1810 | 09/12/2011 |

**THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.**

**THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. <u>THIS STATUTORY PERIOD CANNOT BE EXTENDED.</u> SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.**

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (Rev. 02/11)

**PART B - FEE(S) TRANSMITTAL**

**Complete and send this form, together with applicable fee(s), to:** **Mail**     **Mail Stop ISSUE FEE**
**Commissioner for Patents**
**P.O. Box 1450**
**Alexandria, Virginia 22313-1450**
**or Fax**     **(571)-273-2885**

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

48116     7590     06/10/2011

FAY SHARPE/LUCENT
1228 Euclid Avenue, 5th Floor
The Halle Building
Cleveland, OH 44115-1843

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/725,011 | 03/16/2007 | Stuart O. Goldman | LUTZ 2 00519 | 4152 |

TITLE OF INVENTION: EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1510 | $300 | $0 | $1810 | 09/12/2011 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| ADDY, THJUAN KNOWLIN | 2614 | 379-202010 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE     (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :     ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.     ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 02/11) Approved for use through 08/31/2013.     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/725,011 | 03/16/2007 | Stuart O. Goldman | LUTZ 2 00519 | 4152 |

48116     7590     06/10/2011

FAY SHARPE/LUCENT
1228 Euclid Avenue, 5th Floor
The Halle Building
Cleveland, OH 44115-1843

| EXAMINER |
|---|
| ADDY, THJUAN KNOWLIN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2614 | |

DATE MAILED: 06/10/2011

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 833 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 833 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 02/11)

# Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| *Notice of Allowability* | Application No. | Applicant(s) | |
|---|---|---|---|
| | 11/725,011 | GOLDMAN ET AL. | |
| | Examiner | Art Unit | |
| | THJUAN K. ADDY | 2614 | |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *Applicant Arguments/Remarks of 05/17/2011*.

2. ☒ The allowed claim(s) is/are *1-20 (as originally numbered)*.

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some*   c) ☐ None  of the:

        1. ☐ Certified copies of the priority documents have been received.

        2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

        3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

        1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____

4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application

6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

7. ☐ Examiner's Amendment/Comment

8. ☐ Examiner's Statement of Reasons for Allowance

9. ☐ Other _____ .

/THJUAN K ADDY/
Primary Examiner, Art Unit 2614
Phone: (571) 272-7486

# EAST Search History

## EAST Search History (Prior Art)

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| S15 | 119 | stuart near2 goldman. in. | US-PGPUB; USPAT | OR | ON | 2011/06/04 16:35 |
| S16 | 9 | ("911" or emergency) and PSAP and (predetermine or preselect$5 or pre-select$5 or designat $5) near5 third near2 (person or party or individual or facility) | US-PGPUB; USPAT | OR | ON | 2011/06/04 16:36 |
| S17 | 1 | 379/202.01 and ("911" or emergency) near3 call same (creat $6 or establish$6) same conferenc$5 near2 bridge and (facility or PSAP) and third near2 (person or party or individual or facility) | US-PGPUB; USPAT | OR | ON | 2011/06/04 16:37 |
| S18 | 1 | ("911" or emergency) near3 call same (creat $6 or establish$6) same conferenc$5 near2 bridge and (facility or PSAP) and third near2 (person or party or individual or facility) and reserv$7 | US-PGPUB; USPAT | OR | ON | 2011/06/04 16:38 |

| S19 | 5 | emergency near2 (call or communication) and (calling or caller) near6 emergency near2 (call or communication) and (establish$5 or creat $5) near5 conference near2 bridge and (connect$5 or send$5 or sent or forward$5) near4 (call or communication) near6 ((facility near2 emergency) or PSAP) | US-PGPUB; USPAT | OR | ON | 2011/06/04 16:41 |
| S20 | 0 | emergency near2 (call or communication) and (calling or caller) near6 emergency near2 (call or communication) and (establish$5 or creat $5) near5 conference near2 bridge and (connect$5 or send$5 or sent or forward$5) near4 (call or communication) near6 ((facility near2 emergency) or PSAP) and (call or communication) with (predetermined or predefined) near6 third near party same (service or feature) | US-PGPUB; USPAT | OR | ON | 2011/06/04 16:42 |
| S21 | 1 | 379/202.01 and emergency near2 (call or communication) and (calling or caller) near6 emergency near2 (call or communication) and (establish$5 or creat $5) near5 conference near2 bridge and (connect$5 or send$5 or sent or forward$5) near4 (call or communication) near6 ((facility near2 | US-PGPUB; USPAT | OR | ON | 2011/06/04 16:46 |

| | | emergency) or PSAP) | | | | |
|---|---|---|---|---|---|---|

6/ 4/ 11 5:04:52 PM
C:\ Documents and Settings\ tknowlin\ My Documents\ EAST\ Workspaces
\ goldman11725011.wsp

**EAST Search History**

**EAST Search History (Interference)**

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|-------|------|--------------|-----|------------------|---------|------------|
| S22 | 0 | emergency near2 (call or communication) and (calling or caller) near6 emergency near2 (call or communication) and (establish$5 or creat $5) near5 conference near2 bridge and (connect$5 or send$5 or sent or forward$5) near4 (call or communication) near6 ((facility near2 emergency) or PSAP) and (call or communication) with (predetermined or predefined) near6 third near party same (service or feature). clm. | US-PGPUB; USPAT; UPAD | OR | ON | 2011/06/04 16:45 |
| S23 | 1 | emergency near2 (call or communication) and (calling or caller) near6 emergency near2 (call or communication) and (establish$5 or creat $5) near5 conference near2 bridge and (connect$5 or send$5 or sent or forward$5) near4 (call or communication) near6 ((facility near2 emergency) or PSAP). clm. | US-PGPUB; USPAT; UPAD | OR | ON | 2011/06/04 16:45 |

| S24 | 0 | 379/202.01 and ("911" or emergency) near3 call same (creat $6 or establish$6) same conferenc$5 near2 bridge and (facility or PSAP) and third near2 (person or party or individual or facility).clm. | US-PGPUB; USPAT; UPAD | OR | ON | 2011/06/04 16:46 |
| S25 | 0 | 379/202.01 and emergency near2 (call or communication) and (calling or caller) near6 emergency near2 (call or communication) and (establish$5 or creat $5) near5 conference near2 bridge and (connect$5 or send$5 or sent or forward$5) near4 (call or communication) near6 ((facility near2 emergency) or PSAP). clm. | US-PGPUB; USPAT; UPAD | OR | ON | 2011/06/04 16:46 |
| S26 | 0 | ("911" or emergency) and PSAP and (predetermine or preselect$5 or pre-select$5 or designat $5) near5 third near2 (person or party or individual or facility). clm. | US-PGPUB; USPAT; UPAD | OR | ON | 2011/06/04 16:47 |

**6/ 4/ 11 5:05:20 PM**
**C:\ Documents and Settings\ tknowlin\ My Documents\ EAST\ Workspaces**
**\ goldman11725011.wsp**

| *Issue Classification* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11725011 | GOLDMAN ET AL. |
| | **Examiner** | **Art Unit** |
| | THJUAN K ADDY | 2614 |

| ORIGINAL | | INTERNATIONAL CLASSIFICATION | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **CLASS** | **SUBCLASS** | **CLAIMED** | | | | **NON-CLAIMED** | | |
| 379 | 202.01 | H | 0 | 4 | M | 3 / 42 (2006.01.01) | | |
| | | H | 0 | 4 | M | 11 / 04 (2006.01.01) | | |

**CROSS REFERENCE(S)**

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 379 | 37 | 45 | 49 | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| ☒ Claims renumbered in the same order as presented by applicant | | | | ☐ CPA | | ☐ T.D. | | ☐ R.1.47 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
| 1 | 1 | 17 | 17 | | | | | | | | | | | | |
| 2 | 2 | 18 | 18 | | | | | | | | | | | | |
| 3 | 3 | 19 | 19 | | | | | | | | | | | | |
| 4 | 4 | 20 | 20 | | | | | | | | | | | | |
| 5 | 5 | | | | | | | | | | | | | | |
| 6 | 6 | | | | | | | | | | | | | | |
| 7 | 7 | | | | | | | | | | | | | | |
| 8 | 8 | | | | | | | | | | | | | | |
| 9 | 9 | | | | | | | | | | | | | | |
| 10 | 10 | | | | | | | | | | | | | | |
| 11 | 11 | | | | | | | | | | | | | | |
| 12 | 12 | | | | | | | | | | | | | | |
| 13 | 13 | | | | | | | | | | | | | | |
| 14 | 14 | | | | | | | | | | | | | | |
| 15 | 15 | | | | | | | | | | | | | | |
| 16 | 16 | | | | | | | | | | | | | | |

| NONE | | **Total Claims Allowed:** | | |
|---|---|---|---|---|
| | | 20 | | |
| (Assistant Examiner) | (Date) | | | |
| /THJUAN K ADDY/ Primary Examiner.Art Unit 2614 | 06/04/2011 | O.G. Print Claim(s) | O.G. Print Figure | |
| (Primary Examiner) | (Date) | 1 | 1 | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 11725011 | GOLDMAN ET AL. |
| | Examiner | Art Unit |
| | THJUAN K ADDY | 2614 |

## SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 379 | 202.01 | 6/4/11 | TKA |
| 379 | 45 | 6/4/11 | TKA |
| 379 | 49 | 6/4/11 | TKA |
| 379 | 37 | 6/4/11 | TKA |
| 379 | 203.01 | 6/4/11 | TKA |
| 379 | 204.01 | 6/4/11 | TKA |
| 379 | 207.01 | 6/4/11 | TKA |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| EAST: search terms: 911; emergency; conference; bridge; facility; PSAP; third; preselected; predetermined; designated; party; person | 6/4/11 | TKA |
| EAST: stuart near o near goldman.in. | 6/4/11 | TKA |
| US-PGPUB: emergency near2 (call or communication) and (calling or caller) near6 emergency near2 (call or communication) and (establish$5 or creat$5) near5 conference near2 bridge and (connect$5 or send$5 or sent or forward$5) near4 (call or communication) near6 ((facility near2 emergency) or PSAP) and (call or communication) with (predetermined or predefined) near6 third near party same (service or feature).clm. | 6/4/11 | TKA |
| US-PGPUB: 379/202.01 and emergency near2 (call or communication) and (calling or caller) near6 emergency near2 (call or communication) and (establish$5 or creat$5) near5 conference near2 bridge and (connect$5 or send$5 or sent or forward$5) near4 (call or communication) near6 ((facility near2 emergency) or PSAP).clm. | 6/4/11 | TKA |
| US-PGPUB: emergency near2 (call or communication) and (calling or caller) near6 emergency near2 (call or communication) and (establish$5 or creat$5) near5 conference near2 bridge and (connect$5 or send$5 or sent or forward$5) near4 (call or communication) near6 ((facility near2 emergency) or PSAP).clm. | 6/4/11 | TKA |
| US-PGPUB: 379/202.01 and ("911" or emergency) near3 call same (creat$6 or establish$6) same conferenc$5 near2 bridge and (facility or PSAP) and third near2 (person or party or individual or facility).clm. | 6/4/11 | TKA |
| See attached EAST Search History: US-PGPUB | 6/4/11 | TKA |
| See attached EAST Search History | 6/4/11 | TKA |

## INTERFERENCE SEARCH

| Class | Subclass | Date | Examiner |
|-------|----------|------|----------|
| 379 | 202.01 | 6/4/11 | TKA |
| 379 | 37 | 6/4/11 | TKA |
| 379 | 45 | 6/4/11 | TKA |
| 379 | 49 | 6/4/11 | TKA |

| *Index of Claims* | Application/Control No.<br><br>11725011 | Applicant(s)/Patent Under Reexamination<br><br>GOLDMAN ET AL. |
|---|---|---|
| | **Examiner**<br><br>THJUAN K ADDY | **Art Unit**<br><br>2614 |

| ✓ | Rejected | - | Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

☒ **Claims renumbered in the same order as presented by applicant**       ☐ CPA       ☐ T.D.       ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 09/10/2010 | 03/11/2011 | 06/04/2011 | | | | | |
| 1 | 1 | ✓ | ✓ | = | | | | | |
| 2 | 2 | ✓ | ✓ | = | | | | | |
| 3 | 3 | ✓ | ✓ | = | | | | | |
| 4 | 4 | ✓ | ✓ | = | | | | | |
| 5 | 5 | ✓ | ✓ | = | | | | | |
| 6 | 6 | ✓ | ✓ | = | | | | | |
| 7 | 7 | ✓ | ✓ | = | | | | | |
| 8 | 8 | ✓ | ✓ | = | | | | | |
| 9 | 9 | ✓ | ✓ | = | | | | | |
| 10 | 10 | ✓ | ✓ | = | | | | | |
| 11 | 11 | ✓ | ✓ | = | | | | | |
| 12 | 12 | ✓ | ✓ | = | | | | | |
| 13 | 13 | ✓ | ✓ | = | | | | | |
| 14 | 14 | ✓ | ✓ | = | | | | | |
| 15 | 15 | ✓ | ✓ | = | | | | | |
| 16 | 16 | | ✓ | = | | | | | |
| 17 | 17 | | ✓ | = | | | | | |
| 18 | 18 | | ✓ | = | | | | | |
| 19 | 19 | | ✓ | = | | | | | |
| 20 | 20 | | ✓ | = | | | | | |

PATENT

**IN THE UNITED STATES PATENT AND TRADEMARK OFFICE**

| | | |
|---|---|---|
| APPLICANT(S) | : | Goldman et al. |
| TITLE | : | EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING |
| APPLICATION NO. | : | 11/725,011 |
| FILED | : | March 16, 2007 |
| CONFIRMATION NO. | : | 4152 |
| EXAMINER | : | Addy |
| ART UNIT | : | 2614 |
| LAST OFFICE ACTION | : | March 17, 2011 |
| ATTORNEY DOCKET NO. | : | LUTZ 200519US01 A-L Ref. No. Goldman 56-37-36-44 |

<u>**RESPONSE AFTER FINAL REJECTION**</u>

<u>**(AMENDMENT B)**</u>

06/04/2011
Please
Enter
   TKA

MAIL STOP AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

Responsive to the Office Action mailed March 17, 2011, on the above-referenced patent application, Applicant(s) respectfully request reconsideration of the application.

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 7 of this paper.

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: **Mail**    Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or **Fax**    (571) 273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

48116    7590    06/10/2011
FAY SHARPE/LUCENT
1228 Euclid Avenue, 5th Floor
The Halle Building
Cleveland, OH 44115-1843

09/13/2011 TLUU11  00000107 122325  11725011
01 FC:1501     1510.00 DA
02 FC:1504      300.00 DA

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

Certificate of Mailing ~~or Transmission~~
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_Michele M. Rutter_ (Depositor's name)
_Michele M. Rutter_ (Signature)
9-8-11 (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/725,011 | 03/16/2007 | Stuart O. Goldman | LUTZ 2 00519 | 4152 |

TITLE OF INVENTION: EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1510 | $300 | $0 | $1810 | 09/12/2011 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| ADDY, THJUAN KNOWLIN | 2614 | 379-202010 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1    Fay Sharpe LLP
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

**ALCATEL LUCENT    Paris, France**

Please check the appropriate assignee category or categories (will not be printed on the patent):   ☐ Individual   ☒ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:
☒ Issue Fee
☒ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number  12-2325  (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.
☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature  _Michele M. Rutter_    Date  9-8-11
Typed or printed name  _Michele M. Rutter_    Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 02/11) Approved for use through 08/31/2013.    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: **Mail**   **Mail Stop ISSUE FEE**
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

or **Fax**   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

48116    7590    06/10/2011

FAY SHARPE/LUCENT
1228 Euclid Avenue, 5th Floor
The Halle Building
Cleveland, OH 44115-1843

*(stamp: O P A P / SEP 1 2 2011 / PATENT & TRADEMARK OFFICE / MR 28)*

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing ~~[redacted]~~**

I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

Michele M. Rutter (Depositor's name)
Michele M Rutter (Signature)
9-8-11 (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/725,011 | 03/16/2007 | Stuart O. Goldman | LUTZ 2 00519 | 4152 |

TITLE OF INVENTION: EMERGENCY CALL SERVICE WITH AUTOMATIC THIRD PARTY NOTIFICATION AND/OR BRIDGING

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1510 | $300 | $0 | $1810 | 09/12/2011 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| ADDY, THJUAN KNOWLIN | 2614 | 379-202010 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1   Fay Sharpe LLP
2  _____
3  _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE      (B) RESIDENCE: (CITY and STATE OR COUNTRY)

**ALCATEL LUCENT    Paris, France**

Please check the appropriate assignee category or categories (will not be printed on the patent):   ☐ Individual   ☒ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:
☒ Issue Fee
☒ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number 12-2325 (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.
☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature   Michele M Rutter    Date   9-8-11

Typed or printed name   Michele M. Rutter    Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 02/11) Approved for use through 08/31/2013.      OMB 0651-0033      U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

 UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 11/725,011 | 10/18/2011 | 8041017 | LUTZ 2 00519 | 4152 |

48116          7590          09/28/2011
FAY SHARPE/LUCENT
1228 Euclid Avenue, 5th Floor
The Halle Building
Cleveland, OH 44115-1843

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 1228 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Application Assistance Unit (AAU) of the Office of Data Management (ODM) at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Stuart O. Goldman, Scottsdale, AZ;
Richard E. Krock, Naperville, IL;
Karl F. Rauscher, Emmaus, PA;
James P. Runyon, Wheaton, IL;

IR103 (Rev. 10/09)