# EXHIBIT 13
# July 7, 2021 Letter from S. Yothers to J. Waldrop Re C.A. No. 620-CV-923

# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3893
syothers@jonesday.com

July 7, 2021

VIA E-MAIL

Jonathan K. Waldrop, Esq.  **CONFIDENTIAL**
Kasowitz Benson Torres LLP  **SUBJECT TO FRE 408**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, CA 94065

Re: *WSOU Investments, LLC d/b/a Brazos Licensing and Development v. NEC Corp.*, C.A. No. 6:20-cv-00923-ADA (W.D. Tex.)

Dear Jonathan:

I write regarding WSOU's assertion of U.S. Patent No. 7,577,103 ("the '103 patent") in the above-captioned matter.

WSOU's May 10, 2021 infringement contentions identify the Accused Instrumentalities as follows: "NEC Small Cell Solutions products and services supporting SON Technology, including NEC Small Cell LTE Gateway, E-RAN SN-9000, and E-RAN RN-310; all past, current and future NEC products and services that operate in the same or substantially similar manner as the specifically identified products and services; and all past, current and future NEC products and services that have the same or substantially similar features as the specifically identified products and services." NEC is not marketing nor selling in the U.S. the types of products that WSOU accuses of infringement.

The majority of the documents cited in WSOU's infringement contentions (retrieved from the Internet) come from Japan and Europe. While WSOU cites a single document indicating that NEC completed some small cell testing in the U.S. in 2013, there have not been ongoing sales. In fact, in the six years preceding the filing of WSOU's complaint, only a single U.S. sale of small cell gateway-related technology (which was for trial purposes) was made. That transaction (in 2016) involved the sale of one E-RAN SN-9000 unit for $7,200 and eight E-RAN RN-310 units for $11,200, *i.e.*, a total of $18,400. There are no other U.S. sales related to this technology and there are unlikely to be further sales in any time remaining on the term of the '103 patent.

We expect you will agree that spending substantial resources to resolve a dispute over this single sale would be inefficient – and not the best use of court resources. If WSOU is open

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Jonathan K. Waldrop, Esq.
July 7, 2021
Page 2

to eliminating this dispute from the five currently pending, we are available to discuss potential resolution.

                      Sincerely,

                      */s/ Stuart W. Yothers*

                      Stuart W. Yothers